# EXHIBIT J

UNITED STATES DISTRICT COURT

DISTRICT OF CONNNECTICUT

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALEXION PHARMACEUTICALS, INC., LEONARD BELL, DAVID L. HALLAL, and VIKAS SINHA,<br><br>Defendants. | Civ. A. No. 3:16-cv-02127-AWT<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF ERSTE-SPARINVEST KAPITALANLAGEGESELLSCHAFT MBH AND THE PUBLIC EMPLOYEE RETIREMENT SYSTEM OF IDAHO'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................................... 2

III.  ARGUMENT ............................................................................................................. 4

    A.  Erste-Sparinvest and PERSI Should be Appointed Lead Plaintiff ......................... 4

        1.  Erste-Sparinvest and PERSI Satisfied the PSLRA's Procedural Requirements ................................................................................ 5

        2.  Erste-Sparinvest and PERSI Have the Largest Financial Interest in the Relief Sought by the Class .......................................................... 5

        3.  Erste-Sparinvest and PERSI Satisfy Rule 23's Requirements .................... 6

    B.  The Court Should Approve Erste-Sparinvest and PERSI's Choice of Counsel ..... 9

IV.  CONCLUSION ......................................................................................................... 10

i

## TABLE OF AUTHORITIES

**CASES**

*In re Bank of America Corp. Securities, Derivative & ERISA Litigation*
258 F.R.D. 260 (S.D.N.Y. 2009) ................................................................................. 8

*In re Cavanaugh*
306 F.3d 726 (9th Cir. 2002) ................................................................................. 4, 9

*In re Cendant Corp. Litigation*
264 F.3d 201 (3d Cir. 2001) ...................................................................................... 8

*In re Drexel Burnham Lambert Group, Inc.*
960 F.2d 285 (2d Cir. 1992) ...................................................................................... 6

*In re Host America Corp. Securities Litigation*
236 F.R.D. 102 (D. Conn. 2006) ............................................................................... 4

*In re Spectranetics Corp. Securities Litigation*
08-cv-2048 (D. Colo. June 15, 2009) ........................................................................ 8

*Kelleher v. ADVO, Inc.*
No. 3:06CV01422(AVC), 2007 U.S. Dist. LEXIS 30309 (D. Conn. Apr. 24, 2007) ............ 6, 7

*Sofran v. LaBranche & Co., Inc.*
220 F.R.D. 398 (S.D.N.Y. 2004) ............................................................................... 9

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ............................................................................................ 4

15 U.S.C. § 78u-4(a)(3) ..................................................................................... passim

**RULES**

Fed. R. Civ. P. 23(a)(4) ............................................................................................ 7

ii

## I.   PRELIMINARY STATEMENT

Pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of a Class of investors who purchased or otherwise acquired Alexion Pharmaceuticals, Inc. ("Alexion" or the "Company") securities between February 10, 2014, and December 9, 2016, inclusive (the "Class Period").[1]  The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78u-4 et seq.) and Rule 10b-5 of the Securities and Exchange Commission ("SEC") promulgated thereunder (17 C.F.R. § 240.10b-5), against Alexion and certain individuals (together, "Defendants").

Proposed Lead Plaintiff Erste-Sparinvest Kapitalanlagegesellschaft mbH ("Erste-Sparinvest") and the Public Employee Retirement System of Idaho ("PERSI") hereby move this Court for the entry of an Order:  (1) appointing Erste-Sparinvest and PERSI as Lead Plaintiff in the Action pursuant to the PSLRA; (2) approving their selection of Motley Rice LLC ("Motley Rice") and Labaton Sucharow LLP ("Labaton Sucharow") to serve as Lead Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that Erste-Sparinvest and PERSI are the most adequate plaintiff under the PSLRA.  Erste-Sparinvest and PERSI have the largest financial interest in the relief sought by the Class, having suffered combined losses exceeding *$7,160,339* in connection with their transactions in Alexion stock during the Class Period.  *See* Narwold Decl., Exs. A, B.[2]  Erste-Sparinvest and PERSI also satisfy the requirements of Federal Rule of

---

[1]     One related action, *Juarez v. Alexion Pharmaceuticals, Inc.*, No. 1:16-cv-08946, was filed on November 17, 2016, in the Southern District of New York, but was voluntarily dismissed on December 30, 2016.

[2]     References to the "Narwold Decl., Ex. ___" are to the exhibits attached to the Declaration of William H. Narwold in support of Erste-Sparinvest Kapitalanlagegesellschaft mbH and the Public Employee Retirement System of Idaho's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, dated January 17, 2017, and submitted with this Motion.

