UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 3:24-cv-00334 |
| | ) | Judge Aleta A. Trauger |
| This Document Relates To: | ) ) ) | <u>CLASS ACTION</u> |
| | ) ) ) | |

**ERSTE ASSET MANAGEMENT GMBH'S RESPONSE
TO OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM'S
NOTICE OF INTENT TO OPPOSE LEAD PLAINTIFF MOTION**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...............................................................................................................1

II.  ARGUMENT.....................................................................................................................2

    A.   Erste AM Claims the Largest Loss, Made the Requisite Showing of Typicality and Adequacy, and Is Thus the Presumptive Lead Plaintiff ..................2

    B.   Oklahoma Police Is Ineligible for Appointment as Lead Plaintiff Because It Failed to Comply With at Least Two PSLRA Provisions Necessary for Appointment ......................................................................................................3

        1.   Oklahoma Police's Candidacy Violates 15 U.S.C. §78u-4(a)(3)(B)(iii) ........................................................................................4

        2.   Oklahoma Police's Second Certification Violates 15 U.S.C. §78u-4(a)(2)(A)(v) ........................................................................................5

        3.   Ignoring These Disqualifying Missteps, Courts Regularly Decline to Appoint Co-Lead Plaintiffs for Niche Claims .........................................8

    C.   Even if Oklahoma Police Had Timely Complied with the PSLRA, Oklahoma Police Cannot Rebut the Presumption in Erste AM's Favor................11

III. CONCLUSION................................................................................................................12

4870-9649-0436.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Aronson v. McKesson HBOC, Inc.*,
   79 F. Supp. 2d 1146 (N.D. Cal. 1999) ......................................................................9

*Bender v. Vertex Energy, Inc.*,
   2024 WL 588445 (S.D. Tex. Feb. 12, 2024) ............................................................4

*Bodri v. Gopro, Inc.*,
   2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ..........................................................9

*Boston Ret. Sys. v. Alexion Pharms., Inc.*,
   2023 WL 2932485 (D. Conn. Apr. 13, 2023)..........................................................12

*Burns v. UP Fintech Holding Ltd.*,
   2024 WL 387261 (C.D. Cal. Jan. 30, 2024) .............................................................6

*Camp v. Qualcomm Inc.*,
   2019 WL 277360 (S.D. Cal. Jan. 22, 2019)..............................................................7

*Eshe Fund v. Fifth Third Bancorp*,
   2008 WL 11322108 (N.D. Ohio Dec. 16, 2008) ......................................................3

*Franchi v. SmileDirectClub, Inc.*,
   2020 WL 6479561 (M.D. Tenn. Jan. 27, 2020).......................................................11

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ........................................................................10

*Gutman v. Sillerman*,
   2015 WL 13791788 (S.D.N.Y. Dec. 8, 2015) ..........................................................4

*Hevesi v. Citigroup Inc.*,
   366 F.3d 70 (2d Cir. 2004)........................................................................................8

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
   2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010)...........................................................10

*In re Boeing Co. Aircraft Sec. Litig.*,
   2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ...........................................................9

*In re Cardinal Health, Inc. Sec. Litig.*,
   226 F.R.D. 298 (S.D. Ohio 2005)............................................................................10

4870-9649-0436.v1

*In re Cendant Corp. Litig.*,
182 F.R.D. 144 (D.N.J. 1998)..............................................................................................8

*In re Century Bus. Servs. Sec. Litig.*,
202 F.R.D. 532 (N.D. Ohio 2001) ....................................................................................1, 3

*In re Concord EFS, Inc., Sec. Litig.*,
2002 WL 35683562 (W.D. Tenn. Dec. 2, 2002) ...................................................................3

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002).........................................................................................9

*In re OSI Pharms., Inc. Sec. Litig.*,
2005 WL 6171305 (E.D.N.Y. Sept. 21, 2005) ...................................................................11

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ...................................................................2

