UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | Case No. 3:24-cv-00334-AAT <br><br> CLASS ACTION |
| This Document Relates To: All Actions | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM'S
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL**

## I. INTRODUCTION

Oklahoma Police is the only plaintiff or movant that is qualified to be appointed Lead Plaintiff.[1] Erste AM is not qualified because it lacks Article III standing, has *zero* financial interest in the relief sought in this case, and is subject to disqualifying unique defenses that destroy its typicality and adequacy. Indeed, the only two cases to have evaluated Erste AM's lead plaintiff candidacy, *PureCycle* and *Array*, have disqualified Erste AM on these bases. There is no reason to subject the Class to an inevitable litigation sideshow about Erste AM's standing (that will require extensive discovery and foreign law analysis) when Oklahoma Police stands ready to serve. Oklahoma Police sustained a significant loss, filed the first Securities Act complaint, and has detailed its motivations, its extensive experience recovering more than $245 million for injured investors through securities class actions, and its ability and incentive to oversee counsel and the litigation, satisfying Rule 23. Oklahoma Police is therefore the presumptive Lead Plaintiff.

While Oklahoma Police has proven that Erste AM is unqualified, Erste AM quibbles that Oklahoma Police is ineligible because it did not initiate the first-filed Exchange Act case and inadvertently omitted a prior lead plaintiff motion from its Certification, which Oklahoma Police itself brought to the Court's attention and corrected. Both challenges misstate the law and fall woefully short of the proof required to rebut the presumption in favor of Oklahoma Police.

## II. ARGUMENT

### A. Erste AM Must Be Disqualified From Lead Plaintiff Contention

As Oklahoma Police established in its opposition brief, Erste AM cannot trigger the most adequate plaintiff presumption because it lacks the threshold requirement of Article III standing

---

[1] All defined terms take their meaning from Oklahoma Police's opposition brief. ECF No. 29. All citations are omitted, and all emphasis is added unless otherwise noted. After Oklahoma Police filed its opposition, the underwriter defendants confirmed, pursuant to L.R. 7.01(a)(1), that they take no position on the appointment of a lead plaintiff or counsel. *See id.* at 6 n.1.

and is subject to unique defenses that render it incapable of adequately representing the class. *See* ECF No. 29 at 10-22. Indeed, Erste AM was disqualified from lead plaintiff contention in *PureCycle* and *Array* for these same reasons. *See Theodore v. PureCycle Techs., Inc.*, 2021 WL 5259840, at *4 (M.D. Fla. Aug. 5, 2021) (Erste AM "fail[ed] to demonstrate that it ha[d] *any* financial interest in the relief sought in this litigation."); *Plymouth Cnty. Ret. Assoc. v. Innovative Tech., Inc.*, 2021 WL 4298191, at *4-5 (S.D.N.Y. Sept. 21, 2021) ("*Array*") (finding Erste AM's appointment "risks severely prejudicing the Class" due to "serious questions about [Erste AM's] standing"). The holdings in *PureCycle* and *Array* apply with equal force here.

While Erste AM attempts to salvage its Competing Motion by citing the declaration of Dr. Specht and *Alexion* (*see* ECF No. 32 at 16-17), neither Dr. Specht nor *Alexion* can rescue Erste AM. "[C]ontrary to Dr. Specht's opinion, Erste AM does not have *any* power to assert the claims upon which the Actions are based." *See* ECF No. 31-6 ¶¶ 13, 61. *Alexion* does not establish Erste AM's typicality or adequacy, as that decision was based on (1) an erroneous finding that Erste AM was the purchaser of the securities (not the funds, as Erste AM concedes here) and (2) an erroneous interpretation of Austrian law. *See* ECF No. 29 at 20-22. Given Article III standing is a threshold issue before the Court considers whether the plaintiff with the greatest financial interest satisfies Rule 23, "[a]t this stage, no [] proof is required" to disqualify Erste AM for lack of standing, "and it is more than sufficient" to find that Erste AM's "standing *could* be challenged without definitively holding that such challenges would be successful." *See In re Paysafe Ltd. Sec. Litig.*, 2024 WL 1636415, at *6-7 (S.D.N.Y. Apr. 16, 2024). Erste AM's motion should thus be denied.

