| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:24-cv-00334 |
| | | Judge Aleta A. Trauger |
| This Document Relates To: | ) ) ) ) ) ) | CLASS ACTION |

**ERSTE ASSET MANAGEMENT GMBH'S REPLY IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

In its motion (ECF 21-23), Erste AM readily demonstrated its standing, supported by the Declaration of Prof. Specht. In response (ECF 31), Oklahoma Police recycles the same arguments that were rejected last year in *Boston Ret. Sys. v. Alexion Pharms., Inc.*, 2023 WL 2932485 (D. Conn. Apr. 13, 2023), where the "defendants rel[ied] heavily on [Thomale's] declaration" to argue (unsuccessfully) Erste AM lacks standing. *Id.* at *9.[1] Here, Oklahoma Police has submitted a near-identical declaration by the same expert the *Alexion* court rejected.[2]

As an initial matter, Oklahoma Police lacks standing and the Court should disregard its arguments. *See* ECF 32 at 3-11. But even if the Court were to consider its opposition, Oklahoma Police's arguments are badly misplaced. Oklahoma Police does not dispute that Erste AM claims the largest loss (approximately $33 million compared to its loss of just $527,458.74). Because Erste AM also makes "a prima facie showing that it satisfies the typicality and adequacy

---

[1] Unless otherwise noted, all defined terms have the same meaning as in ECF 32, all emphasis is added, and citations and quotations omitted. References to "Ex. _" are to the accompanying exhibits to the Declaration of Christopher M. Wood.

[2] Prof. Specht's rebuttal declaration to Thomale's declaration and a Declaration of Romana Peschke of Erste AM are attached as Exs. A and B, respectively, to the Wood Decl.

- 1 -

requirements of [Rule 23]," *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co.*, 2019 WL 494129, at *2 (M.D. Tenn. Jan. 9, 2019), it is the presumptive most adequate plaintiff entitled to appointment as lead plaintiff. The PSLRA mandates that "[t]he presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon **proof** that the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u–4(a)(3)(B)(iii)(II). No such proof exists here.

Oklahoma Police argues that "Erste AM misleadingly claims that it served as a lead plaintiff . . . in [*Alexion*], when in fact Erste-Sparinvest—not Erste AM—. . . [was] appointed lead plaintiff." ECF 31 at 12. There is nothing "misleading" about this. Erste-Sparinvest Kapitalanlagegesellschaft m.b.H. was appointed co-lead plaintiff in that action in 2016, filed a notice of name change in 2017, and Erste AM, the successor, subsequently served as a lead plaintiff. Ex. C. Erste AM then moved for class certification and the court appointed it as class representative on the same standing basis as here. Erste AM ultimately resolved that action for $125 million for benefit of the class.

Turning to Erste AM's standing, Thomale acknowledges "[u]nder Austrian law, an investment fund, like the Funds under consideration **is not a legal entity** with its own interests" and that "Erste AM is the management company of the Funds." ECF 31-6 at ¶¶13(a), 18. The question is whether each of the ***thousands of investors*** in Erste AM's own mutual funds—which hold **billions** of Euros in assets—are the proper plaintiffs for the losses suffered by those funds, rather than Erste AM. Dr. Specht makes clear they are not. *See* ECF 23-6; *see also* Ex. A. ***The Austrian Financial Market Authority agrees.*** *See* Ex. D. So too did Erste AM's corporate representative in *Alexion*, who testified "the individual holders of these shares in the fund are not

in a position to raise legal claims, as it were, individually." Wood Decl. Ex. E at 193:2-55. *See also id.* at 194:2-5 ("[I]t says in the law of Austria that [Erste AM] is the only entity that is entitled to bring legal claims to the [c]ourt."); *id.* at 195:3-4 ("[T]he individual investors [in the funds] are not able to act independently."); Ex. B at ¶4 (same). The inability of the funds or the individual investors in the funds to bring legal claims qualifies as the type of "hindrance" that justifies third-party standing under *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008) ("These exceptions permit third-party standing where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests."). Here, Erste AM's close relationship with *its* funds such that it is the only entity that can assert legal claims on their behalf, and the funds' and their investors' inability to assert claims themselves, satisfies both *Huff* prongs.

