| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:24-cv-00334 |
| | ) | **CLASS ACTION** |
| This Document Relates To: All Actions | ) ) ) | **Judge Waverly D. Crenshaw, Jr.** |
| | ) ) | **Magistrate Judge Alistair Newbern** |
| | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AMENDED CONSOLIDATED COMPLAINT**

In support of their pending motion to dismiss, the Exchange Act Defendants[1] respectfully submit the attached recently decided decision of the U.S. District Court for the Middle District of Tennessee finding that plaintiffs failed to allege facts that, "reviewed holistically, give rise to a strong inference of scienter as plausible as the defendants' proffered nonculpable inference." *Washtenaw Cnty. Emps.' Ret. Sys. v. Dollar Gen. Corp., et al.*, Case No. 3:23-cv-01250 (M.D. Tenn.) (Exhibit A) at 31. In so finding, the court provided a thorough analysis and applied the same Sixth Circuit *Helwig* factors as those discussed in the parties' briefs. *See* Mot. (Dkt. 85) at 23-24; Opp. (Dkt. 91) at 18-24; Reply (Dkt. 93) at 6-9.

Plaintiffs here make similar—and weaker—arguments than those that the court rejected in *Dollar General*. For instance, the *Dollar General* plaintiffs pointed to internal emails and specific meetings and calls to try to satisfy *Helwig* factor 2 (divergence between internal reports and external statements). Ex. A at 17-25. But the court did not address them, because the complaint did not allege those reports "with requisite specificity." *Id.* at 25. More important, the plaintiffs

---

[1] All capitalized terms have the same meaning as those in Defendants' briefs. *See* Mot. (Dkt. 85) at viii-ix; Reply (Dkt. 91) at iv-v.

did not allege any defendant received the reports or attended the meetings.  *Id.* at 19-20, 23-25. The court highlighted that plaintiffs must allege *specific* facts that the reports were both "known to Defendants" and "reflect the allegedly fraudulent scheme."  *Id.* at 17-18.

Plaintiffs likewise fail to identify a single Exchange Act Defendant who received "internal reports" or "negative information."  *See* Mot. (Dkt. 85) at 25-26; Reply (Dkt. 93) at 7.  Nor do they identify any "internal reports" that reflect any fraudulent scheme; indeed, they at most generally allege a report about a customer service issue, initially believed to be an installation issue.  *See* Mot. (Dkt. 85) at 25-26; Reply (Dkt. 93) at 8.

Similarly, the *Dollar General* plaintiffs tried to meet *Helwig* factor 6 (disregard of the most current factual information before making statements), but like Plaintiffs, did not allege "what particular factual information" defendants disregarded.  Ex. A at 25-26; Mot. (Dkt. 85) at 25-26. And as a result, their reliance on the "core operations" theory was, standing alone, "insufficient to support a strong inference of scienter."  Ex. A at 31.  Plaintiffs' reliance on the core operations theory fails for the same reason.  *See* Opp. (Dkt. 91) at 25; Reply (Dkt. 93) at 8.

The *Dollar General* court further rejected the plaintiffs' attempt to satisfy other overlapping *Helwig* factors, even though the complaint's allegations were stronger than those here. For example, the plaintiffs alleged two of the four individual defendants sold company stock the day after making allegedly false statements.  Ex. A at 15-16.  But the court found that the fact that the other two *Dollar General* individual defendants were "not alleged to have engaged in any insider trading, without explanation," undermined plaintiffs' scienter argument.  *Id.* at 17.  That same rationale applies here: Plaintiffs identify only ***one*** Exchange Act Individual Defendant who sold stock, and they say nothing about the other ***four***.  Mot. (Dkt. 85) at 23-24; Reply (Dkt. 93) at 6-7.

And while the *Dollar General* plaintiffs argued *Helwig* factor 9, that the defendants were motivated to downplay issues at the company to save their jobs—an argument Plaintiffs made in their brief but not the AC—the court said that allegation, "without more, does not contribute to a strong inference of scienter." Ex. A at 30-31; *see also* Reply (Dkt. 93) at 8.

For the same reasons the court dismissed plaintiffs' complaint in *Dollar General*, this Court should find Plaintiffs have failed to allege a strong inference of scienter to support their Exchange Act Claims. *See* Mot. to Dismiss (Dkt. 85) at 22-29; Reply (Dkt. 93) at 6-9.

DATED: July 7, 2025

BASS, BERRY & SIMS
BRITT K. LATHAM
MARGARET V. DODSON

*/s/ Britt K. Latham*
BRITT K. LATHAM

21 Platform Way South, Suite 3500
Nashville, TN 37201
Telephone: 615/742-6200
615/742-6293 (fax)
blatham@bassberry.com
margaret.dodson@bassberry.com

LATHAM & WATKINS LLP
MICHELE D. JOHNSON
(admitted *pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: 714/540-1235
714/755-8290 (fax)
michele.johnson@lw.com

3

LATHAM & WATKINS LLP
HEATHER A. WALLER
(admitted *pro hac vice*)
RENATTA A. GORSKI
(admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
Telephone:  312/876-7700
617/993-9767 (fax)
heather.waller@lw.com
renatta.gorski @lw.com

*Counsel for Defendants Shoals Technologies
Group, Inc., Jason R. Whitaker, Jeffrey Tolnar,
Brandon Moss, Kevin Hubbard, Dominic Bardos,
Brad Forth, Peter Wilver, Ty Daul, Toni Volpe,
Lori Sundberg, Jeanette Mills, Robert Julian, and
Dean Solon*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2025, I electronically filed the foregoing document with the Court via CM/ECF, which will automatically send notice and a copy of same to counsel of record via email.

/s/ *Britt K. Latham*
Britt K. Latham