| | |
|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) Civil Action No. 3:24-cv-00334 |
| | ) |
| | ) Judge Waverly D. Crenshaw, Jr. |
| | ) Magistrate Judge Alistair Newbern |
| This Document Relates To: | ) |
| | ) CLASS ACTION |
| | ) |
| | ) JURY DEMAND |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs[1] respectfully submit this response to Defendants'[2] Notice of Supplemental Authority in Support of Defendants' Motion to Dismiss Amended Consolidated Complaint (ECF 94) ("Notice"), filed on July 7, 2025.

***First***, Defendants disregard that a notice of supplemental authority may not contain additional argument without first obtaining leave of Court. *See In re Caterpillar Inc.*, 2020 WL 1923227, at *6 (M.D. Tenn. Apr. 21, 2020) (Although litigants can provide a "simple" notice "appris[ing]" courts "of any relevant developments," "such notifications cannot be tantamount to supplemental briefs of law containing additional arguments that grant the filing party an unfair advantage."). Defendants did not request or receive, as required by Local Rule 7.01, the Court's

---

[1] "Plaintiffs" are lead plaintiff Erste Asset Management GmbH and plaintiff Kissimmee Utility Authority Employees' Retirement Plan.

[2] "Defendants" are Shoals Technologies Group, Inc., Jason R. Whitaker, Brad Forth, Peter Wilver, Ty Daul, Toni Volpe, Lori Sundberg, Jeannette Mills, Dominic Bardos, Jeffery Tolnar, Brandon Moss, Robert Julian, Dean Solon, J.P. Morgan Securities LLC, Guggenheim Securities, LLC, Morgan Stanley & Co. LLC, UBS Securities LLC, Goldman Sachs & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Cowen and Company, LLC, Oppenheimer & Co. Inc., Piper Sandler & Co., Roth Capital Partners, LLC, Johnson Rice & Company L.L.C., and Northland Securities, Inc.

- 1 -

4906-3782-2296.v1

permission to submit additional argument on their motion to dismiss.  *See* Local Rule 7.01(4) ("An optional reply memorandum may be filed within seven (7) days after service of the response, and shall not exceed five (5) pages without leave of Court."); *see also* ECF 78-79 (granting Defendants' ten total pages for their reply brief).  But this is what the Notice does.

Indeed, the majority of the purported Notice contains arguments that Plaintiffs' allegations are insufficient.  *See* Notice at 1 ("Plaintiffs here make similar – and weaker – arguments than those that the court rejected in *Dollar General*."); *id.* at 2 ("Plaintiffs likewise fail to identify a single Exchange Act Defendant who received 'internal reports' or 'negative information.'  Nor do they identify any 'internal reports' that reflect any fraudulent scheme; indeed, they at most generally allege a report about a customer service issue, initially believed to be an installation issue.");[3] *id.* ("Plaintiffs' reliance on the core operations theory fails for the same reason."); *id.* ("That same rationale applies here: Plaintiffs identify only **one** Exchange Act Individual Defendant who sold stock, and they say nothing about the other **four**.").

The Notice thus goes well beyond merely notifying the Court of the opinion in *Washtenaw Cnty. Emps.' Ret. Sys. v. Dollar General Corp.*, No. 3:23-cv-01250 (M.D. Tenn.), and seeks instead to add additional argument on Defendants' motion to dismiss.  That is improper, and the Notice should be disregarded in accord with authority from this District.  *See Caterpillar*, 2020 WL 1923227, at *6 (holding that "[a]nything more [than a brief summary of the relevant document] amounts to a surreply requiring leave of court"); *Vanderbilt Univ. v. Pesak*, 2010 WL 1406622, at *3 (M.D. Tenn. Apr. 6, 2010) (admonishing party for raising "additional arguments" in a "document referred to . . . as, 'Supplemental Authority'").[4]

---

[3]  Citations are omitted and emphasis is added throughout unless otherwise indicated.

[4]  Courts elsewhere in this Circuit have similarly disregarded notices containing substantive argument.  *See Rockies Exp. Pipeline, LLC v. 4.895 Acres of Land, More or Less, in Butler Cnty.,*

***Second***, the Notice is of no consequence to the Court's analysis of the pending motion to dismiss because the decision in *Dollar General* is not final. On July 14, 2025, the court in that case granted plaintiff's motion to set aside the judgment and provided plaintiff an extension until August 25, 2025 to file an amended complaint. *See Washtenaw*, ECF 92.

DATED: July 25, 2025

ROBBINS GELLER RUDMAN
 & DOWD LLP
CHRISTOPHER M. WOOD, #032977

s/ CHRISTOPHER M. WOOD
CHRISTOPHER M. WOOD

200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
DEBRA J. WYMAN (*pro hac vice*)
MATTHEW I. ALPERT (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
debraw@rgrdlaw.com
malpert@rgrdlaw.com

---

*Ohio (Pipeline Right-of-Way Servitude)*, 2011 WL 4337054, at \*2 (S.D. Ohio Sept. 15, 2011) ("[F]il[ing] a notice of supplemental authority that contained argument as to how the case cited affected the case . . . is of course incorrect. Supplemental argument removes the filing from being simply a notice and casts the document as an additional memorandum . . . ."), *aff'd sub nom. Rockies Exp. Pipeline LLC v. 4.895 Acres of Land, More or Less*, 734 F.3d 424 (6th Cir. 2013).

4906-3782-2296.v1

MOTLEY RICE LLC
GREGG S. LEVIN (*pro hac vice*)
WILLIAM S. NORTON (*pro hac vice*)
CHRISTOPHER F. MORIARTY (*pro hac vice*)
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Telephone:  843/216-9000
glevin@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

Lead Counsel for Lead Plaintiff

BARRETT JOHNSTON MARTIN
  & GARRISON, PLLC
JERRY E. MARTIN, #20193
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
jmartin@barrettjohnston.com

Local Counsel

KLAUSNER, KAUFMAN, JENSEN
  & LEVINSON, P.A.
ROBERT D. KLAUSNER
SEAN M SENDRA
7080 Northwest 4th Street
Plantation, FL  33317
Telephone: 954/916-1202
bob@robertdklausner.com
sean@robertdklausner.com

Additional Counsel for Plaintiff Kissimmee
Utility Authority Employees' Retirement Plan

- 4 -