UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) Civil Action No. 3:24-cv-00334 ) ) Judge Waverly D. Crenshaw, Jr. ) Magistrate Judge Alistair Newbern |
| This Document Relates To: | ) ) CLASS ACTION ) ) DEMAND FOR JURY TRIAL ) |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(g), Plaintiffs and Defendants submit the following Joint Case Management Order.[1]

**A.     JURISDICTION**

The Parties agree that the Court has subject matter jurisdiction pursuant to 15 U.S.C. §78aa and 28 U.S.C. §1331.

---

[1] "Plaintiffs" refers to Lead Plaintiff Erste Asset Management GmbH and Plaintiff Kissimmee Utility Authority Employees' Retirement Plan. "Defendants" refers to Shoals Technologies Group, Inc. ("Shoals" or the "Company"), Jason R. Whitaker, Brad Forth, Peter Wilver, Ty Daul, Toni Volpe, Lori Sundberg, Jeannette Mills, Dominic Bardos, Jeffery Tolnar, Robert Julian, Dean Solon (the "Individual Defendants"), and J.P. Morgan Securities LLC, Guggenheim Securities, LLC, Morgan Stanley & Co. LLC, UBS Securities LLC, Goldman Sachs & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Cowen and Company, LLC, Oppenheimer & Co. Inc., Piper Sandler & Co., Roth Capital Partners, LLC, Johnson Rice & Company L.L.C., and Northland Securities, Inc. (the "Underwriter Defendants"). Plaintiffs and Defendants are collectively referred to herein as the "Parties."

## B. BRIEF THEORIES OF THE PARTIES

**For Plaintiffs:**

This putative class action is brought on behalf of those who purchased or otherwise acquired Shoals common stock between May 16, 2022 and May 7, 2024, inclusive (the "Class Period"), against Defendants for violations of §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder, and §§11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").

In its September 30, 2025 Memorandum Opinion (ECF 100), the Court upheld most of Plaintiffs' allegations against Defendants, including:

- claims under the Exchange Act and Rule 10b-5 against Shoals, Whitaker, Hubbard, Bardos, and Tolnar for disseminating false and misleading statements regarding: (1) Defendants' claim that Shoals' products can be installed by anyone; (2) Defendants' failure to report or their underreporting of significant warranty liability arising from remediation for defective wiring; and (3) the purportedly superior quality and reliability of Shoals' products (ECF 100 at 10-24);

- claims under the control person provisions of §20(a) of the Exchange Act as to Whitaker and Tolnar who controlled the decision-making of the Company, including the content and dissemination of the false and misleading statements at issue (*id.* at 32-34);

- claims under §11 of the Securities Act against Shoals, Bardos, Forth, Wilver, Daul, Volpe, Sundberg, Mills, Julian, and the Underwriter Defendants for issuing registration statements and prospectuses that failed to report significant warranty liability arising from remediation for defective wiring (*id*. at 24-29);

- claims under §20A of the Exchange Act for insider trading claims against Shoals and Whitaker (*id*. at 31-32); and

- claims under §15 of the Securities Act against Shoals and Solon (*id*. at 32-34).

The Court dismissed the following claims:

- claims under the Exchange Act and Rule 10b-5 against Moss (*id*. at 16-17);

- claims under §12 of the Securities Act (*id*. at 29-31);

- claims under §15 of the Securities Act against Hubbard, Bardos, Moss, and the Director Defendants (*id.* at 32-34); and

- claims under §20(a) of the Exchange Act against Hubbard, Bardos, Moss, and the Director Defendants (*id.* at 32-34).

**For Defendants:**

None of Plaintiffs' remaining claims against Defendants sets forth a viable theory of liability under the federal securities laws, nor are Plaintiffs or any putative class member entitled to any of the relief sought in this action. Indeed, Defendants deny that they made any false or misleading statements or that they violated the federal securities laws in any respect. Defendants anticipate that discovery in this action will undermine Plaintiffs' theory of the case and demonstrate the lack of merit in Plaintiffs' Claims. Plaintiffs' claims will prove to be unsupported for, among other reasons, those explained in Defendants' motion to dismiss briefing and in their forthcoming Answer and Defenses to Plaintiffs' Amended Complaint.

