**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| IN RE SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | Civil Action No. 3:24-cv-00334 |
| | <u>CLASS ACTION</u> |
| | Judge Waverly D. Crenshaw, Jr. |
| | Magistrate Judge Alistair Newbern |
| This Document Relates To: All Actions | |

### UNDERWRITER DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendants J.P. Morgan Securities LLC, Guggenheim Securities, LLC, Morgan Stanley & Co. LLC, UBS Securities LLC, Goldman Sachs & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Cowen and Company, LLC, Oppenheimer & Co. Inc., Piper Sandler & Co., Roth Capital Partners, LLC, Johnson Rice & Company L.L.C., and Northland Securities, Inc. (collectively, the "Underwriter Defendants"), by their undersigned counsel, respond as follows to the allegations in Plaintiffs' Consolidated Amended Class Action Complaint, filed February 4, 2025 (ECF No. 82) (the "Complaint"), insofar as they are made against the Underwriter Defendants.

The Underwriter Defendants incorporate into each such response a denial of all allegations in the Complaint to the extent they (i) suggest that the SPO Offering Materials contain material misstatements or omissions for which the Underwriter Defendants may be held liable, (ii) assert any factual allegations that are inconsistent with or contrary to the SPO Offering Materials, to which reference is made for a complete and accurate statement of their contents, (iii) suggest that the Underwriter Defendants failed to conduct an adequate due diligence investigation, (iv) suggest

that Plaintiffs or members of the Class have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint or any alleged misstatement or omission in connection with the SPO Offering, (v) suggest that the Underwriter Defendants have any liability under the Complaint, or (vi) suggest that Plaintiffs have standing to sue, and/or to represent the Class, for the claims against the Underwriter Defendants.[1] The Underwriter Defendants deny any averments in the headings and subheadings in the Complaint. The Underwriter Defendants intend to respond only as to allegations directed to the Underwriter Defendants individually, and where the Underwriter Defendants respond to allegations that concern the "1933 Act Defendants," the "1934 Act Defendants," the "1934 Act Individual Defendants," the "Director Defendants," or the "§20A Defendants," and not the Underwriter Defendants individually, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the other Defendants unless the Underwriter Defendants expressly state otherwise. The Complaint is replete with references to purported descriptions and/or summaries of, and purported quotations from, various press releases, earnings transcripts, analyst reports, and other documents (including filings before this Court in a separate proceeding). In appropriate cases, the Underwriter Defendants respectfully refer the Court to the relevant documents for a complete and accurate statement of their contents without admitting the truth thereof or the admissibility of the documents. To the extent that those purported descriptions, summaries, and quotations are taken from sources not specifically identified in the Complaint or are not in the Underwriter Defendants'

---

[1] For the sake of clarity, and unless otherwise stated, the Underwriter Defendants herein use the defined terms and phrases set forth in the Complaint. In so doing, however, the Underwriter Defendants do not concede that any such definitions are proper. This includes the term "SPO Offering Materials," which includes the Registration Statement that was filed by Shoals on November 30, 2022, the prospectus supplement filed on December 5, 2022, and Shoals' incorporated SEC filings.

2

possession, or are otherwise unclear, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the relevant allegations and, in the case of quotations, as to the accuracy of such quotations.

The Underwriter Defendants further respond to the specific allegations in the Complaint as follows:

To the extent the allegations of the introductory paragraph on page 1 of the Complaint consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in the introductory paragraph on page 1 of the Complaint, except admit that Plaintiffs purport to bring the claims described therein on the bases alleged.

1. To the extent the allegations in paragraph 1 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 1, except admit that Plaintiffs purport to assert the claims described in paragraph 1 on behalf of all of those who purchased Shoals securities in or traceable to the December 2022 SPO.

2. To the extent the allegations in paragraph 2 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Securities Act of 1933 and applicable regulations for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 2.

