# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) | Civil Action No. 3:24-cv-00334 |
| | ) ) | Judge Barbara D. Holmes Magistrate Judge Alistair Newbern |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| | ) ) ) | DEMAND FOR JURY TRIAL |

DECLARATION OF JAMES TERRY ON BEHALF OF THE KISSIMMEE UTILITY
AUTHORITY IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS
REPRESENTATIVES AND CLASS COUNSEL

I, James Terry, declare as follows:

1.       I respectfully submit this declaration in support of Plaintiffs' Motion for Class Certification. I have personal knowledge of the statements herein and, if called upon as a witness, could and would competently testify thereto.

2.       I am the Secretary of the Kissimmee Utility Authority ("KUA") Employees' Retirement Plan (the "Plan") pension board of trustees. The Plan is a single-employer defined benefit plan created in 1986, providing benefits for full-time employees of KUA and their eligible beneficiaries. The Plan is governed by a five-member pension board of trustees and manages over $130 million in assets on behalf of more than 500 plan participants.

3.       The Plan filed a complaint against Shoals in May 2024 (*Kissimmee Util. Auth. Emps.' Ret. Plan v. Shoals Techs. Grp., Inc.*, No. 3:24-cv-00598 (M.D. Tenn.) (the "*Kissimmee Action*")), and is a plaintiff in the Amended Consolidated Complaint for Violation of the Federal Securities Laws (ECF 82) ("Consolidated Complaint"), filed on February 4, 2025 in this action.

- 1 -

4.      During the Class Period in this action, the Plan purchased Shoals publicly traded common stock, including in the December 2022 Secondary Public Offering, as set forth in its certification filed in the *Kissimmee* Action. *See Kissimmee* Action, ECF 1 at 47.

5.      The Plan reviews and monitors the progress of this litigation. In connection therewith, we regularly communicate with Lead Counsel and proposed class counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Motley Rice LLC ("Motley Rice") regarding various aspects of this litigation, including pleadings, briefs, discovery, court orders, and other case developments.

6.      With the assistance of the Plan's counsel, we have received and reviewed numerous key documents filed with the Court, including, but not limited to: (a) the Order granting appointment of Lead Plaintiff and approval of Lead Plaintiff's selection of Lead Counsel (ECF 65); (b) the Consolidated Complaint; (c) the Order granting in part and denying in part Defendants' motion to dismiss (ECF 101); and (d) a draft of the Motion for Class Certification. We have consulted with counsel concerning key events in the litigation, including document collection and review. The Plan also provided Initial Disclosures pursuant to Federal Rule of Civil Procedure 26 and written responses to document requests.

7.      The Plan seeks to be appointed class representative in this action. Should it be appointed as a class representative, the Plan will continue to provide fair and adequate representation to the members of the proposed class and work with Lead Counsel to maximize the recovery for the class consistent with good faith and meritorious advocacy.

8.      The Plan makes the accompanying motion to have Robbins Geller and Motley Rice certified as class counsel based on the firms' substantial experience and expertise in prosecuting securities class actions. In addition, the Plan believes that Robbins Geller and Motley Rice possess

- 2 -

the necessary financial and human resources to effectively and successfully prosecute this case through trial and any post-trial appeals.

9.     The Plan will not accept any payment for serving as class representative beyond its pro rata share of any recovery, except for reimbursement of such reasonable costs and expenses directly relating to the representation of the class as ordered and approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 21ˢᵗ day of January, 2026.

_____
JAMES TERRY

- 3 -