| | |
|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) Civil Action No. 3:24-cv-00334 |
| | ) |
| | ) Judge William L. Campbell, Jr. |
| | ) Magistrate Judge Barbara D. Holmes |
| This Document Relates To: | ) |
| | ) CLASS ACTION |
| | ) |
| | ) DEMAND FOR JURY TRIAL |

### [PROPOSED] STIPULATED PROTECTIVE AND RULE 502(D) ORDER

Lead Plaintiff Erste Asset Management GmbH and plaintiff Kissimmee Utility Authority Employees' Retirement Plan (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, and defendants Shoals Technologies Group, Inc. ("Shoals"), Dominic Bardos, Jason R. Whitaker, Jeffrey Tolnar, Kevin Hubbard, Brad Forth, Peter Wilver, Ty Daul, Toni Volpe, Lori Sundberg, Jeanette Mills, Robert Julian, Dean Solon (collectively, the "Individual Defendants"), J.P. Morgan Securities LLC, Guggenheim Securities, LLC, Morgan Stanley & Co. LLC, UBS Securities LLC, Goldman Sachs & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Cowen and Company, LLC, Oppenheimer & Co. Inc., Piper Sandler & Co., Roth Capital Partners, LLC, Johnson Rice & Company L.L.C., and Northland Securities, Inc. (collectively, the "Underwriter Defendants" and together with Shoals and the Individual Defendants, "Defendants") (collectively, the "Parties") acknowledge the need to enter a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that establishes procedures for the designation and protection of confidential and proprietary information produced during this litigation and procedures for challenging any such designation. The Parties desire to limit disclosure and prevent

- 1 -

the use of such information for any purposes other than the prosecution and defense of this litigation. In light of the Parties' agreement, as evidenced by the signatures of counsel below, and for good cause:

**IT IS HEREBY STIPULATED AND AGREED** as follows:

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective and Rule 502(d) Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Order does not entitle them to automatically file confidential information under seal. *See* M.D. Tenn. L.R. 5.03(f).

**2.      DEFINITIONS**

2.1      *Challenging Party*: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "*CONFIDENTIAL*" *Information or Items*: information (regardless of how it is generated, stored, or maintained) or tangible things that fall within one or more of the following categories: (a) information prohibited from disclosure by statute or that is required to be kept confidential pursuant to any law or regulation; (b) information that is competitively sensitive or commercially sensitive, including, but not limited to, research, analysis, technical, commercial, sales, business development, marketing, or financial information that the producing party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (f) personnel or employment

- 2 -

records of a person who is not a party to this action; (g) information that the producing party is under a preexisting contractual or other obligation to a third party to treat as confidential; or (h) any other category of information given confidential status by the Court.

2.3     *Counsel (without qualifier)*: Outside Counsel and In-House Counsel (as well as their support staff).

2.4     *Designating Party*: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     *Disclosure or Discovery Material*: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6     *Expert/Consultant*: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7     *"HIGHLY CONFIDENTIAL" Information or Items:* non-public information (regardless of how it is generated, stored, or maintained) of a highly sensitive or proprietary nature, including: (1) highly sensitive personal and confidential information; (2) highly sensitive financial information, including competitively sensitive information, information technology and data processing, trade secret and proprietary information; (3) highly sensitive and non-public research and analysis, customer information, or privacy interests; (4) highly sensitive marketing and strategic business planning information (including past information indicating current practices); (5) information relating to acquisitions or potential acquisitions of assets, intellectual property or businesses; (6) communications regarding Highly Confidential information, deposition testimony, interrogatory responses, or other

- 3 -

discovery material or testimony regarding the Highly Confidential information; (7) any information that a Party believes in good faith could be used by a competitor to harm its business; and (8) information that a producing party is under a preexisting contractual or other obligation to a third party to treat as highly confidential.

2.8 *In-House Counsel*: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel in this action or any other outside counsel.

2.9 *Non-Party*: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 *Outside Counsel*: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.11 *Party*: any party to this action, including all of its officers, directors, employees, and Outside Counsel (and their support staffs).

2.12 *Producing Party*: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 *Professional Vendors*: persons or entities that provide or advise on litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 *Protected Material*: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.15 *Receiving Party*: a Party that receives Disclosure or Discovery Material from a Producing Party.

