UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) Civil Action No. 3:24-cv-00334 ) ) Judge Waverly D. Crenshaw, Jr. ) Magistrate Judge Barbara D. Holmes |
| This Document Relates To: ALL ACTIONS | ) ) CLASS ACTION ) ) DEMAND FOR JURY TRIAL ) |

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court entitled *In re Shoals Technologies Group, Inc. Securities Litigation*, Civil Action No. 3:24-cv-00334 (M.D. Tenn.) (the "Litigation");

WHEREAS, Lead Plaintiff Erste Asset Management GmbH and plaintiff Kissimmee Utility Authority Employees' Retirement Plan (collectively, "Plaintiffs") having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation and Agreement of Settlement dated April 28, 2026 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

- 1 -

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, this Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Shoals common stock between May 16, 2022, and May 7, 2024, inclusive, including purchasers in Shoals' December 2022 secondary public offering, and were allegedly harmed thereby. Excluded from the Class are: Defendants, the immediate families of the Individual Defendants, the officers and directors of the Company and members of their immediate families, and the Underwriter Defendants, at all relevant times, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. For the avoidance of doubt, any "Investment Vehicle" shall not be excluded from the Class. "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee-benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest, or as to which any Underwriter Defendant or any of its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity (other than where the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendants' or its affiliates' ownership or interest); provided, however, that membership in the Class by such entity is

- 2 -

limited to transactions in Shoals common stock made on behalf of, or for the benefit of, Persons other than Persons that are specifically excluded from the Class by definition. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

3. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are preliminarily certified as Class Representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP and Motley Rice LLC are preliminarily certified as Class Counsel.

5. The Court preliminarily finds that the proposed Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; (d) being fair, reasonable, and adequate to the Class; and (e) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

- 3 -

6. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2026, at ___ ___.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.12 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and/or Plaintiffs; and (e) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

7. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶9 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best

- 4 -

notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8. Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.*, which shall be paid by Defendants, and the costs associated with providing the record holder information required pursuant to ¶9(a) of this Order, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

9. The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a) Defendants shall provide or cause to be provided to the Claims Administrator, not later than five (5) business days after entry by this Court of this Order, at no cost to Plaintiffs or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Shoals common stock during the Class Period, as set forth in the records of Shoal's transfer agent;

(b) Not later than _____, 2026 (the "Notice Date") (a date that is twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where an email address is unavailable) to all potential Class Members at the addresses set forth in the records provided by Defendants, or who otherwise can be identified with reasonable effort, shall cause a copy of the Postcard Notice to be mailed to nominees, and shall post

- 5 -

the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.ShoalsSecuritiesSettlement.com. For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(c) Not later than _____, 2026 (a date that is seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d) Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

10. Nominees who purchased or otherwise acquired Shoals common stock during the Class Period for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (b) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email address is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions

- 6 -

by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11. Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

12. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be mailed or submitted electronically no later than _____, 2026 (a date that is ninety (90) calendar days from the Notice Date). Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have

- 7 -

any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

13. Any Class Member may enter an appearance in the Litigation, at his, her, its, or their own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14. Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth herein. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked or received no later than _____, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). A Request for Exclusion must provide: (a) the name, address, email address, and telephone number of the Person requesting exclusion; (b) a list identifying the dates and the number of shares of Shoals common stock purchased, acquired, and/or sold during the Class Period and the price paid for each such purchase and acquisition and received for each such sale; and (c) a statement that the Person wishes to be excluded from the Class, signed by the person or entity requesting exclusion or an authorized representative. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Shoals common stock during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in this paragraph shall be: (a) deemed to have waived his, her, its, or their right to be excluded from the Class; (b) barred from requesting exclusion from the Class; (c) bound by the provisions of the Stipulation and the Settlement and all proceedings,

- 8 -

determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proofs of Claim may be accepted for processing as set forth in ¶12. Any Person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Litigation, and shall not receive any payment out of the Net Settlement Fund.

15. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than three (3) calendar days from receipt thereof, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing and if received within fourteen (14) calendar days of the Settlement Hearing, within 24 hours of receipt.

16. Any Class Member who or which does not request exclusion from the Class may file a written objection to the Settlement and show cause why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why the requested amount of attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement

- 9 -

Hearing), by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Motley Rice LLC, Attn: Christopher F. Moriarty, 28 Bridgeside Boulevard, Mt. Pleasant, SC 29464; Latham & Watkins LLP, Attn: Heather A. Waller, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611; Allen Overy Shearman Sterling US LLP, Attn: Dan Gold, 2601 Olive Street, 17th Floor, Dallas, TX 75201, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Middle District of Tennessee, on or before _____, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). Any Class Member who does not make his, her, its, or their objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, to the request for attorneys' fees and expenses to Plaintiffs' Counsel, or to the awards to Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses to Plaintiffs' Counsel or awards to Plaintiffs are required to indicate in their written objection their intention to appear at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

17. Any objections, filings, and other submissions by an objecting Class Member must: (a) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (b) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether

the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (c) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and sales of Shoals common stock during the Class Period, including the dates and the number of shares purchased, acquired, and/or sold, and the price paid or received for each such purchase, acquisition, or sale; and (d) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected, and include copies of any papers, briefs, or other documents upon which the objection is based.

18. Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order, and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

19. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) shall be filed and served no later than _____, 2026 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing). Replies to any objections shall be filed and served no later than _____, 2026 (a date that is seven (7) calendar days prior to the Settlement Hearing).

21. Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility, interest in, or liability whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses or awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

22. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

23. All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

24. Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may

be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other action, or of any liability, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasing Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Defendant Parties, the Releasing Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement. The Released

Defendant Parties, the Releasing Plaintiff Parties, and each of their counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

26. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever (in whole or in part), this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of March 12, 2026.

27. Unless otherwise subsequently ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

IT IS SO ORDERED.

DATED: _____ _____
                                            THE HONORABLE WAVERLY D. CRENSHAW, JR.
                                            UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:24-cv-00334<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |
| This Document Relates To:<br>    ALL ACTIONS | ) ) ) ) ) | CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT 1

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SHOALS TECHNOLOGIES GROUP, INC. ("SHOALS" OR THE "COMPANY") COMMON STOCK BETWEEN MAY 16, 2022, AND MAY 7, 2024, INCLUSIVE (THE "CLASS PERIOD"), INCLUDING PURCHASERS OF SHOALS COMMON STOCK IN SHOALS' DECEMBER 2022 SECONDARY PUBLIC OFFERING**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.SHOALSSECURITIESSETTLEMENT.COM) ON OR BEFORE             , 2026.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Tennessee (the "Court").  The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Erste Asset Management GmbH and Kissimmee Utility Authority Employees' Retirement Plan ("Plaintiffs") and Shoals, Jason R. Whitaker, Jeffery Tolnar, Kevin Hubbard, Dominic Bardos, Brad Forth, Peter Wilver, Ty Daul, Toni Volpe, Lori Sundberg, Jeanette Mills, Robert Julian, Brandon Moss, Dean Solon (the "Individual Defendants"), J.P. Morgan Securities LLC, Guggenheim Securities, LLC, Morgan Stanley & Co. LLC, UBS Securities LLC, Goldman Sachs & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Cowen and Company, LLC, Oppenheimer & Co. Inc., Piper Sandler & Co., Roth Capital Partners, LLC, Johnson Rice & Company L.L.C., and Northland

- 1 -

Securities, Inc. (the "Underwriter Defendants") (collectively, "Defendants"); (ii) the proposed $70 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation and Agreement of Settlement dated April 28, 2026 (the "Stipulation"), by and between Plaintiffs and Defendants (the "Parties" or "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before _____, 2026.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked or received on or before _____, 2026.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before _____, 2026. If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON _____, 2026, AT \_\_:\_\_ \_.M., AND FILE A** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, including awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4). **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before _____, 2026.** |

---

[1]      All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.ShoalsSecuritiesSettlement.com.

4897-7493-6221.v1

| NOTICE OF INTENTION TO APPEAR | |
|---|---|
| DO NOTHING | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $70 million cash settlement fund has been established. Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of Shoals common stock under the Plan of Allocation is approximately $0.34, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. Please see the Plan of Allocation set forth and discussed at pages ___ through ____ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Shoals common stock was allegedly artificially inflated (if at all) during the relevant period; and (4) the amount, if any, by which the price of Shoals common stock was allegedly artificially inflated (if at all) during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees not to exceed 30% of the Settlement

- 3 -

Amount, plus expenses not to exceed $650,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may request awards not to exceed $40,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. If the amounts requested are approved by the Court, the average cost per Shoals common share will be approximately $0.11.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 888-808-7136, or visit the website, www.ShoalsSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com or Christopher F. Moriarty, Motley Rice LLC, 28 Bridgeside Boulevard, Mount Pleasant, SC 29464, 843-216-9000, cmoriarty@motleyrice.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. What is the purpose of this Notice? |
|---|

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Middle District of Tennessee, and the case is known as *In re Shoals Technologies Group, Inc. Securities Litigation*, Civil Action No. 3:24-cv-00334. The case has been assigned to the Honorable Waverly

D. Crenshaw, Jr.  The entities representing the Class are the "Plaintiffs," and the companies and individuals they sued and who have now settled are called the "Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| 2. | What is this lawsuit about? |
|---|---|

### The Allegations

The Litigation is a securities class action in which Plaintiffs allege that Defendants made materially false and misleading statements and omissions in certain of Shoals' SEC filings and other public disclosures. The Complaint asserts claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and Sections 11 and 15 of the Securities Act of 1933.

Defendants have denied, and continue to deny, each and all of the claims and allegations of wrongdoing, fault, or liability asserted in the Litigation.  Defendants contend, among other things, that the challenged statements were not false or misleading, that they acted in good faith, and that Plaintiffs did not suffer damages as a result of any alleged conduct.  The Court has not made any determination as to the merits of the claims or defenses in this Litigation.  This Notice is not intended to be an expression or opinion by the Court with respect to the truth of the allegations in the action or the merits of the claims or defenses asserted.  This Notice is solely to advise you of the proposed settlement of this action and your rights in connection with that settlement.

### Procedural History

The Litigation is currently pending before Judge Waverly D. Crenshaw, Jr. in the United States District Court for the Middle District of Tennessee (the "Court").  The initial complaint in the Litigation was filed on March 21, 2024.  On October 2, 2024, the Court appointed Erste Asset Management GmbH as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP and Motley Rice LLC as Lead Counsel.

