# EXHIBIT A-1

| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) ) ) | Civil Action No. 3:24-cv-00334<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |
| This Document Relates To:<br>ALL ACTIONS | ) ) ) ) ) ) | CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SHOALS TECHNOLOGIES GROUP, INC. ("SHOALS" OR THE "COMPANY") COMMON STOCK BETWEEN MAY 16, 2022, AND MAY 7, 2024, INCLUSIVE (THE "CLASS PERIOD"), INCLUDING PURCHASERS OF SHOALS COMMON STOCK IN SHOALS' DECEMBER 2022 SECONDARY PUBLIC OFFERING**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.SHOALSSECURITIESSETTLEMENT.COM) ON OR BEFORE              , 2026.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Tennessee (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Erste Asset Management GmbH and Kissimmee Utility Authority Employees' Retirement Plan ("Plaintiffs") and Shoals, Jason R. Whitaker, Jeffery Tolnar, Kevin Hubbard, Dominic Bardos, Brad Forth, Peter Wilver, Ty Daul, Toni Volpe, Lori Sundberg, Jeanette Mills, Robert Julian, Brandon Moss, Dean Solon (the "Individual Defendants"), J.P. Morgan Securities LLC, Guggenheim Securities, LLC, Morgan Stanley & Co. LLC, UBS Securities LLC, Goldman Sachs & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Cowen and Company, LLC, Oppenheimer & Co. Inc., Piper Sandler & Co., Roth Capital Partners, LLC, Johnson Rice & Company L.L.C., and Northland

- 1 -

Securities, Inc. (the "Underwriter Defendants") (collectively, "Defendants"); (ii) the proposed $70 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation and Agreement of Settlement dated April 28, 2026 (the "Stipulation"), by and between Plaintiffs and Defendants (the "Parties" or "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before _____, 2026.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked or received on or before _____, 2026.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before _____, 2026. If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON _____, 2026, AT _:_ _.M., AND FILE A** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, including awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4). **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before _____, 2026.** |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.ShoalsSecuritiesSettlement.com.

4897-7493-6221.v1

| NOTICE OF INTENTION TO APPEAR | |
|---|---|
| DO NOTHING | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $70 million cash settlement fund has been established. Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of Shoals common stock under the Plan of Allocation is approximately $0.34, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. Please see the Plan of Allocation set forth and discussed at pages ___ through ____ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Shoals common stock was allegedly artificially inflated (if at all) during the relevant period; and (4) the amount, if any, by which the price of Shoals common stock was allegedly artificially inflated (if at all) during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees not to exceed 30% of the Settlement

- 3 -

Amount, plus expenses not to exceed $650,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may request awards not to exceed $40,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. If the amounts requested are approved by the Court, the average cost per Shoals common share will be approximately $0.11.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 888-808-7136, or visit the website, www.ShoalsSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com or Christopher F. Moriarty, Motley Rice LLC, 28 Bridgeside Boulevard, Mount Pleasant, SC 29464, 843-216-9000, cmoriarty@motleyrice.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. What is the purpose of this Notice? |
|---|

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Middle District of Tennessee, and the case is known as *In re Shoals Technologies Group, Inc. Securities Litigation*, Civil Action No. 3:24-cv-00334. The case has been assigned to the Honorable Waverly

- 4 -

D. Crenshaw, Jr. The entities representing the Class are the "Plaintiffs," and the companies and individuals they sued and who have now settled are called the "Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| 2. | What is this lawsuit about? |
|---|---|

The Allegations

The Litigation is a securities class action in which Plaintiffs allege that Defendants made materially false and misleading statements and omissions in certain of Shoals' SEC filings and other public disclosures. The Complaint asserts claims under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and Sections 11 and 15 of the Securities Act of 1933.

Defendants have denied, and continue to deny, each and all of the claims and allegations of wrongdoing, fault, or liability asserted in the Litigation. Defendants contend, among other things, that the challenged statements were not false or misleading, that they acted in good faith, and that Plaintiffs did not suffer damages as a result of any alleged conduct. The Court has not made any determination as to the merits of the claims or defenses in this Litigation. This Notice is not intended to be an expression or opinion by the Court with respect to the truth of the allegations in the action or the merits of the claims or defenses asserted. This Notice is solely to advise you of the proposed settlement of this action and your rights in connection with that settlement.

Procedural History

The Litigation is currently pending before Judge Waverly D. Crenshaw, Jr. in the United States District Court for the Middle District of Tennessee (the "Court"). The initial complaint in the Litigation was filed on March 21, 2024. On October 2, 2024, the Court appointed Erste Asset Management GmbH as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP and Motley Rice LLC as Lead Counsel.

