# EXHIBIT A-2

| | | |
|---|---|---|
| In re SHOALS TECHNOLOGIES GROUP, INC. SECURITIES LITIGATION | ) ) ) ) ) | Civil Action No. 3:24-cv-00334 Judge Waverly D. Crenshaw, Jr. Magistrate Judge Barbara D. Holmes |
| This Document Relates To: ALL ACTIONS | ) ) ) ) ) ) | CLASS ACTION DEMAND FOR JURY TRIAL |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.  GENERAL INSTRUCTIONS

1.      To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page ___ hereof, sign this Proof of Claim.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2026**, ADDRESSED AS FOLLOWS:

*Shoals Securities Settlement*

---

[1]      This Proof of Claim and Release form ("Proof of Claim") incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 28, 2026 ("Stipulation"), which can be obtained at www.ShoalsSecuritiesSettlement.com.

- 1 -

Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133
Online Submissions:
www.ShoalsSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.     If you are a Class Member and you do not timely and validly request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the Releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.     If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Litigation WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM, unless you submit a timely and valid request for exclusion from the Class.  Thus, if you are a Class Member, the Judgment will release the Released Defendant Parties from all Released Plaintiffs' Claims, and you will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

6.     You are eligible to participate in the distribution of the Net Settlement Fund only if you are a Member of the Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Proof of Claim with the required documentation, your Claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.     Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the

4898-1261-1741.v2

Case 3:24-cv-00334     Document 140-3     Filed 04/28/26     Page 3 of 18 PageID #: 3563

Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

## II.     CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired Shoals Technologies Group, Inc. ("Shoals") common stock between May 16, 2022, and May 7, 2024, inclusive (the "Class Period" including in Shoals' December 2022 secondary public offering), and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of the Shoals common stock that forms the basis of this Claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF SHOALS COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. If you purchased or otherwise acquired Shoals common stock during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Proof of Claim to participate in the Settlement. If, however, you purchased or otherwise acquired Shoals common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Proof of Claim.

Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of Persons represented by them and their authority must accompany this Claim and their titles or capacities must be stated. Specifically, they must: (i) expressly state the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or full taxpayer identification number), address, and telephone number of

- 3 -

the beneficial owner of (or other Person or entity on whose behalf they are acting with respect to) the Shoals common stock; and (iii) furnish herewith evidence of their authority to bind to the Proof of Claim the Person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another Person's accounts.)

The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in the rejection of the Claim.

You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the Shoals common stock set forth in the "Schedule of Transactions" in Part II of this Proof of Claim. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. Neither the Parties nor the Claims Administrator independently have information about your investments in Shoals common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Proof of Claim or any supporting documents.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual

4898-1261-1741.v2

should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in Shoals common stock during the Class Period).

By submitting a signed Proof of Claim, you will be swearing that you: (i) own(ed) the Shoals common stock you have listed in the Proof of Claim; or (ii) are expressly authorized to act on behalf of the owner thereof.

By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

**If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Claims Administrator, c/o Verita Global at P.O. Box 301133, Los Angeles, CA 90030-1133, by email at info@shoalssecuritiessettlement.com, by toll-free phone at 888-808-7136, or you may download the documents from the Settlement website, www.ShoalsSecuritiesSettlement.com.**

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Shoals Common Stock" to supply all required details of your transaction(s).  If you need more space or additional schedules,

- 5 -

attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of Shoals common stock that took place between May 16, 2022 and February 10, 2025, inclusive, including purchases in Shoal's December 2022 secondary public offering, whether such transactions resulted in a profit or a loss.[2] You must also provide all of the requested information with respect to the number of shares of Shoals common stock you held at the close of trading on May 15, 2022 and February 10, 2025. Failure to report all such transactions may result in the rejection of your Claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Shoals common stock. The date of a "short sale" is deemed to be the date of sale of Shoals common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SHOALS COMMON STOCK SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN SHOALS COMMON STOCK**.

---

[2] Information requested about your purchases or acquisitions on May 8, 2024 through and including the close of trading on February 10, 2025, is needed only for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period are not eligible for a recovery because they are outside the Class Period.

- 6 -

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.ShoalsSecuritiesSettlement.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your Claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one Claim should be submitted for each separate legal entity, and the complete name of the beneficial owner(s) of the common stock must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The third party filer shall not be the payee of any distribution payment or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

*In re Shoals Technologies Group, Inc. Securities Litigation*

No. 3:24-cv-00334

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**＿＿＿＿＿, 2026**

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SHOALS COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.