1

Civil Procedure 23 ("Rule 23") at this stage of the litigation because their claims are typical of the claims of the proposed Class, and they will fairly and adequately represent the interests of the Class.  Erste-Sparinvest and PERSI understand the Lead Plaintiff's obligations under the PSLRA and have already demonstrated their commitment to working cohesively to efficiently prosecute the Action by conferring before this Motion was filed to establish a clear and well-coordinated litigation plan.  This plan, reflected in the accompanying Joint Declaration, establishes protocols for joint decision-making and close oversight of proposed Lead Counsel.  *See* Narwold Decl., Ex. C.

Finally, the Court should approve Erste-Sparinvest and PERSI's selection of Motley Rice and Labaton Sucharow as Lead Counsel for the proposed Class.  In this case, the claims of the proposed Class will be best protected by the experience and resources of Motley Rice and Labaton Sucharow, which have the expertise and resources necessary to handle litigation of this scale.

Accordingly, Erste-Sparinvest and PERSI's motion should be granted in its entirety.

## II.   FACTUAL BACKGROUND

Alexion is a biopharmaceutical company headquartered in New Haven, Connecticut. Founded in 1992, the Company develops and commercializes therapeutic products for rare diseases.  Throughout the Class Period, the Company's primary product was Soliris, a monoclonal antibody for the treatment of paroxysmal nocturnal hemoglobinuria ("PNH"), a genetic blood disorder, and atypical hemolytic uremic syndrome ("aHUS"), a genetic disease.

Throughout the Class Period, Alexion reported impressive earnings and growth because of strength in its Soliris franchise.  Defendants represented that the Company had an effective marketing strategy for the drug and that Alexion could monitor the inventory levels for Soliris. These statements were materially false and misleading.  In truth, Defendants inflated the

2

Company's reported earnings by selling Soliris in violation of Company policies and procedures, and otherwise engaging in illicit sales tactics for the drug.  Further, the Company's marketing strategy was not sufficient to sell the drug given that Alexion was forced to resort to illicit sales tactics to meet earnings targets.  In addition, the Company's inventory levels for Soliris were distorted by improper sales of the drug.

On November 4, 2016, Alexion canceled an appearance at the Credit Suisse Healthcare Conference, scheduled for November 6-8, 2016, telling Leerink Partners LLC only that "something came up."  Following the cancellation, analysts noted that Alexion also had failed to file its Quarterly Report on Form 10-Q with the SEC within two days of the Company's earnings announcement on October 27, 2016, a break from the Company's historical practice.  This news caused the price of Alexion stock to decline $8.95 per share, or 7%, to close at $120.05 per share on November 7, 2016, the first trading day following the revelation.

On November 9, 2016, after the market closed, Alexion announced that the Company would not file its financial and operating results for the quarter ended September 30, 2016, on time because the Audit and Finance Committee of Alexion's Board of Directors was investigating allegations raised by a former Alexion employee regarding improper sales practices related to Soliris and "related disclosure and other considerations raised by such practices."  On this news, the price of Alexion stock fell $13.54 per share, or more than 10%, to close at $113.62 per share on November 11, 2016.

Then, on December 12, 2016, before the market opened, Alexion announced that the Chief Executive Officer, David Hallal, and Chief Financial Officer, Vikas Sinha, had unexpectedly resigned.  This news caused the price of the Company's stock to decline $16.99 per share, or nearly 13%, to close at $115.08 per share on December 12, 2016.

3

Defendants' violations of the federal securities laws and the revelations thereof have caused Erste-Sparinvest and PERSI and the Class to incur significant losses.

## III.   ARGUMENT

Erste-Sparinvest and PERSI respectfully submit that they are presumptively the "most adequate plaintiff" because they have complied with the PSLRA's procedural requirements, possess the largest financial interest of any movant, and satisfy Rule 23's typicality and adequacy requirements.

### A.   Erste-Sparinvest and PERSI Should be Appointed Lead Plaintiff

The procedure for appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure" is set forth in the PSLRA.  15 U.S.C. § 78u-4(a)(1).  The PSLRA directs courts to consider any timely motion made by class members and "appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members (. . . the 'most adequate plaintiff')."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under [the Exchange Act] is the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Host America Corp. Sec. Litig.*, 236 F.R.D. 102, 104 (D. Conn. 2006) (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)).  Erste-Sparinvest and PERSI timely filed a motion for appointment as lead plaintiff, have the largest

4

financial interest of any movant known to them, and otherwise satisfy the requirements of Rule 23.  Therefore, they are the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff in this Action.