*Li Hong Cheng v. Canada Goose Holdings Inc.*,
2019 WL 6617981 (S.D.N.Y. Dec. 5, 2019) .........................................................................6

*May v. Barclays PLC*,
2023 WL 5950689 (S.D.N.Y. Sept. 13, 2023).....................................................................4, 5

*Micholle v. Ophthotech Corp.*,
2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) .......................................................................7

*Montesano v. Eros Int'l PLC*,
2020 WL 1873015 (D.N.J. Apr. 14, 2020) ............................................................................4

*Nager v. Websecure, Inc.*,
1997 WL 773717 (D. Mass. Nov. 26, 1997) .........................................................................7

*Nayani v. LifeStance Health Grp., Inc.*,
641 F. Supp. 3d 57 (S.D.N.Y. 2022).....................................................................................7

*Parot v. Clarivate Plc*,
2022 WL 1568735 (E.D.N.Y. May 18, 2022) .....................................................................11

*Plaut v. Goldman Sachs Grp., Inc.*,
2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019).......................................................................7

*Raby v. Evolv Techs. Holdings, Inc.*,
No. 1:24-cv-10761 (D. Mass.) ..............................................................................................6

4870-9649-0436.v1

*Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Stitch Fix, Inc.*,
   2023 WL 3613313 (N.D. Cal. May 22, 2023) ...............................................................9

*Richman v. Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ................................................................................9

*Rodriguez v. DraftKings Inc.*,
   2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ..............................................................7

*Tomaszewski v. Trevena, Inc.*,
   383 F. Supp. 3d 409 (E.D. Pa. 2019) ..........................................................................7

*United Ass'n of Plumbers & Pipefitters, Journeymen, Loc. #38*
   *Defined Benefit Pension Plan v. Syneos Health, Inc.*,
   2023 WL 6622547 (S.D.N.Y. Oct. 11, 2023) .............................................................10

*Washtenaw Cnty. Emps.'Ret. Sys. v. Dollar Gen. Corp.*,
   2024 WL 1468982 (M.D. Tenn. Apr. 4, 2024)..............................................................1

*Williams v. Block.One*,
   2020 WL 4505569 (S.D.N.Y. Aug. 4, 2020) ................................................................7

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
   §78u-4(a)(2)(A)(v) ...................................................................................................4, 5
   §78u-4(a)(3)(A)(ii)......................................................................................................4
   §78u-4(a)(3)(B)(iii)...................................................................................................1, 4
   §78u-4(a)(3)(B)(iii)(I) ..............................................................................................2, 11
   §78u-4(a)(3)(B)(iii)(I)(aa).........................................................................................4, 5
   §78u-4(a)(3)(B)(iii)(II) ...............................................................................................2

Federal Rules of Civil Procedure
   Rule 23 ............................................................................................................... *passim*

## I. INTRODUCTION

As this Court recently recognized, the "PSLRA creates a rebuttable presumption that the 'most adequate plaintiff' is the plaintiff who '(aa) has either filed the complaint or made a motion in response to a notice . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23.'" *Washtenaw Cnty. Emps.' Ret. Sys. v. Dollar Gen. Corp.*, 2024 WL 1468982, at *1 (M.D. Tenn. Apr. 4, 2024) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)).[1] Under this rubric, only two candidates are eligible for appointment in this case: (1) the "initiating plaintiff" (*id.*) Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund; and (2) Erste Asset Management GmbH ("Erste AM"), the only putative class member that has filed a motion. Yet, Westchester "has not provided documentation of a specific loss, which the court [should] construe[] as a concession that it is not entitled to appointment as lead plaintiff." *Id.*[2] Thus, pursuant to the statute's plain language, only Erste AM is eligible for appointment as lead plaintiff.