**B.      Oklahoma Police Has Satisfied All Requirements for Appointment**

Oklahoma Police is eligible for appointment based on the plain text of the PSLRA because Oklahoma Police filed the first Securities Act complaint. "[W]here multiple complaints are filed, [the] statute clearly allows any person who filed one of the complaints to be named lead plaintiff,

2

even though [the] statute refers to the filing of the (singular) complaint." *Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 791 (D. Mass. 2004); *see also Brustein v. Lampert*, 2005 WL 8154797, at *5 & n.6 (S.D. Fla. June 15, 2005) (explaining that "[a] careful reading of the PSLRA reveals that the Court may consider <u>either</u> class members who filed motions . . . or individuals who have filed a complaint" despite the statute's use of a "singular variant of complaint") (emphasis in original); *Ali v. Intel Corp.*, 2018 WL 2412111, at *2 n.5 (N.D. Cal. May 29, 2018) (same). This construction comports with other PSLRA text, which provides that the Court shall consider any motion made by a Class member, "including any motion by a class member ***who is not individually named as a plaintiff in the complaint or complaints***." 15 U.S.C. § 78u-4(a)(3)(B)(i);[2] *see also In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 432 n.8 (E.D. Va. 2000) ("[T]he . . . persons eligible to serve as lead plaintiff" include the "named plaintiffs in the various individual actions").

Erste AM's authorities, ECF No. 32 at 6-7, 9, either support Oklahoma Police's candidacy or are inapposite. *Bender*, *Gutman*, and *Montesano* find that "'the complaint' is best interpreted as the complaint that initiated 'the first filed action'" only "when multiple complaints have been filed asserting the ***same class claims***." *Bender v. Vertex Energy, Inc.*, 2024 WL 588445, at *5 (S.D. Tex. Feb. 1, 2024);[3] *see also Gutman v. Sillerman*, 2015 WL 13791788, at *3 (S.D.N.Y.

---

[2] Erste AM's argument that the Court should decline to appoint Oklahoma Police as a co-lead plaintiff given its standing to assert Securities Act claims (*see* ECF No. 32 at 8, 13-16) is irrelevant as Oklahoma Police neither seeks to carve out a subclass nor to serve as an ***additional*** plaintiff. Erste AM's ancillary argument that Kissimmee "can . . . serve as a named plaintiff[,]" *id.* at 15, casts further doubt on the Competing Motion, as neither Erste AM nor Kissimmee explain why the Court should appoint Kissimmee as "a plaintiff in the action." *See* ECF No. 21-1, ¶ 3.

[3] Moreover, in *Bender*, the court appointed a movant that "filed a notice ***12 days*** after the deadline for motions" over similar untimeliness objections. *Id.* at *6-7. Thus, *Bender* supports Oklahoma Police's candidacy on the independent grounds that, after evaluating the Competing Motion, Oklahoma Police filed its notice of intent to oppose on May 29, 2024, *see* ECF No. 25, just ***eight days*** after the May 21, 2024 deadline for motions, providing Erste AM an opportunity to oppose Oklahoma Police's request for appointment without necessitating additional briefing.

Dec. 8, 2015) (noting that only the plaintiff in the first action must file notice "[i]f more than one action on behalf of a class asserting substantially the **same claim or claims arising under this chapter** is filed");[4] *Montesano v. Eros Int'l PLC*, 2020 WL 1873015, at *2 (D.N.J. Apr. 14, 2020) (finding that three suits included the same defendants and Exchange Act claims).[5]  There is no dispute that Oklahoma Police pled new strict liability Securities Act claims, on behalf of a new class of purchasers in the December 2022 SPO, against 23 new defendants, and published new notice pursuant to the PSLRA.  *See* ECF Nos. 25 at 2-3, 31-2 at 2; *see also Coopersmith*, 344 F. Supp. 2d at 786, 790 (finding court has discretion to appoint plaintiff who filed second complaint).

Erste AM's challenges regarding Oklahoma Police's certification similarly fail.  Oklahoma Police promptly discovered and corrected the inadvertent omission of a prior lead plaintiff motion by signing a corrected Certification on May 31, 2024, within three days of the execution of the original certification, and four days before it filed its opposition.  *Compare* ECF No. 26-5 at 3 *with* ECF No. 31-4 at 3.  Courts consistently find that such minor errors do not preclude appointment, especially where the plaintiff or movant promptly corrects the error.  *See, e.g., Rao v. Quorum Health Corp.*, 221 F. Supp. 3d 987, 989 (M.D. Tenn. 2016) ("As the certification requirement in

---

[4] *Gutman* further supports Oklahoma Police's appointment on the independent grounds that, citing *Huff*, that court rejected an investment manager movant in part for lack of Article III standing. 2015 WL 13791788, at *2, 3 ("[T]he Second Circuit held some years ago that an investment manager lacks Article III standing to assert claims . . . on behalf of its client").