Unsurprisingly, numerous courts have rejected the same arguments Oklahoma Police advance. *See Entezari v. Lorillard, Inc.*, 2014 WL 6684600, at *2 (Del. Ch. Nov. 25, 2014) ("Erste has standing to bring an action on behalf of . . . the fund managed by Erste that actually holds Lorillard stock."); *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 581-82 (S.D.N.Y. 2009) (Austrian investment management company "is authorized to sue" on behalf of its funds "as a matter of law" and "that the relationship between Austrian funds and their management companies qualifies for the *Huff* exception, and therefore the management companies have standing to pursue their funds' claims."); *Marsden v. Select Med. Corp.*, 246 F.R.D. 480, 486-87 (E.D. Pa. 2007) (describing as "without merit" argument that "Capital Invest [an Austrian asset manager] lacks standing" and holding that "Capital Invest has standing" and "authority to bring suit on behalf of its clients, and the standing issue does not affect the class's substantive claim."). It is therefore unsurprising that Oklahoma Police and Thomale fail to identify a single case where

an investor (or unit holder) in an Austrian mutual fund asserted such claims itself. *See Alexion*, 2023 WL 2932485, at \*7 (rejecting Thomale's near-identical declaration and holding "Erste thus has 'a close relationship to the injured party' for purposes of asserting third-party standing." (citing *Huff*, 549 F.3d at 109)). To the best of Erste AM's knowledge, no court has ever approved of Thomale's opinions on this issue and no securities fraud action has ever been pursued directly by an Austria mutual fund without legal personality or the unit holders of such a mutual fund.

Oklahoma Police's reliance on *Theodore v. PureCycle Techs., Inc.*, 2021 WL 5259840 (M.D. Fla. Aug. 5, 2021) and *Plymouth Cnty. Ret. Assoc. v. Array Techs., Inc.*, 2021 WL 5051649 (S.D.N.Y. Nov. 1, 2021) is unavailing. Unlike in *Alexion*, where the court considered the standing question upon a full evidentiary record at the much more rigorous class certification stage, *PureCycle* and *Array* were decided on a limited record at the lead plaintiff stage. Significantly, Erste AM ***did not include an expert declaration demonstrating its standing with its motions in either PureCycle or Array***. In *Gross v. ATT Inc.*—which concerned a Belgian asset manager—the funds had separate legal personality and could (but did not) assign their claims to the asset manager. *See* 2019 WL 3500496, at \*2 (S.D.N.Y. July 31, 2019) ("KBC does not contend that the Funds have assigned their rights to KBC" and thus, in that court's view, there was "no apparent barrier to the Funds' ability to assert their own interests."). *S. Ferry LP No. 2 v. Killinger* concerned "the proper course of action when an investment manager commences litigation but loses the authority to sue due to the closure of the funds." 271 F.R.D. 653, 658 (W.D. Wash. 2011). Here, in contrast, none of the Erste AM funds have legal personality or have been closed.

This Court's recent order in *Washtenaw Cnty. Emps. Ret. Sys. v. Dollar Gen. Corp.*, Case No. 23-cv-01250 (M.D. Tenn.) is instructive. The Court appointed two German asset managers as lead plaintiffs. *Dollar Gen.*, ECF 51. Like Erste AM here, Universal-Investment-Gesellschaft mbH

("Universal") moved for appointment on the basis "[t]he investment funds managed by Universal are not independent legal entities and do not have legal capacity to sue in, or be brought before, courts of law." *Dollar Gen.*, ECF 28 at 10. *See also Dollar Gen.*, ECF 49 at 9 ("Those funds, established under German law, do not have legal capacity to bring claims, rather Universal has the exclusive authority to sue in its own name for damages suffered by the funds that it manages.").