### C.    ISSUES RESOLVED

It is undisputed that the Court has subject matter jurisdiction and personal jurisdiction over the Parties.

### D.    ISSUES STILL IN DISPUTE

Liability and damages are disputed by the Parties. The Parties anticipate that additional disputed issues may arise as fact and/or expert discovery progresses.

### E.    INITIAL DISCLOSURES

The Parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) 21 days after the Case Management Conference on November 21, 2025.

### F.    CASE RESOLUTION PLAN AND JOINT STATUS REPORTS

The Parties have considered the Alternative Dispute Resolution ("ADR") options provided in Local Rules 16.02 through 16.05. The Parties have met and conferred and have agreed to

- 3 -
Case 3:24-cv-00334   Document 108   Filed 10/31/25   Page 3 of 8 PageID #: 2762

participate in a December 3, 2025 mediation with a private mediator. ECF 90. The Parties will inform the Court within 14 days of the mediation if the Parties were able to resolve the case.

If the Parties' mediation efforts are unsuccessful, the Parties shall submit a joint report confirming that the Parties made a good faith attempt to resolve the case and stating their plan to continue case resolution efforts by March 2, 2026. The joint report shall also state whether the Parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either the joint report or separately, the Parties shall also state: (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The Parties shall file an updated joint case resolution status report by no later than 60 days before the dispositive motion deadline.

### G. CLASS CERTIFICATION

Plaintiffs shall file their motion for class certification by February 19, 2026. The motion shall not exceed 20 pages. Any opposition to the motion for class certification shall be filed within by May 5, 2026, and shall not exceed 45 pages. Any reply brief shall be filed by June 19, 2026, and shall not exceed 30 pages.

### H. DISCOVERY

Because this action is subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(b)(3)(B), discovery and other proceedings were stayed pending resolution of Defendants' motion to dismiss. Now that Defendants' motion to dismiss has been largely denied, the PSLRA discovery stay has been lifted and discovery may proceed.

Initial written discovery should proceed promptly.

The Parties shall substantially complete document production by May 25, 2026, and privilege logs shall be exchanged by June 19, 2026. The Parties shall complete depositions and all remaining written fact discovery by November 20, 2026.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic, videoconference or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than December 11, 2026. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement that describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic, videoconference or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

### I. MOTIONS TO AMEND OR TO ADD PARTIES

Any motions to amend or to add parties shall be filed by no later than June 30, 2026, and must comply with Local Rules 7.01 and 15.01.

### J. DISCLOSURE AND DEPOSITIONS OF EXPERTS

The Parties shall identify and disclose all affirmative expert witnesses and affirmative expert reports by February 19, 2027. The Parties shall identify and disclose any rebuttal expert witnesses and rebuttal reports by April 16, 2027. The Parties shall identify and disclose any responses to rebuttal reports by May 28, 2027. Expert depositions shall be completed by July 1, 2027.

Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Fed. R. Civ. P. 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C).

### K. SUBSEQUENT CASE MANAGEMENT CONFERENCE

The Parties may request a case management conference at any time by filing a motion requesting the conference, stating the topic to be discussed, and identifying mutually convenient dates and times for the conference to be held.

### L. DISPOSITIVE MOTIONS

As provided above, the Parties must attempt to resolve the case before the filing of dispositive motions. Dispositive or *Daubert* motions shall be filed by no later than August 13, 2027. Responses to dispositive or *Daubert* motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive or *Daubert* motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate

motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the Parties, counsel and the Court.

**M.     ELECTRONIC DISCOVERY**

The Parties are working toward an agreement on how to conduct electronic discovery. The Parties anticipate filing an agreed proposed Document Discovery Protocol and Protective Order addressing, among other topics, the protocol for producing electronically stored information, confidentiality of information and a party's production of privileged materials. In the event the Parties are unable to reach an agreement, the default standards of Administrative Order No. 174-1 will continue to apply.

**N.     MODIFICATION OF CASE MANAGEMENT ORDER**

Any motion to modify the Case Management Order, or any case management deadline, shall be filed at least seven days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion; and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

## O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE

The jury trial of this action is expected to last approximately 14 days. The target trial date is January 25, 2028.

IT IS SO ORDERED.

_____
ALISTAIR E. NEWBERN
UNITED STATES MAGISTRATE JUDGE