3. To the extent the allegations in paragraph 3 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 3.

3

4. To the extent the allegations in paragraph 4 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials and the March 2023 SPO Prospectus for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 4.

5–6. The allegations in paragraphs 5 to 6 relate to claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 5 to 6.

7. The Underwriter Defendants admit that Plaintiffs purport to bring this action for the purpose stated in paragraph 7. The Underwriter Defendants deny that Plaintiffs are entitled to any recovery.

8. To the extent the allegations in paragraph 8 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 8, except admit that Plaintiffs purport to bring claims pursuant to the statutes cited therein.

9. To the extent the allegations in paragraph 9 consist of legal arguments or conclusions or relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants (i) admit that Plaintiffs purport to base jurisdiction over this action on the statutes cited therein and (ii) direct the Court to the parties' joint statement on jurisdiction in this matter, ECF No. 104 at 1, and deny any inconsistent allegations in paragraph 9.

10. To the extent the allegations in paragraph 10 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants admit that Plaintiffs purport to base venue on the statutes cited therein and deny any inconsistent allegations in paragraph 10.

11. To the extent the allegations in paragraph 11 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 11, except admit that the mails, interstate telephonic communications, and/or the facilities of a national securities market were used in connection with the December 2022 SPO.

12. To the extent the allegations in paragraph 12 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the first sentence in paragraph 12 and therefore deny it. The Underwriter Defendants deny the allegations in the second and third sentences in paragraph 12, except admit that Lead Plaintiff Erste AM submitted a certificate in this action purporting to set forth its ownership of Shoals securities.

13. To the extent the allegations in paragraph 13 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences in paragraph 13 and therefore deny them. The Underwriter Defendants deny the allegations in the third and fourth sentences in paragraph 13, except admit that Plaintiff KUAERP submitted a certificate in the referenced *Kissimee* Action, purporting to set forth its ownership of Shoals securities.

14–21. The allegations in paragraphs 14 to 21 relate to 1934 Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 14 to 21, including the footnotes thereto, except to the extent that a particular defendant was involving in the December 2022 SPO, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a description of that defendant's role and deny any inconsistent allegations.

22. To the extent the allegations in paragraph 22 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 22.

23. To the extent the allegations in paragraph 23 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a description of Brad Forth's role and deny any inconsistent allegations in paragraph 23.

24. To the extent the allegations in paragraph 24 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a description of Peter Wilver's role and deny any inconsistent allegations in paragraph 24.

25. To the extent the allegations in paragraph 25 relate to 1933 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a

6

response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a description of Ty Daul's role and deny any inconsistent allegations in paragraph 25.

26. To the extent the allegations in paragraph 26 relate to 1933 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a description of Toni Volpe's role and deny any inconsistent allegations in paragraph 26.

27. To the extent the allegations in paragraph 27 relate to 1933 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a description of Lori Sundberg's role and deny any inconsistent allegations in paragraph 27.

28. To the extent the allegations in paragraph 28 relate to 1933 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a description of Jeannette Mills' role and deny any inconsistent allegations in paragraph 28.

29. To the extent the allegations in paragraph 29 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a description of Robert Julian's role and deny any inconsistent allegations in paragraph 29.

30. Paragraph 30 contains no allegations, and, therefore, no response is required or appropriate.

7

31.     The allegations in paragraph 31 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials and SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 31.

32.     The Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a description of the Underwriter Defendants' roles and deny any inconsistent allegations in paragraph 32.

33.     To the extent the allegations in paragraph 33 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants admit that each named Underwriter Defendant is a defendant in this action, and respectfully refer the Court to the SPO Offering Materials for a description of the Underwriter Defendants' roles and deny any inconsistent allegations in paragraph 33.

34.     To the extent the allegations in paragraph 34 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 34, except admit that Plaintiffs purport to bring the claims described therein on the bases alleged.

35.     To the extent the allegations in paragraph 35 relate to claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 35.