- 4 -

### 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (i) dismissal of all claims and defenses in this action, with or without prejudice; (ii) final approval of settlement between and among all Parties; or (iii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4935-1378-3952.v1

## 5. DESIGNATING PROTECTED MATERIAL

5.1 *Manner and Timing of Designations*. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall indicate in the accompanying cover letter that the production includes protected information and affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page of the production that contains Protected Material. For documents produced in native format, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend shall be affixed to the placeholder Bates-numbered TIFF image that accompanies the native file. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.

(b) Unless all Parties agree on the record at the time deposition testimony is taken to some other designation, all deposition testimony taken in this action shall be treated as Protected Material until no later than the 30th day after the transcript is delivered to any Party or the witness. Within this time period, a Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony (and exhibits thereto) that are designated Protected Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

4935-1378-3952.v1

containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2     *Inadvertent Failures to Designate*.  If the claim of confidentiality or high confidentiality is asserted reasonably promptly after actual discovery of the inadvertent failure, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon reasonably prompt correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     *Timing of Challenges*.  Any Party or Non-Party may challenge a designation of confidentiality or high confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality or high confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality or high confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     *Meet and Confer*.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (by phone, video conference, or in person) within seven days of the date of notice of the challenge.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     *Judicial Intervention*.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to de-designate confidentiality or high confidentiality under M.D. Tenn. L.R. 7.01.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  For the avoidance of doubt, the Challenging Party's motion shall be filed under seal and identify with specificity the Protected Material that is the subject of the motion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     *Basic Principles*.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions regarding the final disposition of Protected Material.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     *Disclosure of "CONFIDENTIAL" Information or Items*.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

- 8 -

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts/Consultants and their staff once the individual or their firm has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel, special masters, and any court appointed official and their staff;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     Professional Vendors and their staff;

(h)     mediators and their staff;

(i)     witnesses or potential witnesses in the action, during or in preparation for deposition or trial testimony, to whom disclosure is reasonably necessary, so long as they are not permitted to retain copies of Protected Material;

(j)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(k)     insurance carriers to which a claim for coverage in this matter has been made.

7.3     *Disclosure of "HIGHLY CONFIDENTIAL" Information or Items*.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Court and its personnel, special masters, and any court appointed official and their staff;

(b)     court reporters and their staff;

(c)     mediators and their staff;

- 9 -

(d)     In-House Counsel for a Party, outside support services hired by such attorneys (including, without limitation, contract attorneys and contract paralegals working under the direction of attorneys of record, copy services, document management services and graphic services), but only if such person has executed Exhibit A to this Order;

(e)     the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(f)     Professional Vendors and their staff once the individual or the firm has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or has executed an agreement with a Party (or counsel thereto) providing substantially similar confidentiality protections;

(g)     Experts/Consultants and their staff once the individual or their firm has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but only if such Expert or Consultant is not a current or former employee of a competitor or supplier of a Party;

(h)     any person who is identified as having prepared, received, reviewed, or been provided access to the "Highly Confidential" material prior to its production in the litigation;

(i)     witnesses or potential witnesses in the action, during or in preparation for deposition or trial testimony, to whom disclosure is reasonably necessary, so long as they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), are not permitted to retain copies of Protected Material, and are not a current or former employee of a competitor or supplier of a Party; and

(j)     other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.4     *Large Language Models / Generative AI Tools*.  All parties shall take commercially reasonable steps to prevent unauthorized access to Confidential and Highly Confidential information or items, including when using Generative Artificial Intelligence ("AI") tools or large language models.

- 10 -

Without notifying and obtaining permission from the producing party, individuals or entities with access to Confidential or Highly Confidential information or items under this Order must not use such information or items in AI tools or similar applications (*e.g.*, ChatGPT, Google Gemini, Claude, Meta LLAMA) without taking commercially reasonable efforts to ensure such tools: (a) do not incorporate inputs into model weights, or otherwise inadvertently produce outputs containing identifiable parts of the Confidential or Highly Confidential information or items to unauthorized users; and (b) adhere to cybersecurity best practices and provide sufficient administrative controls to prevent unauthorized access. A Receiving Party is prohibited from inputting, uploading, or otherwise sharing Confidential or Highly Confidential information with any open publicly-accessible Generative AI tool and/or Large Language Model (*e.g.*, ChatGPT, Anthropic, or similar AI systems). If such information is inputted, uploaded, or otherwise shared, it shall constitute an unauthorized disclosure.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party within five business days of being served with the subpoena or court order. Such notification shall include a copy of the subpoena or court order.