On February 4, 2025, Plaintiffs filed their Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint").  On February 18, 2025, Defendants filed their motion to dismiss the Complaint, and Plaintiffs filed their opposition to the motion on April 21, 2025.  Defendants filed their reply brief on June 5, 2025, and a Notice of Supplemental Authority on July 7, 2025.  On July 25, 2025, Plaintiffs filed a response to the Notice of Supplemental Authority. On September 30, 2025, the Court issued an order granting in part and denying in part the motion to dismiss.  Defendants answered the Complaint on November 13, 2025.

On October 17, 2025, the Parties filed their [Proposed] Joint Case Management Order, and on October 31, 2025 and November 5, 2025, Magistrate Judge Newbern held status conferences with the Parties.  On November 11, 2025, the Parties filed their [Proposed] Revised Joint Initial Case Management Order.

- 5 -

On December 12, 2025, Plaintiffs filed a motion to reassign the Litigation to Judge Campbell, which motion was granted on December 15, 2025. Judge Campbell held a status conference on January 6, 2026. The case was reassigned to this Court on March 4, 2026.

Plaintiffs filed their motion for class certification on January 21, 2026. The motion remains pending.

Plaintiffs and Defendants participated in a voluntary confidential mediation session with Miles Ruthberg (of Phillips ADR), an experienced mediator, on December 3, 2025. The mediation session was preceded by the submission and exchange of opening and reply mediation statements by both Plaintiffs and Defendants. The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session. A second mediation was held on January 22, 2026, and a third on February 27, 2026. The Parties exchanged and provided to Mr. Ruthberg additional mediation materials in advance of the January 22, 2026 session. Following additional settlement discussions with Mr. Ruthberg, on March 9, 2026, the Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $70 million to be paid by or on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a negotiated Memorandum of Understanding that the Parties executed on March 12, 2026, and subject to negotiation of the terms of a stipulation of settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

| 3. | Why is there a settlement? |
|----|----------------------------|

The Court has not decided in favor of Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation. Defendants have denied, and continue to deny, each and all of the claims alleged by Plaintiffs and any allegations of wrongdoing, liability, or damages.

If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other Members of the Class would recover anything from Defendants. Also, if Defendants proved any of their defenses at summary judgment, trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|----|----------------------------------------------|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Shoals common stock between May 16, 2022, and May 7, 2024, inclusive, including purchasers in Shoals' December 2022 secondary public offering, and were allegedly harmed thereby. Excluded from the Class are: Defendants, the immediate families of the Individual Defendants, the officers and directors of the Company and members of their immediate families, and the Underwriter Defendants, at all relevant times, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. For the avoidance of doubt, any "Investment Vehicle" shall not be excluded from the Class. "Investment

- 6 -

Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee-benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest, or as to which any Underwriter Defendant or any of its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity (other than where the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendants' or its affiliates' ownership or interest); provided, however, that membership in the Class by such entity is limited to transactions in Shoals common stock made on behalf of, or for the benefit of, Persons other than Persons that are specifically excluded from the Class by definition. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

**Please Note**: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2026.

| **5.** | **What if I am still not sure if l am included in the Class?** |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at 888-808-7136, or you can fill out and return the Proof of Claim to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| **6.** | **What does the Settlement provide?** |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $70 million in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation and who would receive at least $10.00. The Plan of Allocation is described in more detail at the end of this Notice.

| **7.** | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| **8.** | **How can I get a payment?** |
|---|---|

- 7 -

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.ShoalsSecuritiesSettlement.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Shoals Securities Settlement*, c/o Verita Global, Claims Administrator, P.O. Box 301133, Los Angeles, CA 90030-1133) **or submit it online at www.ShoalsSecuritiesSettlement.com so that it is postmarked or received no later than _____, 2026**.

| 9. | When will I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2026, at _____ .m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, indirect or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants, and any and all of their Related Parties, in any forum, that: (i) arise out of, or related in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations, or omissions that were or could have been involved, set forth, alleged, or referred to in the Complaint or in any of the prior complaints; and (ii) in any way are based upon or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding, of Shoals common stock purchased or otherwise acquired during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Memorandum of Understanding or this Settlement; (ii) any derivative claims asserted on behalf of Shoals in *In re Shoals Technologies Group, Inc. Derivative Litigation*, Case No. 3:24-cv-00615 (M.D. Tenn.) and *Gipsman v. Whitaker, et al.* (Del. Ch. 2025-1401) (together, the "Derivative Actions"); (iii) any claims arising out of ERISA; or

- 8 -

(iv) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and/or any or all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, representatives, investment bankers, claims administrators, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Plaintiffs, their respective attorneys, and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, related entities and attorneys; and the predecessors, successors, estates, estate managers, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected,

- 9 -

undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, by operation of the Judgment, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally,

- 10 -

and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If timely and valid requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| **11.** | **How do I get out of the Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Shoals Securities Settlement*." Your letter must include your purchases, acquisitions, and sales of Shoals common stock during the Class Period, including the dates and number of shares of Shoals common stock you purchased, acquired, and/or sold, and the price paid for each such purchase and acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked or received no later than _____, 2026** to:

*Shoals Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you properly exclude yourself, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this

- 11 -

lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2026.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and/or the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Motley Rice LLC represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees not to exceed 30% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $650,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek awards not to exceed $40,000 in the aggregate in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Shoals Securities Settlement*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s),