On February 4, 2025, Plaintiffs filed their Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint"). On February 18, 2025, Defendants filed their motion to dismiss the Complaint, and Plaintiffs filed their opposition to the motion on April 21, 2025. Defendants filed their reply brief on June 5, 2025, and a Notice of Supplemental Authority on July 7, 2025. On July 25, 2025, Plaintiffs filed a response to the Notice of Supplemental Authority. On September 30, 2025, the Court issued an order granting in part and denying in part the motion to dismiss. Defendants answered the Complaint on November 13, 2025.

On October 17, 2025, the Parties filed their [Proposed] Joint Case Management Order, and on October 31, 2025 and November 5, 2025, Magistrate Judge Newbern held status conferences with the Parties. On November 11, 2025, the Parties filed their [Proposed] Revised Joint Initial Case Management Order.

- 5 -

On December 12, 2025, Plaintiffs filed a motion to reassign the Litigation to Judge Campbell, which motion was granted on December 15, 2025. Judge Campbell held a status conference on January 6, 2026. The case was reassigned to this Court on March 4, 2026.

Plaintiffs filed their motion for class certification on January 21, 2026. The motion remains pending.

Plaintiffs and Defendants participated in a voluntary confidential mediation session with Miles Ruthberg (of Phillips ADR), an experienced mediator, on December 3, 2025. The mediation session was preceded by the submission and exchange of opening and reply mediation statements by both Plaintiffs and Defendants. The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session. A second mediation was held on January 22, 2026, and a third on February 27, 2026. The Parties exchanged and provided to Mr. Ruthberg additional mediation materials in advance of the January 22, 2026 session. Following additional settlement discussions with Mr. Ruthberg, on March 9, 2026, the Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $70 million to be paid by or on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a negotiated Memorandum of Understanding that the Parties executed on March 12, 2026, and subject to negotiation of the terms of a stipulation of settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation. Defendants have denied, and continue to deny, each and all of the claims alleged by Plaintiffs and any allegations of wrongdoing, liability, or damages.

If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other Members of the Class would recover anything from Defendants. Also, if Defendants proved any of their defenses at summary judgment, trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

**WHO IS IN THE SETTLEMENT**

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Shoals common stock between May 16, 2022, and May 7, 2024, inclusive, including purchasers in Shoals' December 2022 secondary public offering, and were allegedly harmed thereby. Excluded from the Class are: Defendants, the immediate families of the Individual Defendants, the officers and directors of the Company and members of their immediate families, and the Underwriter Defendants, at all relevant times, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. For the avoidance of doubt, any "Investment Vehicle" shall not be excluded from the Class. "Investment

- 6 -

Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee-benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest, or as to which any Underwriter Defendant or any of its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity (other than where the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendants' or its affiliates' ownership or interest); provided, however, that membership in the Class by such entity is limited to transactions in Shoals common stock made on behalf of, or for the benefit of, Persons other than Persons that are specifically excluded from the Class by definition. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

**Please Note**: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2026.

| **5.** | **What if I am still not sure if l am included in the Class?** |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at 888-808-7136, or you can fill out and return the Proof of Claim to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| **6.** | **What does the Settlement provide?** |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $70 million in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation and who would receive at least $10.00. The Plan of Allocation is described in more detail at the end of this Notice.

| **7.** | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| **8.** | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.ShoalsSecuritiesSettlement.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Shoals Securities Settlement*, c/o Verita Global, Claims Administrator, P.O. Box 301133, Los Angeles, CA 90030-1133) **or submit it online at www.ShoalsSecuritiesSettlement.com so that it is postmarked or received no later than _____, 2026**.

| 9. | When will I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2026, at _____ .m.,** to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, indirect or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants, and any and all of their Related Parties, in any forum, that: (i) arise out of, or related in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations, or omissions that were or could have been involved, set forth, alleged, or referred to in the Complaint or in any of the prior complaints; and (ii) in any way are based upon or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding, of Shoals common stock purchased or otherwise acquired during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Memorandum of Understanding or this Settlement; (ii) any derivative claims asserted on behalf of Shoals in *In re Shoals Technologies Group, Inc. Derivative Litigation*, Case No. 3:24-cv-00615 (M.D. Tenn.) and *Gipsman v. Whitaker, et al.* (Del. Ch. 2025-1401) (together, the "Derivative Actions"); (iii) any claims arising out of ERISA; or