**PART I: CLAIMANT IDENTIFICATION**

Last Name ____  M.I. __  First Name ____

Last Name (Co-Beneficial Owner) ____  M.I. __  First Name (Co-Beneficial Owner) ____

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other ____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA ____

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above) ____

Account#/Fund# (Not Necessary for Individual Filers) ____

Social Security Number ___ — __ — ____  or  Taxpayer Identification Number __ — _____

Telephone Number (Primary Daytime) ___ — ___ — ____  Telephone Number (Alternate) ___ — ___ — ____

Email Address ____

**MAILING INFORMATION**

Address ____

Address ____

City ____  State __  Zip Code ____

Foreign Province ____  Foreign Postal Code ____  Foreign Country Name/Abbreviation ____

- 8 -

PART II:    SCHEDULE OF TRANSACTIONS IN SHOALS COMMON STOCK

**A.    Number of shares of Shoals common stock held at the close of trading on May 15, 2022.  If none, write "0" or "zero." ___**

**B.    Purchases or acquisitions of Shoals common stock between May 16, 2022, and February 10, 2025, inclusive:**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase/Acquisition Enclosed |
|---|---|---|---|
| 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | □ Y □ N □ Y □ N □ Y □ N |
| | | | |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes: ⚪ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M    D D    Y Y Y Y         Merger Shares:              Company:
[ ][ ] / [ ][ ] / [ ][ ][ ][ ]    [ ][ ][ ][ ][ ][ ][ ][ ][ ]    _____

**C.    Sales of Shoals common stock between May 16, 2022, and February 10, 2025, inclusive:**

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | □ Y □ N □ Y □ N □ Y □ N |

**D.    Number of shares of Shoals common stock held at the close of trading on February 10, 2025: _____**

Proof of Position Enclosed:   □ Yes  □ No

- 9 -

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Tennessee with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this Claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Shoals common stock during the relevant period and know of no other Person having done so on my (our) behalf.

## V. RELEASE AND CERTIFICATION

By signing and submitting this Proof of Claim, I (We) certify, as follows:

1. that I (we) read and understand the contents of the Notice, Stipulation, and this Proof of Claim, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that I (We) hereby acknowledge that, upon the Effective Date, to the fullest extent permitted by law, I (We) shall have fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties, with prejudice on the merits, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration, tribunal, or administrative forum any and all of

- 10 -

the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, and shall be deemed to have covenanted not to sue any Released Defendant Parties on the basis of the Released Plaintiffs' Claims, or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Plaintiffs' Claims against any Released Defendant Parties. This release and covenant not to sue is given regardless of whether I (We) have: (a) executed and delivered this Proof of Claim; (b) received the Postcard Notice; (c) participated in the Settlement Fund; (d) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (e) had my (our) Claims approved or allowed. Nothing contained herein shall bar any action or claim to enforce the terms of the Stipulation or the Judgment. Claims to enforce the terms of the Stipulation or the Judgment are not released. These Releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date;

3.      that I understand that the capitalized terms used in the Release and this Proof of Claim are defined in the Stipulation, including that:

(a)      "Released Defendant Parties" means any or all of Defendants and/or any or all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, representatives, investment bankers, claims administrators, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

- 11 -

(b) "Released Plaintiffs' Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, indirect or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendants, and any and all of their Related Parties, in any forum, that: (i) arise out of, or related in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations, or omissions that were or could have been involved, set forth, alleged or referred to in the Complaint or in any of the prior complaints; and (ii) in any way are based upon or related to, directly or indirectly, the purchase or sale or other acquisition or disposition, or holding, of Shoals common stock purchased or otherwise acquired during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Memorandum of Understanding or this Settlement; (ii) any derivative claims asserted on behalf of Shoals in *In re Shoals Technologies Group, Inc. Derivative Litigation*, Case No. 3:24-cv-00615 (M.D. Tenn.) and *Gipsman v. Whitaker, et al.* (Del. Ch. 2025-1401) (together, the "Derivative Actions"); (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

(c) "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it,

- 12 -

might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, by operation of the Judgment, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the

- 13 -

Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part;

- 14 -

4.	that the claimant(s) is a (are) Class Member(s), as defined in the Notice and on page __ of this Proof of Claim, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Notice;

5.	that I (we) have included complete and accurate information about all of my (our) transactions in Shoals common stock during the relevant period requested in this Proof of Claim;

6.	that I (we) own(ed) the Shoals common stock identified in the Proof of Claim and have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, the claim against the Released Defendant Parties to another, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

7.	that the claimant(s) has (have) not submitted any other claim covering the same purchases or acquisitions of Shoals common stock, and knows (know) of no other Person having done so on the claimant's (claimants') behalf;

8.	that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') Claim and for purposes of enforcing the Releases set forth herein;

9.	that I (we) agree to furnish such additional information with respect to this Proof of Claim as Lead Counsel, the Claims Administrator, or the Court may require;

10.	that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Proof of Claim;

11.	that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

12.	that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the claimant(s) is (are) exempt

- 15 -

from backup withholding; or (ii) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends; or (iii) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. If the IRS has notified the claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE EXECUTED THIS \_\_\_\_ DAY OF

_____ in _____ _____

(Month/Year) (City) (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of Person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

- 16 -

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation.

3.      **Do not send** originals of certificates or other documentation as they will not be returned.

4.      Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.      If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send your new address to the address below.

7.      **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO
LATER THAN _____, 2026, ADDRESSED AS FOLLOWS:**

*Shoals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301133
Los Angeles, CA  90030-1133
Online Submissions:
www.ShoalsSecuritiesSettlement.com

- 17 -

4898-1261-1741.v2