### 1.	Erste-Sparinvest and PERSI Satisfied the PSLRA's Procedural Requirements

Section 21D(a)(3)(A)(i) of the PSLRA provides that, within 20 days of filing the action, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

> (I)	of the pendency of the action, the claims asserted therein, and the purported class period; and

> (II)	that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

On November 17, 2016, notice of the pendency of this Action, the claims asserted therein, and the class period were published on *GlobeNewswire*, a national, business-oriented newswire service.  *See* Narwold Decl., Ex. D.  The notice also informed Class members of their right to move the Court for appointment as lead plaintiff no later than January 17, 2017.  By filing this Motion and certifications, Erste-Sparinvest and PERSI have timely moved this Court to be appointed Lead Plaintiff on behalf of the Class.  *See* Narwold Decl., Ex. A.  Therefore, Erste-Sparinvest and PERSI have satisfied the procedural requirements of the PSLRA and are entitled to be considered for lead plaintiff.

### 2.	Erste-Sparinvest and PERSI Have the Largest Financial Interest in the Relief Sought by the Class

Erste-Sparinvest and PERSI purchased and/or otherwise acquired Alexion securities during the Class Period in reliance on Defendants' materially false and/or misleading statements.

5

*See* Narwold Decl., Exs. A, B, Certifications and Loss Charts.   As a result, they incurred significant losses of ***$7,160,339.22***.   Thus, Erste-Sparinvest and PERSI have a substantial financial interest in the relief sought by the Class, and are currently unaware of any movant with a larger financial interest.

### 3.       Erste-Sparinvest and PERSI Satisfy Rule 23's Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA requires that the lead plaintiff "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedures."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.   *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (McLaughlin, C.J.); *Kelleher v. ADVO, Inc.*, No. 3:06CV01422(AVC), 2007 U.S. Dist. LEXIS 30309, at *6 (D. Conn. Apr. 24, 2007) (Covello, J.).  However, for purposes of appointing a lead plaintiff, courts have limited their inquiry to the typicality and adequacy requirements, because these are the only requirements implicated by the identity of the lead plaintiff.  *Id*.  Erste-Sparinvest and PERSI satisfy the requirements of Rule 23 at this stage because their claims are typical of the claims of the Class and they will fairly and adequately protect the interests of the Class.

The typicality requirement of Rule 23 is satisfied when the movant's claims arise from the same series of events, and are based on the same legal theories, as are the claims of the class. *See Kelleher*, 2007 U.S. Dist. LEXIS 30309, at *6-7 ("When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be

6

represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims.") (citation omitted).  Erste-Sparinvest and PERSI satisfy this requirement because, like all Class members, they or their funds purchased and/or otherwise acquired Alexion securities during the Class Period at prices inflated by Defendants' allegedly false and/or misleading statements, and, as a result, suffered damages.  Because Erste-Sparinvest's and PERSI's claims arise out of the same series of events as do the claims of the rest of the Class, Erste-Sparinvest and PERSI satisfy the typicality requirement of Rule 23 at this stage.

The adequacy requirement of Rule 23 is satisfied when the movant's claims do not conflict with the claims of other members of the Class, and proposed Class counsel is qualified, experienced, and generally able to conduct the litigation.  *See Kelleher*, 2007 U.S. Dist. LEXIS 30309, at *8; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Here, Erste-Sparinvest and PERSI will fairly and adequately represent the interests of the proposed Class.  *See* Fed. R. Civ. P. 23(a)(4). Erste-Sparinvest and PERSI share with other members of the Class an interest in recovering for the losses caused by Defendants' alleged fraud, and there is no antagonism between their interests and the interests of the Class.  Both Erste-Sparinvest and PERSI are large, financially sophisticated institutional investors with billions of dollars of assets under management and fiduciary duties to ensure that their funds are well-managed.  As such, Erste-Sparinvest and PERSI are precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would

7

significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).

Moreover, Erste-Sparinvest and PERSI have demonstrated their commitment to protect the interests of the Class and efficiently prosecute the Action.  On January 17, 2017, representatives of Erste-Sparinvest and PERSI held a conference call to discuss their plans to proceed jointly, and subsequently executed the Joint Declaration memorializing their agreement. *See* Narwold Decl., Ex. C; *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) ("[D]emonstrated cooperation among plaintiffs, particularly plaintiffs that are sophisticated institutional investors, satisfies concerns about designating groups as lead plaintiffs that are in fact dominated by counsel."); *In re Spectranetics Corp. Sec. Litig.*, 08-cv-2048, 2009 WL 1663953, at \*6 (D. Colo. June 15, 2009) (appointing group of investors as lead plaintiff because "the certifications and declarations submitted by the members of the [group] demonstrate that [its members] can and will work together to oversee the litigation, and to monitor the work of counsel").  The Joint Declaration details:

- the due diligence and motivations underlying the decision of Erste-Sparinvest and PERSI to jointly seek appointment as Lead Plaintiff, including the significance of their financial losses and the desire to provide the Class with representation by like-minded, highly-motivated, and sophisticated institutional investors;

- steps taken by Erste-Sparinvest and PERSI to formalize their commitment to work together, including their participation in a conference call during which they discussed the merits of the litigation, their interest in serving jointly as Lead Plaintiff, and measures to ensure effective coordination of their prosecution of the litigation;

- Erste-Sparinvest's and PERSI's acknowledgment and acceptance of their duties and obligations to all Class members if appointed as Lead Plaintiff and their commitment to seek the largest possible recovery for the Class; and

- the reasons underlying Erste-Sparinvest's and PERSI's selection of Motley Rice and Labaton Sucharow to serve as Lead Counsel and their commitment to oversee

counsel and ensure that Motley Rice and Labaton Sucharow will aggressively and efficiently prosecute this litigation under their direction.

*See* Narwold Decl., Ex. C.

Erste-Sparinvest and PERSI's adequacy also is demonstrated by the fact that they have selected Lead Counsel that, as discussed in Section III.B below, is highly experienced in vigorously and efficiently prosecuting securities class actions such as this one. *See* Narwold Decl., Exs. E, F (Firm Resumes of Motley Rice and Labaton Sucharow, respectively).

The PSLRA is clear that once the court determines that the movant with the largest financial interest is adequate and typical, it should appoint that movant as lead plaintiff. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (quoting *In re Cavanaugh*, 306 F.3d at 732). Because Erste-Sparinvest and PERSI complied with the procedural requirements of the PSLRA, have the largest financial interest in the relief sought by the Class, and otherwise satisfy the requirements of Rule 23, the Court should appoint them Lead Plaintiff.

**B.     The Court Should Approve Erste-Sparinvest and PERSI's Choice of Counsel**

Pursuant to the PSLRA, the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the proposed class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Erste-Sparinvest and PERSI have selected Motley Rice and Labaton Sucharow to serve as Lead Counsel—firms with substantial experience in the prosecution of shareholder and securities class actions, including in this Circuit.

As the court noted in *KBC Asset Management NV v. McNamara*, No. 1:13-cv-01854-LPS-CJB, ECF No. 40 (D. Del. Feb. 2, 2015), Motley Rice is "comprised of attorneys who possess extensive experience as lead or co-lead counsel in complex litigation, and who have successfully represented shareholders in class and derivative actions." Motley Rice's experience

9

in the prosecution of securities class actions is derived from, among other things, its appointment as Co-Lead Counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, ECF No. 23 (D. Kan. June 5, 2009).  On August 12, 2015, the court in that action approved a settlement of $131 million for benefit of the class.  More recently, Motley Rice was appointed sole Lead Counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP, ECF No. 26 (S.D.N.Y. Aug. 9, 2013).  On December 2, 2016, the court in that action approved a settlement of $140 million for benefit of the class.  *See* Narwold Decl., Ex. E.

Labaton Sucharow is also highly qualified to lead this litigation, as the firm has excelled as lead counsel in numerous landmark securities class actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors.  Labaton Sucharow also secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the firm served as co-lead counsel.  Recently, following six years of litigation, as co-lead counsel, Labaton Sucharow achieved a $170 million recovery in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.).  Labaton Sucharow presently serves as lead or co-lead counsel in securities class actions against Goldman Sachs Group, Inc. and Facebook, Inc., among other significant investor class actions.  *See* Narwold Decl., Ex. F.

Accordingly, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Erste-Sparinvest and PERSI respectfully request that the Court:  (1) appoint Erste-Sparinvest and PERSI as Lead Plaintiff in the Action; (2) approve their selection of Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

10

DATED:  January 17, 2017

Respectfully submitted,

**MOTLEY RICE LLC**


s/ William H. Narwold
WILLIAM H. NARWOLD (CT 00133)
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT  06103
Ph:  860/882-1681
Fax: 860/882-1682
bnarwold@motleyrice.com

-and-

Gregg S. Levin
James M. Hughes
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Ph:  843/216-9000
Fax:  843/216-9450
glevin@motleyrice.com
jhughes@motleyrice.com


**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, NY 10005
Ph: (212) 907-0700
Fax: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Erste-Sparinvest*
*Kapitalanlagegesellschaft mbH and the*
*Public Employee Retirement System of*
*Idaho and [Proposed] Lead Counsel for the*
*Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

s/ William H. Narwold
William H. Narwold (CT 00133)
Motley Rice LLC
20 Church Street, 17th Floor
Hartford, CT  06103
Ph:  860/882-1681
Fax:  860/882-1682
bnarwold@motleyrice.com

12