It is thus highly peculiar that Oklahoma Police Pension and Retirement System – which filed neither ***the*** complaint nor a timely motion – suggests it is "the 'most adequate plaintiff'" in its notice of intent to oppose Erste AM's motion. ECF 25 at 4 of 6. That contention appears to be predicated on Oklahoma Police's accurate, albeit irrelevant, statement that it "filed the first complaint that asserts Securities Act claims." *Id.* Indeed, "[j]ust because [Oklahoma Police] filed the 'very first [1933 Act] complaint against [Shoals],' does not yield the conclusion that it should be lead plaintiff for all or part of this matter." *In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 536 (N.D. Ohio

---

[1] All emphasis is added and all citations are omitted unless otherwise indicated. Because the PSLRA's lead plaintiff provisions applicable to the Securities Act of 1933 and Securities Exchange of 1934 are virtually identical, only the 1934 Act provisions are cited herein.

[2] Westchester's Certification indicates it suffered a $38,294 loss, which is approximately 0.11% of the $33.2 million loss Erste AM's funds suffered. *Compare* ECF 1-1 *with* ECF 23-5.

- 1 -

2001).  Moreover, even if it was eligible for consideration as lead plaintiff (and it is not), Oklahoma Police suffered losses of just $527,459, as compared to Erste AM's far greater loss of more than $33 million.  *Compare* ECF 26-6 *with* ECF 23-5.  Accordingly, because Erste AM "has the largest financial interest in the relief sought by the class" and made a preliminary showing that it satisfies Rule 23, Erste AM is thus the presumptive lead plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Oklahoma Police will have no "proof" to the contrary to rebut that presumption, which is dispositive of the inquiry.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)

As such, Oklahoma Police's request to be considered for appointment as lead plaintiff in plain contravention of the PSLRA should be denied.

## II.    ARGUMENT

### A.    Erste AM Claims the Largest Loss, Made the Requisite Showing of Typicality and Adequacy, and Is Thus the Presumptive Lead Plaintiff

"The sequential process required by the PSLRA to appoint a lead plaintiff mandates that the Court first identify the applicant with the largest financial interest in the litigation." *In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at *3 (W.D. Tenn. Dec. 15, 2010) (citing 15 U.S.C. §78u–4(a)(3)(B)(iii)(I)).  "Once the Court has identified the party with the largest financial interest, the Court analyzes ***that party*** alone to see if it complies with the requirements of Rule 23.  If it does, it becomes the presumptive lead plaintiff a status subject to rebuttal by the other movants." *Id*. (cleaned up) (emphasis in original).

Here, Erste AM claims over $33 million in losses as compared to Oklahoma Police's $527,459 loss.  *See* ECF 23-5, ECF 26-6.  Moreover, Erste AM made the *prima facie* showing of typicality and adequacy.  *See* ECF 22 at 8-11.  Erste AM is thus the presumptive lead plaintiff for the entire putative class in this consolidated action, which includes investors with claims pursuant to the 1934 Act and/or the 1933 Act.

Even if Oklahoma Police was entitled to consideration as lead plaintiff on the basis that it filed the first complaint (which it did not), that criterion is trumped by Erste AM's larger loss, as the PSLRA's express purpose is to encourage shareholders with large losses to be appointed lead plaintiffs, irrespective of whether they filed the "first" complaint, or any complaint for that matter. *See In re Concord EFS, Inc., Sec. Litig.*, 2002 WL 35683562, at *2 (W.D. Tenn. Dec. 2, 2002) ("Because only one contender can have the 'largest financial interest,' it is usually the pivotal factor in determining who will serve as Lead Plaintiff."). To the extent Oklahoma Police is seeking to carve out a subclass of only 1933 Act claimants, Oklahoma Police is, "[m]etaphorically speaking, . . . simply trying to shrink the kingdom until [it is] king." *Century Bus.*, 202 F.R.D. at 536. There simply is no basis in the PSLRA that would allow the Court to segment the class in such a way to favor its own (defective) candidacy. *See Eshe Fund v. Fifth Third Bancorp*, 2008 WL 11322108, at *6-*7 (N.D. Ohio Dec. 16, 2008) ("The law is clear that a lead plaintiff does not have to have standing on every claim in order to satisfy the typicality or adequacy requirement of Rule 23. . . . [T]he fact that Shelton and the Pension Trust Funds lack standing under the Securities Act does not rebut the presumption that they are adequate representatives of the class or that they will be subject to unique defenses."). Regardless, Kissimmee Utility Authority Employees' Retirement Plan, which also has standing to allege (and did allege) the very same 1933 Act claims, joins in Erste AM's motion. *See* ECF 21.