[5] Erste AM's authorities are also misplaced given that Oklahoma Police filed "***the***" Securities Act complaint.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).  As both the Exchange Act and the Securities Act contain the contested language, *compare* 15 U.S.C. § 78u-4(a)(3)(B) *with* § 77z-1(a)(3)(B), Erste AM's myopic focus on "the" Exchange Act complaint, *see* ECF No. 32 at 9 (analyzing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)), subverts the relevant Securities Act provisions. Erste AM's additional authorities are distinguishable.  *See, e.g., In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 536 (N.D. Ohio 2001) (rejecting movant with the largest stake in the original action that had the lowest stake in the consolidated action); *May v. Barclays PLC*, 2023 WL 5950689, at *6-7 (S.D.N.Y. Sept. 13, 2023) (considering PSLRA in the context of whether a movant was required to publish new notice and finding, "when multiple actions are filed, republication is not required if the competing action assert[s] substantially the same . . . claims").

the PSLRA does not have a time limit, many courts have allowed lead plaintiff movants to amend their certifications if issues arose") (collecting authorities); *see also Blake v. Canoo Inc.*, 2022 WL 599504, at *6-7 (C.D. Cal. Feb. 18, 2022) (same) (collecting authorities).[6]  Indeed, a court considering this precise issue found the "omission of [] one case [is] not very significant" and appointed an institutional investor that "correct[ed] the defect promptly." *Kuriakose v. Fed. Home Loan Mortg. Co.*, 2008 WL 4974839, at *8 (S.D.N.Y. Nov. 24, 2008).  That court reasoned in part that the purpose of disclosing the number of prior actions in the preceding three years is to allow a court to evaluate whether a movant is a "professional plaintiff," a consideration that does not apply to institutional investors like Oklahoma Police.  *See id.*[7]  Erste AM's authorities (ECF No. 32 at 11-12) are inapposite, as all but one concern individual investors (to whom the professional plaintiff bar ***does*** apply) and all involve other issues relating to adequacy.[8]

### III.    CONCLUSION

Accordingly, Oklahoma Police respectfully requests that the Court appoint Oklahoma Police as Lead Plaintiff, approve its selection of counsel, and deny the Competing Motion.

---

[6] Even at class certification, courts reject arguments that "inadvertent" mistakes preclude appointment, especially where they were "promptly corrected."  *See In re Silver Wheaton Corp. Sec. Litig.*, 2017 WL 2039171, at *9-10 (C.D. Cal. May 11, 2017) (collecting cases).

[7] Even if this rule did apply—and it does not—Oklahoma Police has only been appointed as lead plaintiff twice in the last three years and has not yet been appointed in the inadvertently omitted action.  *See ECF No. 31-4 at 2.

[8] *See*, *e.g.*, *Li Hong Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at *6 n.7 (S.D.N.Y. Dec. 5, 2019) (individual); *Burns v. UP Fintech Holding Ltd.*, 2024 WL 387261, at *5 (C.D. Cal. Jan. 30, 2024) (individual falsely stated he obtained contemporaneous assignments); *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *5, 9 (S.D.N.Y. Nov. 12, 2021) (individual's certification "overstate[d] and cloud[ed] his losses"); *Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 63-64 (S.D.N.Y. 2022) (finding inadequate individual who had no "experience managing attorneys in litigation").  The lone exception not involving an individual concerned an investment company that omitted transactions from its certification, resulting in overstated losses.  *See Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *4 (S.D.N.Y. Sept. 19, 2019).

5

Dated: June 11, 2024

Respectfully submitted,

**STRANCH, JENNINGS & GARVEY, PLLC**

By: */s/ J. Gerard Stranch IV*
J. Gerard Stranch IV (BPR 23045)
The Freedom Center
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com

*Local Counsel for Proposed Lead Plaintiff*
*Oklahoma Police Pension and Retirement System,*
*and Proposed Local Counsel for the Class*

**SAXENA WHITE P.A.**

Lester Hooker (*pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
lhooker@saxenawhite.com

-and-

Rachel Avan (*pro hac vice*)
Marco A. Dueñas (*pro hac vice*)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 216-2220
ravan@saxenawhite.com
mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Oklahoma*
*Police Pension and Retirement System, and*
*Proposed Lead Counsel for the Class*

6

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on June 11, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users, as follows.

**Britt K. Latham**
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Email: blatham@bassberry.com

**Michele D. Johnson**
Latham & Watkins
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Email: michele.johnson@lw.com

**Heather A. Waller**
Latham & Watkins LLP (Chicago Office)
330 N Wabash Avenue
Suite 2800
Chicago, IL 60611
Email: heather.waller@lw.com

**Renatta A. Gorski**
Latham & Watkins LLP (Chicago Office)
330 N Wabash Avenue
Suite 2800
Chicago, IL 60611
Email: renatta.gorski@lw.com

**Margaret V. Dodson**
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Email: margaret.dodson@bassberry.com

**Jerry E. Martin**
Barrett Johnston Martin & Garrison, LLC
200 31st Avenue North
Nashville, TN 37203
Email: jmartin@barrettjohnson.com

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV

7