By arguing that the unit holders must bring the claims, Oklahoma Police effectively suggests that every investor in a mutual fund must bring claims individually for stocks held by that mutual fund. This is not only unworkable, it is incorrect. *See In re Winstar Commc'ns Sec. Litig.*, 290 F.R.D. 437, 444 (S.D.N.Y. 2013) ("The investors in the mutual funds never purchased or sold shares of Winstar, and thus could not themselves bring suit. . . . BIM [the asset manager] is the only party who can bring suit . . . and it has standing under *Huff* to do so."). Its argument that "should the claims belonging to the unit holders be prosecuted by the management company for the benefit of the funds, unit holders who invested during the Class Period but subsequently divested of their position would receive no recovery, while unit holders in the funds following the Class Period would stand to receive a windfall" (ECF 31 at 10) fails because the claims do not belong to the unit holders and any recovery will go to the funds directly. *See U.S. Tr. Co. of N.Y. v. Alpert*, 10 F. Supp. 2d 290, 303-06 (S.D.N.Y. 1998) (rejecting argument by "Former Holders" of "unit investment trusts" that "that they receive the [settlement] Fund rather than Current Holders"; noting that "an owner of units does not retain any interest in or rights to trust property when she sells her units"); Ex. B at ¶7 ("Investors who held shares in Erste AM's mutual funds, including the Funds, during the relevant class periods but who sold their shares prior to the payment of any recovery are not entitled to share in the recoveries (because the recoveries go the mutual funds directly rather than any individual unit holders).").

Rebutting the presumption requires "***proof*** . . . that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that would make its adequate representati[on] of the class impossible." *Franchi v. SmileDirectClub*, 2020 WL 6479561, at *3 (M.D. Tenn. Jan. 27, 2020). Recycling arguments that have been debunked by courts and the Austrian Financial Market Authority and submitting an expert declaration that is nearly identical to one rejected at the much more onerous class certification stage does not come close to meeting this burden. *See Grad v. Ironnet, Inc.*, 2022 WL 2789899, at *6 (E.D. Va. July, 15, 2022) (declining to "discount the high burden of proof that challengers must overcome to successfully rebut the lead plaintiff presumption").

DATED:  June 11, 2024

Respectfully submitted,

BARRETT JOHNSTON MARTIN
  & GARRISON, PLLC
JERRY E. MARTIN, #20193


s/ Jerry E. Martin
JERRY E. MARTIN

200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

MOTLEY RICE LLC
GREGG S. LEVIN (*pro hac vice*)
CHRISTOPHER F. MORIARTY (*pro hac vice*)
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
cmoriarty@motleyrice.com

- 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 11, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Jerry E. Martin
JERRY E. MARTIN, #20193
BARRETT JOHNSTON MARTIN
 & GARRISON, PLLC
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

# Mailing Information for a Case 3:24-cv-00334 Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Shoals Technologies Group, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rachel A. Avan**
  ravan@saxenawhite.com

- **Margaret V. Dodson**
  margaret.dodson@bassberry.com

- **Marco A. Duenas**
  mduenas@saxenawhite.com

- **Renatta A. Gorski**
  renatta.gorski@lw.com

- **Lester R. Hooker**
  lhooker@saxenawhite.com

- **Michele D. Johnson**
  michele.johnson@lw.com

- **Britt K. Latham**
  blatham@bassberry.com,renatta.gorski@lw.com,lauren.fane@lw.com,heather.waller@lw.com,llewis@bassberry.com,lbilbrey@bassberry.com,christian.beveridge@lw.

- **Gregg S. Levin**
  glevin@motleyrice.com,lmclaughlin@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,elusnak@barrettjohnston.com,jmartin@rgrdlaw.com

- **Christopher F. Moriarty**
  cmoriarty@motleyrice.com

- **James Gerard Stranch , IV**
  gstranch@stranchlaw.com,complexlit@stranchlaw.com

- **Heather A. Waller**
  heather.waller@lw.com,chefiling@lw.com,heather-waller-8915@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Case 3:24-cv-00334     Document 35     Filed 06/11/24     Page 9 of 9 PageID #: 1174