8

36–39. The Underwriter Defendants deny that the allegations contained in paragraphs 36 to 39 constitute a complete and accurate description of Shoals and its business and respectfully refer the Court to the SPO Offering Materials for a description of Shoals' business as of their effective date.

40. The Underwriter Defendants respectfully refer the Court to the referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 40.

41. The allegations in paragraph 41 relate to 1934 Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the transcript of the referenced conference call and deny any inconsistent allegations in paragraph 41.

42. The Underwriter Defendants respectfully refer the Court to the referenced SEC filings for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 42.

43. The allegations in paragraph 43 relate to 1934 Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the transcript of the referenced earnings announcement and earnings call transcript and deny any inconsistent allegations in paragraph 43.

44. To the extent the allegations in paragraph 44 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 44.

45. The Underwriter Defendants deny that the allegations contained in paragraph 45 constitute a complete and accurate description of Shoals and its business and respectfully refer the Court to the SPO Offering Materials for a description of Shoals' business as of their effective date.

46. The Underwriter Defendants deny that the allegations contained in paragraph 46 constitute a complete and accurate description of Shoals and its business and respectfully refer the Court to the SPO Offering Materials for a description of Shoals' business as of their effective date.

47. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 and on that basis deny them.

48–55. The Underwriter Defendants deny the allegations contained in paragraphs 48 to 55 insofar as these allegations are based on unnamed witnesses whose identity, credibility, reliability, and accuracy have not been established. To the extent a further response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 48 to 55 and on that basis deny them.

56. To the extent the allegations in paragraph 56 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 and on that basis deny them.

57–59. To the extent the allegations in paragraphs 57 to 59 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 57 to 59 and on that basis deny them.

60–62. The allegations in paragraphs 60 to 62 relate to 1934 Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 60 to 62.

63. To the extent the allegations in paragraph 63 relate to 1933 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 63.

64. The Underwriter Defendants respectfully refer the Court to the SPO Offering Materials and the referenced securities analyst reports for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 64.

65. The Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 65.

66. The Underwriter Defendants respectfully refer the Court to the March 2023 SPO Prospectus for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 66.

67. To the extent the allegations in paragraph 67 relate to 1934 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced SEC filing for a complete and accurate statement of its contents, and otherwise deny knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67 and on that basis deny them.

68. To the extent the allegations in paragraph 68 relate to 1934 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 and on that basis deny them.

69. To the extent the allegations in paragraph 69 relate to 1934 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced SEC filing for a complete and accurate statement of its contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 and on that basis deny them.

70. To the extent the allegations in paragraph 70 relate to 1934 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced SEC filing and conference call transcript and deny any inconsistent allegations in paragraph 70.

71. To the extent the allegations in paragraph 71 relate to 1934 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced SEC filings and deny any inconsistent allegations in paragraph 71.

72. To the extent the allegations in paragraph 72 relate to 1934 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a

12

response is required, the Underwriter Defendants respectfully refer the Court to the referenced analyst report and deny any inconsistent allegations in paragraph 72.

73. To the extent the allegations in paragraph 73 consist of legal conclusions, no response is required or appropriate. To the extent the allegations in paragraph 73 relate to 1934 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 73 and respectfully refer the Court to the referenced SEC filings and analyst reports for a complete and accurate statement of their contents.

74. To the extent the allegations in paragraph 74 relate to 1934 Act claims that are not directed to the Underwriter Defendants, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced SEC filing and earnings call transcript and deny any inconsistent allegations in paragraph 74.

75. To the extent the allegations in paragraph 75 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 75 and respectfully refer the Court to the publicly reported market services for a description of the trading prices for Shoals' securities.