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 10. UNAUTHORIZED, INADVERTENT, OR OTHER DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Privileged Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Designating Party of the unauthorized disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Privileged Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection,

including, but not limited to, information or documents that may be considered Confidential or Highly Confidential under this Order, will not be deemed to waive a party's claim to its privileged nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any Party receiving any such information or document must destroy it upon request by the Designating Party. Upon receiving such a clawback request as to specific information or documents, the Receiving Party must destroy the information or documents within ten days, may not use or disclose the privileged material or information contained therein, regardless of whether the Receiving Party agrees with the claim of privilege and/or work product protection. To the extent the Producing Party claimed the privileged material should have been produced in redacted form, the Producing Party shall produce a redacted replacement copy within ten days of providing notice of the inadvertent production or disclosure. If the Receiving Party disclosed the privileged material before being notified of the inadvertent production, it must take reasonable steps to retrieve it. Disclosure of the information or document by the other Party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d)-(e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended to be or will be construed to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, or segregation of privileged information before production.

A party may sequester documents if challenging a clawback request.[1] Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of counsel that

---

[1] Copies of Protected Material or Privileged Material that have been stored on electronic media that are not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as

4935-1378-3952.v1

the disclosed discovery has been returned, sequestered, or destroyed subject to the terms of this Order. The Receiving Party must sequester any discovery item claimed to be Privileged Material if the Receiving Party intends to challenge the designation or move the Court for a ruling that the document was never privileged or protected. The Receiving Party must comply with Fed. R. Civ. P. 26(b)(5)(B) and may not use or disclose, for any purpose, any discovery item claimed to be Privileged Material, including for purposes of challenging the Producing Party's clawback request other than providing a copy of the discovery at issue to the Court under seal for a determination of the claim, unless and until the Court determines and rules that the discovery item was never privileged.

## 11. MISCELLANEOUS

11.1 *Right to Further Relief*. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 *Right to Assert Other Objections*. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

## 12. FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of Confidential or Highly Confidential information or items shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential or Highly Confidential information or items and certify that fact in writing. The Receiving Party's reasonable efforts shall not require the return or destruction of Confidential or Highly Confidential information or

long as they are not restored. If such data is restored, the Receiving Party must take steps to return, destroy, or re-sequester the restored Protected Material or Privileged Material.

- 14 -

items from: (i) disaster recovery or business continuity backups; (ii) data stored in back-end databases critical to application operability and system-generated temporary folders; (iii) archived data with limited end-user accessibility; or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning, or certifying destruction of, Confidential or Highly Confidential information or items, but such retained information shall continue to be treated in accordance with this Order and destroyed in due course.

Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports, communications, and attorney work product that contain or refer to Confidential or Highly Confidential information or items, provided that such counsel and employees of such counsel shall not disclose such Confidential or Highly Confidential information or items to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

DATED: February 19, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (*pro hac vice*)
MATTHEW I. ALPERT (*pro hac vice*)
JOSEPH J. TULL (*pro hac vice*)
ASHLEY G. PYLE (*pro hac vice*)

s/ Joseph J. Tull
JOSEPH J. TULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
debraw@rgrdlaw.com
malpert@rgrdlaw.com
jtull@rgrdlaw.com
apyle@rgrdlaw.com

- 15 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2203
cwood@rgrdlaw.com

MOTLEY RICE LLC
GREGG S. LEVIN (*pro hac vice*)
WILLIAM S. NORTON (*pro hac vice*)
JOSHUA C. LITTLEJOHN (*pro hac vice*)
CHRISTOPHER F. MORIARTY (*pro hac vice*)
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Telephone:  843/216-9000
glevin@motleyrice.com
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

Lead Counsel

BARRETT JOHNSTON MARTIN
  & GARRISON, PLLC
JERRY E. MARTIN, #20193
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2202
jmartin@barrettjohnston.com