- 12 -

price(s), and number of shares of Shoals common stock you purchased, acquired, and/or sold during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected, and include copies of any papers, briefs, or other documents upon which the objection is based. You must also include copies of documents demonstrating your purchases, acquisitions, and/or sales of Shoals common stock during the Class Period, including the dates and the number of shares purchased, acquired, and/or sold, and the price paid or received for each such purchase, acquisition, or sale. Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than _____,** **2026:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street Nashville, TN 37203 | ROBBINS GELLER RUDMAN & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA 92101<br><br>MOTLEY RICE LLC Attn: Christopher F. Moriarty 28 Bridgeside Boulevard Mount Pleasant, SC 29464 | LATHAM & WATKINS LLP Attn: Heather A. Waller 330 North Wabash Avenue, Suite 2800 Chicago, IL 60611<br><br>ALLEN OVERY SHEARMAN STERLING US LLP Attn: Dan Gold 2601 Olive Street, 17th Floor Dallas, TX 75201 |

---

**17. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

---

**18. When and where will the Court decide whether to approve the proposed Settlement?**

---

- 13 -

The Court will hold a Settlement Hearing at ___ _.m., on _____, **2026**, in the Courtroom of the Honorable Waverly D. Crenshaw, Jr., at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or video conference, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by telephone or video, it is important that you monitor the Court's docket or the website, www.ShoalsSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website. Accordingly, please continue to check the Settlement website for important updates.

| **19.** | **Do I have to come to the Settlement Hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **20.** | **May I speak at the Settlement Hearing?** |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Shoals Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than** _____**, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 888-808-7136 or by email at info@ShoalsSecuritiesSettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.ShoalsSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Middle District of Tennessee, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET
## SETTLEMENT FUND AMONG CLASS MEMBERS

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $70 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees, expenses, or amounts approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.ShoalsSecuritiesSettlement.com.

1. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants") based on their respective alleged economic losses resulting from violations of the

- 15 -

federal securities laws alleged in this Litigation.  The Plan of Allocation reflects Plaintiffs' damages expert's analysis undertaken to that end.  In developing the Plan of Allocation, Plaintiffs' damages expert, based on assumptions provided by Lead Counsel, calculated the estimated amount of artificial inflation in the per-share closing price of Shoals Class A common stock (the "Stock") which allegedly was proximately caused by Defendants' conduct alleged in the Complaint.  In calculating the estimated artificial inflation allegedly caused by Defendants' conduct alleged in the Complaint, Plaintiffs' damages expert considered price changes in the Stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged conduct.

2.      The calculations made pursuant to this Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making equitable allocations of the Net Settlement Fund.

3.      All purchases and acquisitions of Shoals common stock during the Class Period (May 16, 2022, through May 7, 2024, both dates inclusive) are potentially eligible for compensation based on claims asserted under the federal securities laws.[2]

4.      As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis to Authorized Claimants.

5.      In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Stock.  Plaintiffs allege that Defendants made material omissions and misrepresentations, and engaged in a scheme, which had the effect of artificially inflating the price of the Stock between May 16, 2022 and November 12, 2024, inclusive.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of the Stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

7.      For each share of the Stock purchased during the "Class Period" that runs from May 16, 2022 through May 7, 2024, inclusive, the "Inflation Amount at Purchase" will be the amount shown in the Inflation Per Share column of Table 1 for the Inflation Period that includes the date when the share was purchased; the "Inflation Amount at Sale" will be the amount shown in the Inflation Per Share column of Table 1 for the period that includes the date when the share was sold. For any share of the Stock purchased outside the Class Period, the Recognized Loss Amount will be zero.

---

[2]      Any transactions in Shoals common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

4897-7493-6221.v1

**TABLE 1: Inflation Per Share by Date**

| Inflation Period | | | Inflation Per Share |
|---|---|---|---|
| May 16, 2022 | through | August 1, 2023 | $4.98 |
| August 2, 2023 | through | February 28, 2024 | $4.47 |
| February 29, 2024 | through | May 7, 2024 | $1.78 |
| May 8, 2024 | through | November 12, 2024 | $0.76 |
| November 13, 2024 | through | February 10, 2025 | $0.00 |

8. For each share of the Stock purchased or otherwise acquired during the Class Period, the Recognized Loss Amount will be determined as follows:

     **(a)** If the share was sold on or before August 1, 2023, the Recognized Loss Amount will be $0.00;

     **(b)** If the share was sold on or after August 2, 2023, through and including November 12, 2024, the Recognized Loss Amount will be *the lesser of*: (i) the Inflation Amount at Purchase minus the Inflation Amount at Sale; and (ii) the purchase price minus the sale price; or

     **(c)** If the share was retained at the end of November 12, 2024 and sold on or before the close of Nasdaq trading on February 10, 2025, the Recognized Loss Amount will be *the least of*: (i) the Inflation Amount at Purchase; (ii) the purchase price minus the sale price; and (iii) the purchase price minus the average closing price up to the date of sale as set forth in Table 2 below.

9. If the share was retained as of the close of trading on February 10, 2025, the Recognized Loss Amount will be *the lesser of*: (i) the Inflation Amount at Purchase; and (ii) the difference between the purchase price and $4.92.[3]

10. For any share of the Stock for which adequate documentation demonstrates that the share was purchased directly in the December 2022 secondary public offering, the Recognized Loss Amount determined by ¶7 above will be multiplied by 1.25.