- 8 -

(iv) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and/or any or all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, representatives, investment bankers, claims administrators, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Plaintiffs, their respective attorneys, and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, related entities and attorneys; and the predecessors, successors, estates, estate managers, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected,

- 9 -

undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, by operation of the Judgment, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally,

- 10 -

and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If timely and valid requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| **11.** | **How do I get out of the Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Shoals Securities Settlement*." Your letter must include your purchases, acquisitions, and sales of Shoals common stock during the Class Period, including the dates and number of shares of Shoals common stock you purchased, acquired, and/or sold, and the price paid for each such purchase and acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked or received no later than _____, 2026** to:

*Shoals Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you properly exclude yourself, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this

- 11 -

lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2026.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and/or the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Motley Rice LLC represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees not to exceed 30% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $650,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek awards not to exceed $40,000 in the aggregate in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Shoals Securities Settlement*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s),

- 12 -

price(s), and number of shares of Shoals common stock you purchased, acquired, and/or sold during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected, and include copies of any papers, briefs, or other documents upon which the objection is based.  You must also include copies of documents demonstrating your purchases, acquisitions, and/or sales of Shoals common stock during the Class Period, including the dates and the number of shares purchased, acquired, and/or sold, and the price paid or received for each such purchase, acquisition, or sale.  Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than _____, 2026:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street Nashville, TN 37203 | ROBBINS GELLER RUDMAN   & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA  92101<br><br>MOTLEY RICE LLC Attn: Christopher F. Moriarty 28 Bridgeside Boulevard Mount Pleasant, SC  29464 | LATHAM & WATKINS LLP Attn: Heather A. Waller 330 North Wabash Avenue, Suite 2800 Chicago, IL  60611<br><br>ALLEN OVERY SHEARMAN   STERLING US LLP Attn: Dan Gold 2601 Olive Street, 17th Floor Dallas, TX  75201 |

---

**17.     What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Defendants and the other Released Defendant Parties.  If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend the hearing and speak, but you do not have to.

---

**18.     When and where will the Court decide whether to approve the proposed Settlement?**

- 13 -

The Court will hold a Settlement Hearing at ___ _.m., on _____, **2026**, in the Courtroom of the Honorable Waverly D. Crenshaw, Jr., at the United States District Court, Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or video conference, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by telephone or video, it is important that you monitor the Court's docket or the website, www.ShoalsSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website. Accordingly, please continue to check the Settlement website for important updates.

| **19.** | **Do I have to come to the Settlement Hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **20.** | **May I speak at the Settlement Hearing?** |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Shoals Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than** _____**, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

4897-7493-6221.v1

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 888-808-7136 or by email at info@ShoalsSecuritiesSettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.ShoalsSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Middle District of Tennessee, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET
## SETTLEMENT FUND AMONG CLASS MEMBERS

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $70 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees, expenses, or amounts approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.ShoalsSecuritiesSettlement.com.

1. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants") based on their respective alleged economic losses resulting from violations of the

- 15 -

federal securities laws alleged in this Litigation. The Plan of Allocation reflects Plaintiffs' damages expert's analysis undertaken to that end. In developing the Plan of Allocation, Plaintiffs' damages expert, based on assumptions provided by Lead Counsel, calculated the estimated amount of artificial inflation in the per-share closing price of Shoals Class A common stock (the "Stock") which allegedly was proximately caused by Defendants' conduct alleged in the Complaint. In calculating the estimated artificial inflation allegedly caused by Defendants' conduct alleged in the Complaint, Plaintiffs' damages expert considered price changes in the Stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged conduct.

2. The calculations made pursuant to this Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making equitable allocations of the Net Settlement Fund.

3. All purchases and acquisitions of Shoals common stock during the Class Period (May 16, 2022, through May 7, 2024, both dates inclusive) are potentially eligible for compensation based on claims asserted under the federal securities laws.[2]

4. As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis to Authorized Claimants.

5. In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the Stock. Plaintiffs allege that Defendants made material omissions and misrepresentations, and engaged in a scheme, which had the effect of artificially inflating the price of the Stock between May 16, 2022 and November 12, 2024, inclusive.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of the Stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

7. For each share of the Stock purchased during the "Class Period" that runs from May 16, 2022 through May 7, 2024, inclusive, the "Inflation Amount at Purchase" will be the amount shown in the Inflation Per Share column of Table 1 for the Inflation Period that includes the date when the share was purchased; the "Inflation Amount at Sale" will be the amount shown in the Inflation Per Share column of Table 1 for the period that includes the date when the share was sold. For any share of the Stock purchased outside the Class Period, the Recognized Loss Amount will be zero.