Because Erste AM claims the largest loss and made a preliminary showing of adequacy and typicality under Rule 23, it is entitled to be appointed as lead plaintiff for all claims.

**B.      Oklahoma Police Is Ineligible for Appointment as Lead Plaintiff Because It Failed to Comply With at Least Two PSLRA Provisions Necessary for Appointment**

To be entitled to the "most adequate" plaintiff presumption, a putative class member must have "either filed *the* complaint or made a motion in response to a notice under subparagraph

(A)(i)." 15 U.S.C. §78u–4(a)(3)(B)(iii)(I)(aa). In addition, the putative class member's accompanying (and mandatory) Certification "***shall***," among other things, "identif[y] any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class." 15 U.S.C. §78u-4(a)(2)(A)(v). Oklahoma Police's non-compliance with these fundamental requirements precludes the Court from considering it as a candidate for appointment as lead plaintiff.

### 1. Oklahoma Police's Candidacy Violates 15 U.S.C. §78u-4(a)(3)(B)(iii)

There are only two ways an entity can be appointed lead plaintiff pursuant to the PSLRA: "either file[] the complaint or ma[k]e a motion." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa). Oklahoma Police has done neither.

Importantly, courts sensibly recognize that "when multiple complaints have been filed asserting the same class claims, '***the*** complaint' is best interpreted as the complaint that initiated 'the first filed action.'" *Bender v. Vertex Energy, Inc.*, 2024 WL 588445, at *5 (S.D. Tex. Feb. 12, 2024) (citing 15 U.S.C. §78u-4(a)(3)(A)(ii); *Gutman v. Sillerman*, 2015 WL 13791788, at *3 (S.D.N.Y. Dec. 8, 2015) ("[W]here there are multiple complaints (as there often are in securities fraud cases), clause (ii) makes it clear that the first-filed complaint is 'the complaint' – the one whose filing triggers the beginning of all PSLRA time periods."); *Montesano v. Eros Int'l PLC*, 2020 WL 1873015, at *6 (D.N.J. Apr. 14, 2020) ("Although Opus argues that 'the complaint' should be interpreted to mean ***any*** of the complaints that are eventually consolidated, the Court disagrees.") (emphasis in original)); *cf. May v. Barclays PLC*, 2023 WL 5950689, at *6 (S.D.N.Y. Sept. 13, 2023) ("[T]he May Complaint is 'the complaint' as it was the first complaint filed in federal court. Therefore, to move for lead plaintiff, Baker simply had to file a timely motion."). Here, "the"

- 4 -

complaint is the first-filed complaint, *Westchester Putnam Cntys. Heavy & Highway Laborers Local 60 Benefits Fund v. Shoals Techs. Grp., Inc.*, No. 3:24-cv-00334 (M.D. Tenn. filed Mar. 21, 2024). *See* ECF 25 at 2 of 6 & n.3 (Oklahoma Police correctly identifying *Westchester* as the "initial filing of a complaint" in this consolidated action). Obviously, Oklahoma Police did not file the *Westchester* complaint. Consequently, to be eligible for consideration for appointment as lead plaintiff, Oklahoma Police "simply had to file a timely motion." *May*, 2023 WL 5950689, at *6. It did not.

Accordingly, because Oklahoma Police did not file either the complaint or a motion, the PSLRA precludes Oklahoma Police's candidacy for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).