76–173. To the extent the allegations in paragraphs 76 to 173 relate to 1934 Act claims that are not directed to the Underwriter Defendants, the Underwriter Defendants are not required to answer such allegations. To the extent the allegations in paragraphs 76 to 173 relate to the claims asserted against the Underwriter Defendants, the allegations in paragraphs 76 to 173 consist of legal conclusions, and no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the relevant offering documents, investor presentations, earnings call transcripts, press releases, and other documents referred to in

13

paragraphs 76 to 173, including the footnotes thereto, for a complete and accurate statement of their contents and deny any inconsistent allegations.

174. To the extent the allegations in paragraph 174 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 174, except admit that Plaintiffs purport to bring claims pursuant to the statute cited therein.

175. To the extent the allegations in paragraph 175 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 175, except admit that Plaintiffs purport to bring claims on the bases alleged.

176. To the extent the allegations in paragraph 176 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 176, except admit that Plaintiffs purport to bring claims on the bases alleged.

177. To the extent the allegations in paragraph 177 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 177.

178. To the extent the allegations in paragraph 178 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in the second sentence and respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 178.

14

179. The Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statements of their contents and deny any inconsistent allegations in paragraph 179.

180. The Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 180.

181. To the extent the allegations in paragraph 181 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in the third sentence and respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 181, including the footnote thereto.

182. The Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 182, including the footnote thereto.

183. The Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 183, including the footnote thereto.

184. The Underwriter Defendants deny the allegations in paragraph 184.

185. The Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a list of incorporated SEC filings and deny any inconsistent allegations in paragraph 185.

186. The Underwriter Defendants deny the allegations in paragraph 186.

187. The Underwriter Defendants deny the allegations in paragraph 187.

188. To the extent the allegations in paragraph 188 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 188.

189. To the extent the allegations in paragraph 189 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 189.

190. The Underwriter Defendants respectfully refer the Court to the SPO Offering Materials for a complete and accurate statement of their contents and deny any inconsistent allegations in paragraph 190.

191. To the extent the allegations in paragraph 191 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 191.

192. To the extent the allegations in paragraph 192 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants aver that they conducted due diligence in connection with the December 2022 SPO and otherwise respectfully refer the Court to the SPO Offering Materials for a description of the Underwriter Defendants' roles and deny any inconsistent allegations in paragraph 192.

193–198. The allegations in paragraphs 193 to 198 relate to claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer

16

such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 193 to 198.

199–204. To the extent the allegations in paragraphs 199 to 204 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in paragraphs 199 to 204.

205–229. The allegations in paragraphs 205 to 229 relate to claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 205 to 229.

230. Paragraph 230 contains no allegations, and therefore no response is required or appropriate.

231. The Underwriter Defendants deny the allegations in paragraph 231, except admit that Plaintiffs purport to bring the claim described therein.

232. To the extent the allegations in paragraph 232 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Securities Act of 1933 for a complete and accurate statement of its contents and deny any inconsistent allegations in paragraph 232.

233. To the extent the allegations in paragraph 233 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations of paragraph 233.

234. The Underwriter Defendants deny the allegations in paragraph 234.

235. To the extent the allegations in paragraph 235 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 235.

236. The Underwriter Defendants deny the allegations in paragraph 236.

237. The Underwriter Defendants deny the allegations in paragraph 237.

238. The Underwriter Defendants deny the allegations in paragraph 238, except admit that Plaintiff KUAERP submitted a certificate in the *Kissimmee* Action purporting to set forth its ownership of Shoals securities.

239. To the extent the allegations in paragraph 239 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraph 239.

240. To the extent the allegations in paragraph 240 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 240 and therefore deny them and (ii) deny the remaining allegations of this paragraph.

241–247. The allegations in paragraphs 241 to 247 concern a claim that has been dismissed, and no response is necessary or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 241 to 247.

248–251. The allegations in paragraphs 248 to 251 relate to 1933 Act claims that are not directed to the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny the allegations in paragraphs 248 to 251.