Local Counsel

KLAUSNER, KAUFMAN, JENSEN
  & LEVINSON, P.A.
ROBERT D. KLAUSNER (*pro hac vice*)
SEAN M SENDRA
7080 Northwest 4th Street
Plantation, FL  33317
Telephone: 954/916-1202
bob@robertdklausner.com
sean@robertdklausner.com

Additional Counsel for Plaintiff Kissimmee Utility
Authority Employees' Retirement Plan

- 16 -

4935-1378-3952.v1

DATED: February 19, 2026

BASS, BERRY & SIMS
BRITT K. LATHAM
MARGARET V. DODSON

s/ Britt K. Latham
BRITT K. LATHAM

21 Platform Way South, Suite 3500
Nashville, TN  37201
Telephone:  615/742-6200
615/742-6293 (fax)
blatham@bassberry.com
margaret.dodson@bassberry.com

LATHAM & WATKINS LLP
MICHELE D. JOHNSON
(admitted *pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626
Telephone:  714/540-1235
714/755-8290 (fax)
michele.johnson@lw.com

LATHAM & WATKINS LLP
HEATHER A. WALLER
(admitted *pro hac vice*)
RENATTA A. GORSKI
(admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
Telephone:  312/876-7700
617/993-9767 (fax)
heather.waller@lw.com
renatta.gorski @lw.com

Counsel for Defendants Shoals Technologies Group, Inc., Jason R. Whitaker, Jeffrey Tolnar, Kevin Hubbard, Dominic Bardos, Brad Forth, Peter Wilver, Ty Daul, Toni Volpe, Lori Sundberg, Jeanette Mills, Robert Julian, and Dean Solon

- 17 -

DATED: February 19, 2026                   POLSINELLI PC


                                  s/ Mozianio S. Reliford, III
                                  MOZIANIO S. RELIFORD, III

                                  Mozianio S. Reliford, III (TN BPR # 36170)
                                  501 Commerce Street, Suite 1300
                                  Nashville, TN  37203
                                  Telephone:  615/252-3948
                                  treliford@polsinelli.com

                                  ALLEN OVERY SHEARMAN
                                    STERLING US LLP
                                  DAN GOLD
                                  (admitted *pro hac vice*)
                                  The Link at Uptown, 2601 Olive Street
                                    17th Floor
                                  Dallas, TX  75201
                                  Telephone: 214/271-5777
                                  dan.gold@aoshearman.com

                                  BENJAMIN KLEBANOFF
                                  (admitted *pro hac vice*)
                                  599 Lexington Avenue
                                  New York, NY  10022
                                  Telephone:  212/848-4000
                                  benjamin.klebanoff@aoshearman.com

                                  Counsel for Underwriter Defendants J.P. Morgan
                                  Securities LLC, Guggenheim Securities, LLC,
                                  Morgan Stanley & Co. LLC, UBS Securities LLC,
                                  Goldman Sachs & Co. LLC, Barclays Capital Inc.,
                                  Credit Suisse Securities (USA) LLC, Cowen and
                                  Company, LLC, Oppenheimer & Co. Inc., Piper
                                  Sandler & Co., Roth Capital Partners, LLC, Johnson
                                  Rice & Company L.L.C., and Northland Securities,
                                  Inc.

- 18 -

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.


DATED: _____  _____
THE HONORABLE WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

- 19 -

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:24-cv-00334 Judge William L. Campbell, Jr. Magistrate Judge Barbara D. Holmes |
| This Document Relates To: | ) ) ) ) ) | CLASS ACTION DEMAND FOR JURY TRIAL |

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type employer], acknowledge that I have read in its entirety and understand the Stipulated Protective and Rule 502(d) Order that was issued in the above captioned case on [INSERT DATE ORDERED]. I agree to comply with and to be bound by all the terms of this Stipulated Protective and Rule 502(d) Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. The undersigned understands that the terms of the Stipulated Protective and Rule 502(d) Order obligate him/her/it to use discovery material designated as Confidential or Highly Confidential in accordance with the Stipulated Protective and Rule 502(d) Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential discovery material to any other person, firm, or concern.

I further agree to submit to the jurisdiction of the United States District Court for the Middle

District of Tennessee for the purpose of enforcing the terms of this Stipulated Protective and Rule

502(d) Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____

4935-1378-3952.v1