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of the Stock during the "90-day look-back period," November 12, 2024 through and including February 10, 2025. The mean (average) closing price for the Stock during this period was $4.92 per share (see Table 2 below).

4897-7493-6221.v1

**TABLE 2: Closing Price and Average Closing Price**

**During the PSLRA Look-Back Period**

| Date | Closing price | Average Closing Price Between November 12, 2024 and Date Shown | Date | Closing price | Average Closing Price Between November 12, 2024 and Date Shown |
|---|---|---|---|---|---|
| 11/12/2024 | 4.85 | 4.85 | 12/26/2024 | 5.44 | 4.80 |
| 11/13/2024 | 4.95 | 4.90 | 12/27/2024 | 5.64 | 4.82 |
| 11/14/2024 | 5.22 | 5.01 | 12/30/2024 | 5.64 | 4.85 |
| 11/15/2024 | 4.56 | 4.89 | 12/31/2024 | 5.53 | 4.87 |
| 11/18/2024 | 4.26 | 4.77 | 1/2/2025 | 6.05 | 4.90 |
| 11/19/2024 | 4.15 | 4.66 | 1/3/2025 | 5.93 | 4.93 |
| 11/20/2024 | 4.41 | 4.63 | 1/6/2025 | 5.98 | 4.96 |
| 11/21/2024 | 4.40 | 4.60 | 1/7/2025 | 6.24 | 4.99 |
| 11/22/2024 | 4.83 | 4.63 | 1/8/2025 | 6.00 | 5.02 |
| 11/25/2024 | 5.07 | 4.67 | 1/10/2025 | 5.89 | 5.04 |
| 11/26/2024 | 5.01 | 4.70 | 1/13/2025 | 5.85 | 5.06 |
| 11/27/2024 | 5.26 | 4.75 | 1/14/2025 | 5.68 | 5.08 |
| 11/29/2024 | 5.22 | 4.78 | 1/15/2025 | 4.54 | 5.06 |
| 12/2/2024 | 5.16 | 4.81 | 1/16/2025 | 4.67 | 5.05 |
| 12/3/2024 | 4.89 | 4.82 | 1/17/2025 | 4.63 | 5.04 |
| 12/4/2024 | 4.89 | 4.82 | 1/21/2025 | 4.62 | 5.04 |
| 12/5/2024 | 4.64 | 4.81 | 1/22/2025 | 4.29 | 5.02 |
| 12/6/2024 | 4.53 | 4.79 | 1/23/2025 | 4.67 | 5.01 |
| 12/9/2024 | 4.68 | 4.79 | 1/24/2025 | 4.73 | 5.01 |
| 12/10/2024 | 4.66 | 4.78 | 1/27/2025 | 4.56 | 5.00 |
| 12/11/2024 | 4.57 | 4.77 | 1/28/2025 | 4.41 | 4.99 |
| 12/12/2024 | 4.41 | 4.76 | 1/29/2025 | 4.60 | 4.98 |
| 12/13/2024 | 4.41 | 4.74 | 1/30/2025 | 4.69 | 4.97 |
| 12/16/2024 | 4.17 | 4.72 | 1/31/2025 | 4.78 | 4.97 |
| 12/17/2024 | 4.92 | 4.72 | 2/3/2025 | 4.54 | 4.96 |
| 12/18/2024 | 4.66 | 4.72 | 2/4/2025 | 4.64 | 4.96 |
| 12/19/2024 | 4.54 | 4.72 | 2/5/2025 | 4.57 | 4.95 |
| 12/20/2024 | 5.12 | 4.73 | 2/6/2025 | 4.60 | 4.94 |
| 12/23/2024 | 5.47 | 4.76 | 2/7/2025 | 4.39 | 4.93 |
| 12/24/2024 | 5.39 | 4.78 | 2/10/2025 | 4.38 | 4.92 |

**ADDITIONAL PROVISIONS**

11.    **Calculation of Claimant's "Recognized Claim":**  A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above.

4897-7493-6221.v1

12.     **FIFO Matching:**  If a Class Member made more than one purchase or sale of the Stock during the relevant period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis.  Sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

13.     **"Purchase/Sale" Dates:**  Purchases and sales of the Stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of the Stock in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented.  However, the receipt or grant by gift, inheritance, or operation of law of the Stock during the Class Period shall not be deemed a purchase or sale of the Stock for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of the Stock unless (i) the donor or decedent purchased the shares during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

14.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the Stock.  The date of a "short sale" is deemed to be the date of sale of the Stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.  In the event that a claimant has an opening short position in the Stock, the earliest purchases of the Stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

15.     **Stock Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to the Stock purchased or sold through the exercise of an option, the purchase/sale date of the Stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

16.     **Market Gains and Losses:**  The Claims Administrator will determine if the claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in the Stock during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the claimant's Total Purchase Amount[4] and (ii) the sum of the claimant's Total Sales Proceeds[5] and the claimant's Holding Value.[6]  If the claimant's Total

---

[4]     The "Total Purchase Amount" is the total amount the claimant paid (excluding all fees, taxes and commissions) for all shares of the Stock purchased between May 16, 2022 and May 7, 2024, inclusive.

[5]     The Claims Administrator shall match any sales of the Stock between May 16, 2022 and May 7, 2024, inclusive first against the Claimant's opening position in the Stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of the Stock sold between May 16, 2022 and May 7, 2024, inclusive is the "Total Sales Proceeds" for that class.