---

[2] Any transactions in Shoals common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

4897-7493-6221.v1

**TABLE 1: Inflation Per Share by Date**

| Inflation Period | | | Inflation Per Share |
|---|---|---|---|
| May 16, 2022 | through | August 1, 2023 | $4.98 |
| August 2, 2023 | through | February 28, 2024 | $4.47 |
| February 29, 2024 | through | May 7, 2024 | $1.78 |
| May 8, 2024 | through | November 12, 2024 | $0.76 |
| November 13, 2024 | through | February 10, 2025 | $0.00 |

8. For each share of the Stock purchased or otherwise acquired during the Class Period, the Recognized Loss Amount will be determined as follows:

(a) If the share was sold on or before August 1, 2023, the Recognized Loss Amount will be $0.00;

(b) If the share was sold on or after August 2, 2023, through and including November 12, 2024, the Recognized Loss Amount will be *the lesser of*: (i) the Inflation Amount at Purchase minus the Inflation Amount at Sale; and (ii) the purchase price minus the sale price; or

(c) If the share was retained at the end of November 12, 2024 and sold on or before the close of Nasdaq trading on February 10, 2025, the Recognized Loss Amount will be *the least of*: (i) the Inflation Amount at Purchase; (ii) the purchase price minus the sale price; and (iii) the purchase price minus the average closing price up to the date of sale as set forth in Table 2 below.

9. If the share was retained as of the close of trading on February 10, 2025, the Recognized Loss Amount will be *the lesser of*: (i) the Inflation Amount at Purchase; and (ii) the difference between the purchase price and $4.92.[3]

10. For any share of the Stock for which adequate documentation demonstrates that the share was purchased directly in the December 2022 secondary public offering, the Recognized Loss Amount determined by ¶7 above will be multiplied by 1.25.

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of the Stock during the "90-day look-back period," November 12, 2024 through and including February 10, 2025. The mean (average) closing price for the Stock during this period was $4.92 per share (see Table 2 below).

- 17 -

**TABLE 2: Closing Price and Average Closing Price**

**During the PSLRA Look-Back Period**

| Date | Closing price | Average Closing Price Between November 12, 2024 and Date Shown | Date | Closing price | Average Closing Price Between November 12, 2024 and Date Shown |
|---|---|---|---|---|---|
| 11/12/2024 | 4.85 | 4.85 | 12/26/2024 | 5.44 | 4.80 |
| 11/13/2024 | 4.95 | 4.90 | 12/27/2024 | 5.64 | 4.82 |
| 11/14/2024 | 5.22 | 5.01 | 12/30/2024 | 5.64 | 4.85 |
| 11/15/2024 | 4.56 | 4.89 | 12/31/2024 | 5.53 | 4.87 |
| 11/18/2024 | 4.26 | 4.77 | 1/2/2025 | 6.05 | 4.90 |
| 11/19/2024 | 4.15 | 4.66 | 1/3/2025 | 5.93 | 4.93 |
| 11/20/2024 | 4.41 | 4.63 | 1/6/2025 | 5.98 | 4.96 |
| 11/21/2024 | 4.40 | 4.60 | 1/7/2025 | 6.24 | 4.99 |
| 11/22/2024 | 4.83 | 4.63 | 1/8/2025 | 6.00 | 5.02 |
| 11/25/2024 | 5.07 | 4.67 | 1/10/2025 | 5.89 | 5.04 |
| 11/26/2024 | 5.01 | 4.70 | 1/13/2025 | 5.85 | 5.06 |
| 11/27/2024 | 5.26 | 4.75 | 1/14/2025 | 5.68 | 5.08 |
| 11/29/2024 | 5.22 | 4.78 | 1/15/2025 | 4.54 | 5.06 |
| 12/2/2024 | 5.16 | 4.81 | 1/16/2025 | 4.67 | 5.05 |
| 12/3/2024 | 4.89 | 4.82 | 1/17/2025 | 4.63 | 5.04 |
| 12/4/2024 | 4.89 | 4.82 | 1/21/2025 | 4.62 | 5.04 |
| 12/5/2024 | 4.64 | 4.81 | 1/22/2025 | 4.29 | 5.02 |
| 12/6/2024 | 4.53 | 4.79 | 1/23/2025 | 4.67 | 5.01 |
| 12/9/2024 | 4.68 | 4.79 | 1/24/2025 | 4.73 | 5.01 |
| 12/10/2024 | 4.66 | 4.78 | 1/27/2025 | 4.56 | 5.00 |
| 12/11/2024 | 4.57 | 4.77 | 1/28/2025 | 4.41 | 4.99 |
| 12/12/2024 | 4.41 | 4.76 | 1/29/2025 | 4.60 | 4.98 |
| 12/13/2024 | 4.41 | 4.74 | 1/30/2025 | 4.69 | 4.97 |
| 12/16/2024 | 4.17 | 4.72 | 1/31/2025 | 4.78 | 4.97 |
| 12/17/2024 | 4.92 | 4.72 | 2/3/2025 | 4.54 | 4.96 |
| 12/18/2024 | 4.66 | 4.72 | 2/4/2025 | 4.64 | 4.96 |
| 12/19/2024 | 4.54 | 4.72 | 2/5/2025 | 4.57 | 4.95 |
| 12/20/2024 | 5.12 | 4.73 | 2/6/2025 | 4.60 | 4.94 |
| 12/23/2024 | 5.47 | 4.76 | 2/7/2025 | 4.39 | 4.93 |
| 12/24/2024 | 5.39 | 4.78 | 2/10/2025 | 4.38 | 4.92 |