### 2. Oklahoma Police's Second Certification Violates 15 U.S.C. §78u-4(a)(2)(A)(v)

The PSLRA requires a Certification to "identif[y] any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class." 15 U.S.C. §78u-4(a)(2)(A)(v). In this regard, the second Certification and Authorization Oklahoma Police filed in connection with its notice of intent to oppose Erste AM's motion (ECF 25) stated as follows:

4870-9649-0436.v1

5.  Oklahoma Police has sought to serve and was appointed as lead plaintiff and/or representative party on behalf of a class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification:

*In re Inotiv, Inc. Sec. Litig.*, No. 4:22-cv-00045 (N.D. Ind.); and

*Plumbers & Pipefitters Local Union #295 Pension Fund v. CareDx, Inc.*, No. 3:22-cv-03023 (N.D. Cal.).

6.  Oklahoma Police has sought to serve as a lead plaintiff or representative party on behalf of a class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification, but either withdrew its motion for lead plaintiff appointment, was not appointed lead plaintiff, or the lead plaintiff decision is still pending:

*Marquez v. Bright Health Grp., Inc.*, No. 1:22-cv-00101 (E.D.N.Y.).

*Id.* Importantly, the signatory to the Certification and Authorization, Ginger Sigler (Oklahoma Police's Executive Director), "declare[d] under penalty of perjury that the foregoing is true and correct" as of May 28, 2024. *See* ECF 26-5. It was not.

Just four days earlier, on May 24, 2024, Ms. Sigler executed and filed a Certification in connection with Oklahoma Police's lead plaintiff motion in *Raby v. Evolv Techs. Holdings, Inc.*, No. 1:24-cv-10761 (D. Mass.). That case is not identified in paragraph 6 of the Certification filed in this case. *Compare id. with* Ex. 1 attached hereto. Courts have found identical inaccurate statements – even when corrected – to be disqualifying. *See Li Hong Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at *6 & n.7 (S.D.N.Y. Dec. 5, 2019) ("The certification submitted by Hulaj with his original motion papers erroneously omitt[ed] to disclose that Hulaj previously sought appointment in [a prior] action. Although Hulaj submits that this was due to a clerical error in which a different document was ultimately filed on his behalf, this error nonetheless speaks to a level of carelessness, and causes me to doubt whether [Hulaj] possesses the necessary adequacy and sophistication to be lead plaintiff.") (cleaned up); *Burns v. UP Fintech Holding Ltd.*, 2024 WL

- 6 -

387261, at *5 (C.D. Cal. Jan. 30, 2024) (finding "errors in Darren's original Certification signed under penalty of perjury further demonstrate Darren will not adequately represent the class" even where the errors were due to a "typographical error" and subsequently "amended" and declining to appoint movant as lead plaintiff); *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) ("Had Kaintz been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place. Minor or not . . . the errors 'nonetheless speak[ ] to a level of carelessness' that rightly calls into doubt Kaintz's adequacy to be lead plaintiff.").[3] So too should this Court.