The Underwriter Defendants deny that Plaintiffs or members of the proposed Class are entitled to the requested relief, or any relief against the Underwriter Defendants, and the Underwriter Defendants request that the Court dismiss all claims against them with prejudice, enter judgment in their favor and against Plaintiffs, award them attorneys' fees, costs, and expenses, and order such further relief as the Court deems proper.

The Underwriter Defendants deny the allegations in the jury demand, except admit that Plaintiffs purport to demand a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

The Underwriter Defendants state the following defenses and reserve their right to assert other and additional defenses, crossclaims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, the Underwriter Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs and members of the Class.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because they did not make any material misstatements or material omissions, the SPO Offering Materials bespoke caution about the risks of investing in Shoals, and the Underwriter Defendants are not responsible in law or fact for any material misstatement or material omissions by others.

19

## THIRD DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because they had no duty to disclose any facts allegedly not disclosed.

## FOURTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because any alleged misrepresentations or omissions for which the Underwriter Defendants are allegedly responsible were not material.

## FIFTH DEFENSE

The Underwriter Defendants acted at all times in good faith and had no knowledge and were not reckless in not knowing that any alleged statement or omission was false or misleading.

## SIXTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because the substance of any information that was allegedly misrepresented in and/or omitted from the SPO Offering Materials was, in fact, represented accurately and/or disclosed.

## SEVENTH DEFENSE

Any allegedly material information allegedly omitted from the SPO Offering Materials was already disclosed and/or publicly known.

## EIGHTH DEFENSE

Plaintiffs and proposed Class members lack standing to maintain some or all of their claims under Section 11 of the 1933 Act to the extent the Lead Plaintiff and members of the proposed Class did not purchase stock in or traceable to the December 2022 SPO.

20

## NINTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class because they had, after reasonable and diligent investigation, reasonable grounds to believe and did believe, at the time the SPO Offering Materials became effective, that the statements in the SPO Offering Materials were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## TENTH DEFENSE

The conduct of persons and/or entities other than Underwriter Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiffs and members of the proposed Class.

## ELEVENTH DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the proposed Class for any damages to the extent Plaintiffs and members of the proposed Class have incurred no legally cognizable injury or damages.

## TWELFTH DEFENSE

Plaintiffs and members of the proposed Class's claims against Underwriter Defendants are barred in whole, or in part, because the alleged damages or other injuries were caused solely by the acts or omissions of the Plaintiffs and members of the proposed Class or others over whom the Underwriter Defendants had no control.

## THIRTEENTH DEFENSE

In the event one or more defendants enter into a settlement with the Plaintiffs, any subsequent judgment against the Underwriter Defendants must be reduced by the greater of the dollar value of the settlement or the amount of the settling defendants' proportionate liability.

## FOURTEENTH DEFENSE

Plaintiffs and members of the proposed Class's claims against the Underwriter Defendants are barred in whole, or in part, because of Plaintiffs and members of the proposed Class's inequitable conduct and unclean hands and/or the doctrines of waiver, estoppel, and laches.

## FIFTEENTH DEFENSE

Plaintiffs and members of the proposed Class's claims are not properly maintainable as a class action.

## SIXTEENTH DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, and if any of the Plaintiffs and members of the proposed Class were aware of that statement or omission, then such Plaintiffs and members of the proposed Class cannot prevail.

## SEVENTEENTH DEFENSE

Plaintiffs and members of the proposed Class are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

## EIGHTEENTH DEFENSE

Plaintiffs and members of the proposed Class are not entitled to recovery under the 1933 Act from the Underwriter Defendants because the Underwriter Defendants did not know and, in the exercise of reasonable care, could not have known of the alleged misstatements or omissions of fact in the SPO Offering Materials.

22

**NINETEENTH DEFENSE**

None of the Underwriter Defendants are liable under Section 11 of the 1933 Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public.

**TWENTIETH DEFENSE**

Plaintiffs and members of the proposed Class's claims are barred in whole or in part, because certain of the challenged statements contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were either not honestly held or contained embedded statements of false, material facts.