- 19 -

Purchase Amount *minus* the sum of the claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the claimant's Market Loss; if the number is a negative number or zero, that number will be the claimant's Market Gain.

17. If a claimant had a Market Gain with respect to his, her, or its overall transactions in the Stock during the Class Period, the value of the claimant's Recognized Claim will be zero, and the claimant will in any event be bound by the Settlement and the Stipulation. If a claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in the Stock during the Class Period but that Market Loss was less than the claimant's Recognized Claim, then the claimant's Recognized Claim will be limited to the amount of the Market Loss.

18. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share or "Distribution Amount" will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

19. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

20. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund at least nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to a non-sectarian, not for profit organization(s) identified by Lead Counsel.

21. Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Class Members, the Claims Administrator, or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.

---

[6] The Claims Administrator shall ascribe a "Holding Value" of $4.92 to each share of the Stock purchased between May 16, 2022 and May 7, 2024, inclusive, that was still held as of the close of trading on February 10, 2025.

- 20 -

Plaintiffs, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

22.     The Plan of Allocation stated herein is the Plan that is being proposed to the Court for its approval by Plaintiffs, after consultation with their damages expert.  The Court may approve this Plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on www.ShoalsSecuritiesSettlement.com.

23.     Class Members who do not submit acceptable Proofs of Claim will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Litigation unless they have timely and validly sought exclusion.

24.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member or claimant.

25.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim and Proof of Claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired Shoals common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the

- 21 -

Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free 888-808-7136, and may be downloaded from the Settlement website, www.ShoalsSecuritiesSettlement.com.

*Shoals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133

DATED:  _____          _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

4897-7493-6221.v1

# EXHIBIT 2

| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) ) ) | Civil Action No. 3:24-cv-00334 Judge Waverly D. Crenshaw, Jr. Magistrate Judge Barbara D. Holmes |
| This Document Relates To: ALL ACTIONS | ) ) ) ) ) ) | CLASS ACTION DEMAND FOR JURY TRIAL |

PROOF OF CLAIM AND RELEASE

EXHIBIT 2

## I. GENERAL INSTRUCTIONS

1.       To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page ___ hereof, sign this Proof of Claim.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.       Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.       YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2026**, ADDRESSED AS FOLLOWS:

*Shoals Securities Settlement*

---

[1]      This Proof of Claim and Release form ("Proof of Claim") incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 28, 2026 ("Stipulation"), which can be obtained at www.ShoalsSecuritiesSettlement.com.

- 1 -

Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA 90030-1133
Online Submissions:
www.ShoalsSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Class Member and you do not timely and validly request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the Releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.      If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Litigation WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM, unless you submit a timely and valid request for exclusion from the Class.  Thus, if you are a Class Member, the Judgment will release the Released Defendant Parties from all Released Plaintiffs' Claims, and you will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a Member of the Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Proof of Claim with the required documentation, your Claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the

- 2 -

Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

## II.      CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired Shoals Technologies Group, Inc. ("Shoals") common stock between May 16, 2022, and May 7, 2024, inclusive (the "Class Period" including in Shoals' December 2022 secondary public offering), and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of the Shoals common stock that forms the basis of this Claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF SHOALS COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. If you purchased or otherwise acquired Shoals common stock during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Proof of Claim to participate in the Settlement. If, however, you purchased or otherwise acquired Shoals common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Proof of Claim.

Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of Persons represented by them and their authority must accompany this Claim and their titles or capacities must be stated. Specifically, they must: (i) expressly state the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or full taxpayer identification number), address, and telephone number of

- 3 -

the beneficial owner of (or other Person or entity on whose behalf they are acting with respect to) the Shoals common stock; and (iii) furnish herewith evidence of their authority to bind to the Proof of Claim the Person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another Person's accounts.)

The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in the rejection of the Claim.

You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the Shoals common stock set forth in the "Schedule of Transactions" in Part II of this Proof of Claim. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. Neither the Parties nor the Claims Administrator independently have information about your investments in Shoals common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Proof of Claim or any supporting documents.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual

- 4 -

should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in Shoals common stock during the Class Period).

By submitting a signed Proof of Claim, you will be swearing that you: (i) own(ed) the Shoals common stock you have listed in the Proof of Claim; or (ii) are expressly authorized to act on behalf of the owner thereof.

By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

**If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Claims Administrator, c/o Verita Global at P.O. Box 301133, Los Angeles, CA 90030-1133, by email at info@shoalssecuritiessettlement.com, by toll-free phone at 888-808-7136, or you may download the documents from the Settlement website, www.ShoalsSecuritiesSettlement.com.**

## III. CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Shoals Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules,

4898-1261-1741.v2

attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of Shoals common stock that took place between May 16, 2022 and February 10, 2025, inclusive, including purchases in Shoal's December 2022 secondary public offering, whether such transactions resulted in a profit or a loss.[2]  You must also provide all of the requested information with respect to the number of shares of Shoals common stock you held at the close of trading on May 15, 2022 and February 10, 2025.  Failure to report all such transactions may result in the rejection of your Claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Shoals common stock.  The date of a "short sale" is deemed to be the date of sale of Shoals common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SHOALS COMMON STOCK SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN SHOALS COMMON STOCK**.

---

[2]  Information requested about your purchases or acquisitions on May 8, 2024 through and including the close of trading on February 10, 2025, is needed only for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases during this period are not eligible for a recovery because they are outside the Class Period.