**ADDITIONAL PROVISIONS**

11. **Calculation of Claimant's "Recognized Claim":** A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above.

4897-7493-6221.v1

12.     **FIFO Matching:**  If a Class Member made more than one purchase or sale of the Stock during the relevant period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis.  Sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

13.     **"Purchase/Sale" Dates:**  Purchases and sales of the Stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of the Stock in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented.  However, the receipt or grant by gift, inheritance, or operation of law of the Stock during the Class Period shall not be deemed a purchase or sale of the Stock for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of the Stock unless (i) the donor or decedent purchased the shares during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

14.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase of the Stock.  The date of a "short sale" is deemed to be the date of sale of the Stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.  In the event that a claimant has an opening short position in the Stock, the earliest purchases of the Stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

15.     **Stock Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to the Stock purchased or sold through the exercise of an option, the purchase/sale date of the Stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

16.     **Market Gains and Losses:**  The Claims Administrator will determine if the claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in the Stock during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the claimant's Total Purchase Amount[4] and (ii) the sum of the claimant's Total Sales Proceeds[5] and the claimant's Holding Value.[6]  If the claimant's Total

---

[4]     The "Total Purchase Amount" is the total amount the claimant paid (excluding all fees, taxes and commissions) for all shares of the Stock purchased between May 16, 2022 and May 7, 2024, inclusive.

[5]     The Claims Administrator shall match any sales of the Stock between May 16, 2022 and May 7, 2024, inclusive first against the Claimant's opening position in the Stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of the Stock sold between May 16, 2022 and May 7, 2024, inclusive is the "Total Sales Proceeds" for that class.

- 19 -

Purchase Amount *minus* the sum of the claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the claimant's Market Loss; if the number is a negative number or zero, that number will be the claimant's Market Gain.

17.     If a claimant had a Market Gain with respect to his, her, or its overall transactions in the Stock during the Class Period, the value of the claimant's Recognized Claim will be zero, and the claimant will in any event be bound by the Settlement and the Stipulation.  If a claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in the Stock during the Class Period but that Market Loss was less than the claimant's Recognized Claim, then the claimant's Recognized Claim will be limited to the amount of the Market Loss.

18.     **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share or "Distribution Amount" will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

19.     No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

20.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund at least nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to a non-sectarian, not for profit organization(s) identified by Lead Counsel.

21.     Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Class Members, the Claims Administrator, or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.

---

[6]     The Claims Administrator shall ascribe a "Holding Value" of $4.92 to each share of the Stock purchased between May 16, 2022 and May 7, 2024, inclusive, that was still held as of the close of trading on February 10, 2025.

- 20 -

Plaintiffs, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

22.     The Plan of Allocation stated herein is the Plan that is being proposed to the Court for its approval by Plaintiffs, after consultation with their damages expert.  The Court may approve this Plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on www.ShoalsSecuritiesSettlement.com.

23.     Class Members who do not submit acceptable Proofs of Claim will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Litigation unless they have timely and validly sought exclusion.

24.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member or claimant.

25.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim and Proof of Claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired Shoals common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the

- 21 -

Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free 888-808-7136, and may be downloaded from the Settlement website, www.ShoalsSecuritiesSettlement.com.

*Shoals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133

DATED:  _____          _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

- 22 -