---

[3]     *See also Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 63-64 (S.D.N.Y. 2022) (noting that movant's "name was misspelled . . . throughout her initial moving papers, including her own certification and declaration" and finding that "her failure to correct the misspelling prior to filing indicates a certain lack of care or diligence on her part" and ultimately concluding that the "Court has significant doubts that Ms. Jordan will manage and monitor counsel in the way that Congress envisioned when it enacted the PSLRA"); *Williams v. Block.One*, 2020 WL 4505569, at *2 (S.D.N.Y. Aug. 4, 2020) ("Regardless of whether these oversights are fatal to the Williams Group's application standing alone, they indicate a lack of diligence on behalf of these plaintiffs and their counsel" and "raise significant doubts about its competency to lead this lawsuit."); *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) ("The certification errors in Meitav's submissions 'militate against appointment and render it inadequate to serve as lead plaintiff under Rule 23's adequacy requirement.' . . . Although Meitav submits that this clerical error was a 'minor defect,' this error 'nonetheless speaks to a level of carelessness," and causes me "to doubt whether Meitav possesses the necessary adequacy and sophistication to be lead plaintiff.'") (cleaned up); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (finding that "errors in Erenoglu's sworn statements amount to a substantial degree of carelessness and raise doubt as to whether he will fairly and adequately represent the best interests of the class" particularly in light of the fact that "[s]worn declarations are integral to the PSLRA process" and the "errors were made at the outset of the case"); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3-*4 (S.D. Cal. Jan. 22, 2019) ("Due to these errors in Singh's pleadings, and the questions surrounding whether he is a typical plaintiff, the Court finds these questions underscore the reliability of Singh's representations," including that "although Singh declared under penalty of perjury that he 'reviewed the complaint ***and authorized its filing***,' there was no complaint filed in his name.") (emphasis in original); *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (finding that "errors in [movant's] submissions, however, militate against appointment and render him inadequate to serve as lead plaintiff under Rule 23's adequacy requirement"); *Nager v. Websecure, Inc.*, 1997 WL 773717, at *1 n.1 (D. Mass. Nov. 26, 1997) ("The statement in the Renzer affidavit may thus be suspected of being inaccurate. The inaccuracy may be explainable, but it casts sufficient

### 3. Ignoring These Disqualifying Missteps, Courts Regularly Decline to Appoint Co-Lead Plaintiffs for Niche Claims

Even if Oklahoma Police was eligible for appointment (let alone an adequate candidate), there still would be no basis to appoint Oklahoma Police as lead plaintiff in this case, and certainly not simply because it asserted 1933 Act claims in a subsequent complaint. *See* ECF 25 at 4 of 6. Not only would such a contention conflict with Oklahoma Police's consent to consolidation of the three related actions (*see* ECF 25 at 2 of 6 n.1), but as one court of appeals has observed, "[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004). "Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim," which is why "the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class." *Id.* at 82-83 & n.13 (recognizing that "any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff – namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole"). As one court noted in rejecting a similar attempt to splinter a case:

> More likely than not, the putative class in any large shareholder action will be composed of plaintiffs whose portfolios differ in composition from one another. This, however, does not justify the appointment of potentially innumerable co-lead plaintiffs to ensure that each individualized interest is represented. Competing movants may be correct that the resolution of this case could ultimately favor holders of one type of security over the others. On the other hand, representation by a disparate group of plaintiffs, each seeking only the protection of its own interests, could well hamper the force and focus of the litigation. A balance must be struck.

*In re Cendant Corp. Litig.*, 182 F.R.D. 144, 148 (D.N.J. 1998) ("notwithstanding every plaintiff's

---

doubt on Mr. Renzer's adequacy as a representative plaintiff that he should be excluded from the group appointed to serve as lead plaintiffs.").

4870-9649-0436.v1

undeniable interest in an outcome most favorable to his or her position, every warrior in this battle cannot be a general"); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) ("[t]aken to its logical extreme," such an "argument that each group of [securities] . . . requires a different class or subclass and separate Lead Plaintiff would fracture this litigation into hundreds of classes or subclasses and obstruct any efficient and controlled progress"). In short, "[b]eing a lead plaintiff is not the same thing as being a class representative." *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *6 (N.D. Cal. Apr. 28, 2016) (recognizing that "additional named plaintiffs may be added later to represent subclasses of plaintiffs with distinct interests or claims. Indeed, the lead plaintiff in a securities class action has a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiffs who may be determined, at the class certification stage, to have distinct interests or claims") (cleaned up); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151 (N.D. Cal. 1999) ("[T]he existence of different pleading standards does not create the need for a separate lead plaintiff.").[4]

Moreover, any such contention by Oklahoma Police "skips over the facts that the dollar amount and [its] 'financial interest' [is] minimal to the point of being *de minimis*" and "would result in a very tiny tail wagging a very large dog." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 477 (S.D.N.Y. 2011) (rejecting movant's request for co-lead plaintiff designation based on purchase of different security where movant's loss was less than 1% of the loss suffered by the