**TWENTY-FIRST DEFENSE**

Plaintiffs and members of the proposed Class's claims are barred in whole, or in part, because the SPO Offering Materials complied with applicable statutes, rules, and regulations of the SEC and any other statutes, rules, or regulations in effect at the time of the conduct alleged in the Complaint.

**TWENTY-SECOND DEFENSE**

Plaintiffs and members of the proposed Class's claims are barred in whole or in part, because Plaintiffs assumed the risks disclosed in the SPO Offering Materials associated with the securities in question and any alleged losses were caused by those risks coming to fruition.

**TWENTY-THIRD DEFENSE**

Plaintiffs and members of the proposed Class's claims are barred in whole or in part to the extent that they held, disposed of, or could have disposed of the securities at a price in excess of the offering price.

23

## TWENTY-FOURTH DEFENSE

Without admitting that Plaintiffs or members of the Class suffered damages in any amount, or that any defendants are or should be liable for any such damages, to the extent that Plaintiffs failed to mitigate, minimize, or avoid any loss or damage referred to in the Complaint, any recovery against the Underwriter Defendants must be reduced by that amount or eliminated.

## TWENTY-FIFTH DEFENSE

The Underwriter Defendants reserve all separate or affirmative defenses or rights that they may have against the members of the proposed Class. It is not necessary at this time for the Underwriter Defendants to delineate such defenses because no class has been certified and the members of the proposed Class are not parties to the litigation.

## TWENTY-SIXTH DEFENSE

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time. The Underwriter Defendants adopt and incorporate any and all separate defenses asserted by other defendants in this action, to the extent such defense are applicable to the Underwriter Defendants.

Dated: November 13, 2025

Respectfully submitted,

*/s/ Dan Gold*

Dan Gold (*pro hac vice*)
ALLEN OVERY SHEARMAN STERLING US LLP
The Link at Uptown
2601 Olive Street, 17th Floor
Dallas, TX 75201
Tel.: (214) 271-5777
dan.gold@aoshearman.com

Benjamin Klebanoff (*pro hac vice*)
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 848-4000
benjamin.klebanoff@aoshearman.com

Mozianio S. Reliford, III
Polsinelli PC
501 Commerce Street, Suite 1300
Nashville, TN 37203
Tel.: (615) 252-3948
treliford@polsinelli.com

*Attorneys for the Underwriter Defendants*

## <u>CERTIFICATE OF SERVICE</u>

   I certify that on November 13, 2025, the foregoing was filed electronically with the Clerk of Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, which includes the following:

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
North Nashville, TN 37203
jmartin@barrettjohnston.com

Gregg S. Levin
Christopher F. Moriarty
William S. Norton
MOTLEY RICE LLC
28 Bridgeside Boulevard.
Mount Pleasant, SC 29464
glevin@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

Debra J. Wyman
Matthew I. Alpert
Joseph J. Tull
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
debraw@rgrdlaw.com
malpert@rgrdlaw.com
jtull@rgrdlaw.com

Christopher M. Wood
ROBBINS GELLER RUDMAN & DOWD LLP
200 31st Avenue North
North Nashville, TN 37203
cwood@rgrdlaw.com

Robert D. Klausner
Sean M. Sendra
KLAUSNER, KAUFMAN, JENSEN & LEVINSON, P.A.
7080 Northwest 4th Street
Plantation, FL 33317
bob@robertdklausner.com
sean@robertdklausner.com

Britt K. Latham
Margaret V. Dodson
BASS, BERRY & SIMS
21 Platform Way South
Suite 3500
Nashville, TN 37201
blatham@bassberry.com
margaret.dodson@bassberry.com

Heather A. Waller
Renatta A. Gorski
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
heather.waller@lw.com
renatta.gorski@lw.com

Michele D. Johnson
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
michele.johnson@lw.com

*/s/ Dan Gold*
Dan Gold

26