- 6 -

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.ShoalsSecuritiesSettlement.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your Claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one Claim should be submitted for each separate legal entity, and the complete name of the beneficial owner(s) of the common stock must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The third party filer shall not be the payee of any distribution payment or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

- 7 -

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

*In re Shoals Technologies Group, Inc. Securities Litigation*

No. 3:24-cv-00334

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**_____, 2026**

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SHOALS COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA  ○ Joint Tenancy  ○ Employee  ○ Individual  ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number ___—___—___ or Taxpayer Identification Number ___—___

Telephone Number (Primary Daytime) ___—___—___  Telephone Number (Alternate) ___—___—___

Email Address

**MAILING INFORMATION**

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

- 8 -

PART II:    SCHEDULE OF TRANSACTIONS IN SHOALS COMMON STOCK

**A.    Number of shares of Shoals common stock held at the close of trading on May 15, 2022.  If none, write "0" or "zero." ___**

**B.    Purchases or acquisitions of Shoals common stock between May 16, 2022, and February 10, 2025, inclusive:**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase/Acquisition Enclosed |
|---|---|---|---|
| 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | □ Y □ N □ Y □ N □ Y □ N |
| | | | |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes: ⬤ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M    D D    Y Y Y Y        Merger Shares:            Company:
[  /  /      ]    [            ]    _____

**C.    Sales of Shoals common stock between May 16, 2022, and February 10, 2025, inclusive:**

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | □ Y □ N □ Y □ N □ Y □ N |

**D.    Number of shares of Shoals common stock held at the close of trading on February 10, 2025: _____**

Proof of Position Enclosed:   □ Yes  □ No

- 9 -

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Tennessee with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this Claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Shoals common stock during the relevant period and know of no other Person having done so on my (our) behalf.

## V.  RELEASE AND CERTIFICATION

By signing and submitting this Proof of Claim, I (We) certify, as follows:

1.  that I (we) read and understand the contents of the Notice, Stipulation, and this Proof of Claim, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.  that I (We) hereby acknowledge that, upon the Effective Date, to the fullest extent permitted by law, I (We) shall have fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties, with prejudice on the merits, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration, tribunal, or administrative forum any and all of

- 10 -

the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, and shall be deemed to have covenanted not to sue any Released Defendant Parties on the basis of the Released Plaintiffs' Claims, or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Plaintiffs' Claims against any Released Defendant Parties. This release and covenant not to sue is given regardless of whether I (We) have: (a) executed and delivered this Proof of Claim; (b) received the Postcard Notice; (c) participated in the Settlement Fund; (d) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (e) had my (our) Claims approved or allowed. Nothing contained herein shall bar any action or claim to enforce the terms of the Stipulation or the Judgment. Claims to enforce the terms of the Stipulation or the Judgment are not released. These Releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date;

3. that I understand that the capitalized terms used in the Release and this Proof of Claim are defined in the Stipulation, including that:

(a) "Released Defendant Parties" means any or all of Defendants and/or any or all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, representatives, investment bankers, claims administrators, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

- 11 -

(b)  "Released Plaintiffs' Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, indirect or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants, and any and all of their Related Parties, in any forum, that: (i) arise out of, or related in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations, or omissions that were or could have been involved, set forth, alleged or referred to in the Complaint or in any of the prior complaints; and (ii) in any way are based upon or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding, of Shoals common stock purchased or otherwise acquired during the Class Period.  Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Memorandum of Understanding or this Settlement; (ii) any derivative claims asserted on behalf of Shoals in *In re Shoals Technologies Group, Inc. Derivative Litigation*, Case No. 3:24-cv-00615 (M.D. Tenn.) and *Gipsman v. Whitaker, et al.* (Del. Ch. 2025-1401) (together, the "Derivative Actions"); (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

(c)  "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it,

- 12 -

might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, by operation of the Judgment, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the

- 13 -

Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part;

- 14 -

4.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice and on page __ of this Proof of Claim, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Notice;

5.      that I (we) have included complete and accurate information about all of my (our) transactions in Shoals common stock during the relevant period requested in this Proof of Claim;

6.      that I (we) own(ed) the Shoals common stock identified in the Proof of Claim and have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, the claim against the Released Defendant Parties to another, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

7.      that the claimant(s) has (have) not submitted any other claim covering the same purchases or acquisitions of Shoals common stock, and knows (know) of no other Person having done so on the claimant's (claimants') behalf;

8.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') Claim and for purposes of enforcing the Releases set forth herein;

9.      that I (we) agree to furnish such additional information with respect to this Proof of Claim as Lead Counsel, the Claims Administrator, or the Court may require;

10.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Proof of Claim;

11.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

12.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the claimant(s) is (are) exempt

- 15 -

from backup withholding; or (ii) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends; or (iii) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. If the IRS has notified the claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE EXECUTED THIS \_\_\_\_ DAY OF

_____  in  _____  _____

(Month/Year)  (City)  (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of Person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

- 16 -

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation.

3.      **Do not send** originals of certificates or other documentation as they will not be returned.

4.      Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.      If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send your new address to the address below.