---

[4]    *See also Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Stitch Fix, Inc.*, 2023 WL 3613313, at *5 (N.D. Cal. May 22, 2023) ("The Court agrees with the Local 338 Funds that appointing co-lead plaintiffs in this case is unnecessary and potentially might be at odds with the PSLRA. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711 n.4 (9th Cir. 2009) (explaining that '[w]hile the PSLRA allows a group to serve as lead plaintiff, it also consistently refers to the lead plaintiff and most adequate plaintiff in the singular, suggesting that the district court should appoint only one lead plaintiff, whether an individual or a group')."); *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *10 (N.D. Ill. Nov. 15, 2019) (same).

4870-9649-0436.v1

presumptive lead plaintiff).[5]  Oklahoma Police's $527,458 loss – which is less than 2% of Erste AM's $33,243,880 loss – is similarly *de minimus* and further detracts from its highly irregular request.  This is particularly so here where Oklahoma Police is not the only putative class member that filed a complaint alleging claims pursuant to the 1933 Act.  *See* ECF 25 at 3 of 6 n.4 (recognizing that Kissimmee also filed a complaint alleging the same claims: *Kissimmee Util. Auth. Emps. Ret. Plan v. Shoals Techs. Grp., Inc.*, No. 3:24-cv-00598 (M.D. Tenn.)).  In addition, Kissimmee expressly supports and joins in Erste AM's appointment and can, subject to Erste Am's approval, serve as a named plaintiff with standing to bring claims under the 1933 Act.  *See* ECF 21.

Ultimately, "a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class."  *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) (rejecting motion by purchasers of different securities with different claims to splinter consolidated litigation and be appointed as a separate lead plaintiff).  If, as the Court-appointed lead plaintiff, Erste AM determines it is in the putative class's interest to include both 1933 Act and 1934 Act claims in the consolidated complaint, Erste AM will do so.  Moreover, the choice of any such additional plaintiff belongs to Erste AM, and it should not be forced to litigate a case with another putative class member that already has shown antagonism to its motion.  *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 305 n.8 (S.D. Ohio 2005) (rejecting movant's contention that "it, alone, has standing to bring a Section 11 claim" because "the Court is quite

---

[5]  *See also United Ass'n of Plumbers & Pipefitters, Journeymen, Loc. #38 Defined Benefit Pension Plan v. Syneos Health, Inc.*, 2023 WL 6622547, at *2 (S.D.N.Y. Oct. 11, 2023) ("Given the PSLRA's focus on who has the 'largest financial interest,' it would be odd to force the Institutional Investors to enter a power-sharing agreement with a plaintiff whose interest is less than one-twentieth of its own."); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997) ("[W]here the interest of one institutional investor in the litigation far exceeds the interests of other purported plaintiffs, nothing persuades the Court to appoint co-Lead Plaintiffs.").

confident that any other Lead Plaintiff would have been able to locate a Plaintiff with Section 11 standing").

In the end, "the PSLRA requires courts to appoint the movant with the largest financial stake in the outcome, rather than the party with standing to sue on all claims." *Parot v. Clarivate Plc*, 2022 WL 1568735, at *6 (E.D.N.Y. May 18, 2022) (finding that investor with largest loss has "demonstrated typicality despite its lack of standing to bring Securities Act claims"); *In re OSI Pharms., Inc. Sec. Litig.*, 2005 WL 6171305, at *5 (E.D.N.Y. Sept. 21, 2005) ("Brody's lack of standing to assert Securities Act claims does not render him incapable of satisfying the typicality requirement."). Here, that movant is Erste AM.