7.      **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO
LATER THAN _____, 2026, ADDRESSED AS FOLLOWS:**

*Shoals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133
Online Submissions:
www.ShoalsSecuritiesSettlement.com

- 17 -

# EXHIBIT 3

| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 3:24-cv-00334<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |
| This Document Relates To:<br> ALL ACTIONS | ) ) ) ) ) ) | CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

SUMMARY NOTICE OF PENDENCY AND
PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT 3

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SHOALS TECHNOLOGIES GROUP, INC. ("SHOALS") COMMON STOCK BETWEEN MAY 16, 2022, AND MAY 7, 2024, INCLUSIVE (THE "CLASS PERIOD"), INCLUDING PURCHASERS OF SHOALS COMMON STOCK IN SHOALS' DECEMBER 2022 SECONDARY PUBLIC OFFERING**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Tennessee ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain Persons and entities who are excluded from the Class by definition as set forth in the Stipulation and Agreement of Settlement dated April 28, 2026 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.ShoalsSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Plaintiffs Erste Asset Management GmbH and Kissimmee Utility Authority Employees' Retirement Plan, and defendants Shoals Technologies

- 1 -

Group, Inc., Jason R. Whitaker, Jeffery Tolnar, Kevin Hubbard, Dominic Bardos, Brad Forth, Peter Wilver, Ty Daul, Toni Volpe, Lori Sundberg, Jeanette Mills, Robert Julian, Brandon Moss, Dean Solon (the "Individual Defendants"), J.P. Morgan Securities LLC, Guggenheim Securities, LLC, Morgan Stanley & Co. LLC, UBS Securities LLC, Goldman Sachs & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Cowen and Company, LLC, Oppenheimer & Co. Inc., Piper Sandler & Co., Roth Capital Partners, LLC, Johnson Rice & Company L.L.C., and Northland Securities, Inc. (the "Underwriter Defendants") (collectively, "Defendants"), have reached a proposed settlement of the Litigation on behalf of the Class for $70 million in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Litigation.

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on _____, 2026, at __:__ _.m., before the Honorable Waverly D. Crenshaw, Jr. at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203, to determine whether: (1) the proposed Settlement of the Litigation as set forth in the Stipulation for $70 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.ShoalsSecuritiesSettlement.com, before making any

- 2 -

plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED SHOALS COMMON STOCK BETWEEN MAY 16, 2022, AND MAY 7, 2024, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than        , 2026)** or electronically via the Settlement website **(no later than      , 2026)**. Failure to submit your Proof of Claim by    , 2026, will subject your Claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation. If you are a Class Member and do not timely and validly request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.ShoalsSecuritiesSettlement.com, or by writing to or calling:

- 3 -

*Shoals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA 90030-1133
Telephone: 888-808-7136

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead

Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800-449-4900
settlementinfo@rgrdlaw.com

MOTLEY RICE LLC
Christopher F. Moriarty
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: 843-216-9000
cmoriarty@motleyrice.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A

REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED OR RECEIVED BY**

            **, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF

YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND

BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE

LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT.

EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW

YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST

DEFENDANTS CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

- 4 -

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND/OR THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $70 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $650,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4).  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

4917-1453-3021.v2

# EXHIBIT 4

**LEGAL NOTICE**

*In re Shoals Technologies Group, Inc. Securities Litigation*
No. 3:24-cv-00334 (M.D. Tenn.)
c/o Verita Global
P.O. Box 301133
Los Angeles, CA 90030-1133

www.ShoalsSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment. This notice may affect your legal rights.

Please read this notice carefully.

**[INCLUDE BARCODE FOR WEBSITE]**

- 1 -

If you purchased Shoals Technologies Group, Inc. ("Shoals") common stock between May 16, 2022, and May 7, 2024, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on _____, 2026, at __:__ _.m., at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203, ("Settlement Hearing"), before the Honorable Waverly D. Crenshaw, Jr., to determine whether the proposed Settlement of the Litigation against Defendants for $70 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Litigation should be dismissed with prejudice against Defendants, as set forth in the Stipulation and Agreement of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 30% of the Settlement Amount, and expenses not to exceed $650,000, plus interest on both amounts, and awards to Plaintiffs not to exceed $40,000 pursuant to 15 U.S.C. §78u-4(a)(4) in the aggregate, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, the Defendants misled investors by making materially false and misleading statements and failing to disclose material information, which permitted Shoals to conduct a secondary stock offering in December 2022 and caused Shoals' common stock to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing Shoals' common stock price to fall. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and instructions on how to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.ShoalsSecuritiesSettlement.com ("Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Shoals Securities Settlement*, c/o Verita Global, P.O. Box 301133, Los Angeles, CA 90030-1130, or (ii) toll-free call: 888-808-7136.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2026. Your *pro rata* share of the Settlement will depend on the number of valid claims, and the number, size, and timing of your transactions in Shoals common stock. The estimated average distribution per share of Shoals common stock is approximately $0.34, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form, unless you timely and validly exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you are a Class Member and do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, and/or request for an

- 2 -

Case 3:24-cv-00334    Document 139-2    Filed 04/28/26    Page 64 of 65 PageID #: 3475

award of attorneys' fees and expenses and awards to Plaintiffs no later than _____, 2026.  The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Plaintiffs and the Class are represented by Lead Counsel:  Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com and Christopher F. Moriarty, Motley Rice LLC, 28 Bridgeside Boulevard, Mount Pleasant, SC  29464, 843-216-9000, cmoriarty@motleyrice.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.

- 3 -