**C.     Even if Oklahoma Police Had Timely Complied with the PSLRA, Oklahoma Police Cannot Rebut the Presumption in Erste AM's Favor**

"There is a rebuttable presumption that the plaintiff with the 'largest financial interest in the relief sought by the class' is the most adequate plaintiff, as long as that plaintiff can also make a prima facie showing that it meets the typicality and adequacy requirements of Rule 23." *Franchi v. SmileDirectClub, Inc.*, 2020 WL 6479561, at *3 (M.D. Tenn. Jan. 27, 2020) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)). "The presumption can be rebutted by proof from any class member that 'the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is subject to "unique defenses" that would make its adequate representative of the class impossible.'" *Id.* Here, Oklahoma Police cannot rebut the strong presumption in Erste AM's favor.

Indeed, Erste AM is an Austrian asset management company with billions of Euros of assets under management. As described in the Declaration of Dr. Leopold Specht, Erste AM serves as the investment management company for the funds listed in Erste AM's accompanying Certification. *See* ECF 23-6 at ¶¶28-41. None of the funds are independent legal entities and they do not have the legal capacity to sue or be sued in their own name. *See id.* at ¶5 ("The fund is not a legal entity.").

- 11 -

As the funds' investment management company, Erste AM (and only Erste AM) is authorized to act on behalf of the funds, including bringing claims for losses incurred by the funds in this Action. *See id.* at ¶¶21-45.

Erste AM's satisfaction of the Rule 23 requirements in this case is further bolstered by another court's recent conclusion at the more rigorous class certification phase, after extensive discovery, that Erste AM satisfied the typicality and adequacy requirements and was not subject to *any* unique defenses. *See Boston Ret. Sys. v. Alexion Pharms., Inc.*, 2023 WL 2932485, at \*6-\*9 (D. Conn. Apr. 13, 2023) (holding that Erste AM has standing to represent its funds and appointing Erste AM as class representative in securities class action). In fact, just last year *Alexion* was settled under Erste AM's oversight and direction, resulting in a $125 million recovery for investors. As such, Erste AM has a proven ability to withstand defendants' challenges and capably serve as lead plaintiff for a class of injured investors. No proof to the contrary exists.

## III. CONCLUSION

The only putative class member expressing an intent to oppose Erste AM's motion is Oklahoma Police. Yet, Erste AM, a battle-tested and court-approved candidate, has satisfied all of the statutory criteria for appointment as lead plaintiff. By contrast, Oklahoma Police satisfies none of the criteria and cannot be considered for appointment. Consequently, Erste AM's motion should be granted.

DATED: June 4, 2024

Respectfully submitted,

BARRETT JOHNSTON MARTIN
  & GARRISON, PLLC
JERRY E. MARTIN, #20193


s/ Jerry E. Martin
JERRY E. MARTIN

- 12 -

200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

MOTLEY RICE LLC
GREGG S. LEVIN
CHRISTOPHER F. MORIARTY
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
cmoriarty@motleyrice.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 13 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 4, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Jerry E. Martin
JERRY E. MARTIN
BARRETT JOHNSTON MARTIN
    & GARRISON, PLLC
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

# Mailing Information for a Case 3:24-cv-00334 Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Shoals Technologies Group, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rachel A. Avan**
  ravan@labaton.com

- **Margaret V. Dodson**
  margaret.dodson@bassberry.com

- **Marco A. Duenas**
  mduenas@saxenawhite.com

- **Renatta A. Gorski**
  renatta.gorski@lw.com

- **Lester R. Hooker**
  lhooker@saxenawhite.com

- **Michele D. Johnson**
  michele.johnson@lw.com

- **Britt K. Latham**
  blatham@bassberry.com,renatta.gorski@lw.com,lauren.fane@lw.com,heather.waller@lw.com,llewis@bassberry.com,lbilbrey@bassberry.com,christian.beveridge@lw.

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **James Gerard Stranch , IV**
  gstranch@stranchlaw.com,complexlit@stranchlaw.com

- **Heather A. Waller**
  heather.waller@lw.com,chefiling@lw.com,heather-waller-8915@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case 3:24-cv-00334    Document 32    Filed 06/04/24    Page 20 of 20 PageID #: 1153